# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM et al., *Plaintiffs*, v. CORNELL UNIVERSITY et al., *Defendants*. | Civil Action No. 1:16-cv-06525-PKC<br><br>Hon. P. Kevin Castel |

## CORNELL DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Defendants Cornell University, the Retirement Plan Oversight Committee, and Mary G. Opperman (collectively, the "Cornell Defendants") submit this Notice of Supplemental Authority to bring to the Court's attention a recent decision in *White v. Chevron Corp.*, No. 16-cv-0793-PJH (N.D. Cal. May 31, 2017), attached hereto as Exhibit A. Although outside the realm of binding authority, that decision dismissed the amended complaint in that case with prejudice on grounds similar to the grounds advocated by the Cornell Defendants in this case, citing at least one case that does have precedential effect in this jurisdiction. For the reasons discussed below, the *White* decision supports the Cornell Defendants' arguments that the amended complaint here must likewise be dismissed.

*First, White* emphasizes that the measure of prudence under ERISA is the fiduciary's "conduct," not its "results"; the inquiry looks to whether the fiduciary "employed the appropriate methods to investigate and determine the merits of a particular investment." Ex. A at 8 (quoting *PBGC ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 716 (2d Cir. 2013)). The court therefore dismissed numerous claims on the ground that plaintiffs had failed to raise plausible allegations that the fiduciary employed a defi-

cient process for evaluating investments. *See, e.g.*, *id.* at 17, 19, 23, 25. Plaintiffs here suffer the same failure (*e.g.*, Dkt. 72, at 4-5), and their claims should likewise be dismissed with prejudice.

***Second*,** the *White* court rejected a claim—similar to plaintiffs' claim in this case—that the plan fiduciary violated its duty of loyalty by including funds in the plan in order to drive revenue sharing fees to the recordkeeper. Ex. A at 13. The court noted that plaintiffs had not alleged that there were "no equivalent . . . funds paying just as much" in revenue sharing and that, as a result, their claim that the fiduciary retained funds in order to benefit the recordkeeper was "speculation." *Id.* The court also rejected the plaintiffs' general contentions that the fiduciary had the recordkeeper's interest "at heart," rather than participants' interest, because the contentions were "entirely speculative, and unsupported by any facts." *Id.* at 14. Plaintiffs here argue that Cornell allowed recordkeepers to influence its investment selection in order to drive up their revenue sharing compensation. *E.g.*, Am. Compl. ¶ 174. For the reasons explained in *White*, these perfunctory duty-of-loyalty claims should fail.

***Third*,** the plaintiffs in *White* attempted to reprise their argument that the fiduciary acted imprudently by including retail share classes of mutual funds in the plan when other share classes were available—and the court rejected that argument for a second time. Ex. A at 25-26. The court noted that the plaintiffs had not pleaded any "facts regarding any process for choosing funds, and no facts relating to investigations into the appropriateness of various funds. The sole basis for [their] claim is the assertion that there were allegedly lower-cost institutional-class funds available that could have been substituted for certain higher-cost retail-class funds that defendants selected." *Id.* at 25. The court reaffirmed its prior conclusion that merely asserting that cheaper share classes were available is insufficient to state a claim because "fiduciaries have latitude to value investment features other than price." *Id.* at 25-26. The same holding is warranted

here, because plaintiffs' claim similarly boils down to an allegation, implausible on its face, that prudence required the Cornell Defendants "to scour the market to find and offer the cheapest possible funds." *Id.* at 26 (quotation marks omitted). Such implausibility mandates dismissal of this claim.

Dated: June 8, 2017

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500

Respectfully submitted,

*/s/ Brian D. Netter*
Brian D. Netter
 bnetter@mayerbrown.com
Michelle N. Webster
Travis Crum
Matthew A. Waring
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Cornell Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2017, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this matter who are registered with the Court's CM/ECF system.

                                                                                                                     /s/ Brian D. Netter
                                                                                                                       Brian D. Netter