UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-4-17
```

CASEY CUNNINGHAM,

*Plaintiff,*

v.

CORNELL UNIVERSITY, ET AL.,

*Defendants.*

Civil Action No. 16-cv-6525-PKC

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Plaintiff believes this case should be tried to a jury. Defendants do not believe that Plaintiff is entitled to a jury in an ERISA action alleging breach of fiduciary duty. *TBD*

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court or as permitted by the Federal Rules of Civil Procedure. With respect to any motion to join additional parties, Defendants propose that any such motion shall be filed within 30 days from the date of this Order, and Plaintiffs propose that any such motion shall be filed with 30 days of Defendants' production of all minutes and materials of the fiduciary committee.

4. Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than 21 days following the Court's entry of this Civil Case Management Plan and Scheduling Order.

5. Defendants propose that all <u>fact</u> discovery shall be completed no later than ~~April 3~~, *August 3,* 2018. ~~Plaintiffs propose that all fact discovery shall be completed no later than October 5, 2018.~~

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. Interim deadlines set forth in this paragraph 6 may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a.  Initial requests for production of documents to be served by: January 26, 2018

1

b. Defendants propose that interrogatories are to be served by March 2, 2018. Plaintiffs propose that interrogatories are to be served by: September 5, 2018.

c. Defendants propose that depositions are to be completed by April 3, 2018. Plaintiffs propose that depositions are to be completed by October 5, 2018.

d. Defendants propose that Requests to Admit are to be served no later than March 2, 2018. Plaintiffs propose that Requests to Admit are to be served no later than September 5, 2018.

*[handwritten: to be worked out by parties]*

7. a. Defendants propose that all expert discovery shall be completed no later than May 11, 2018. Plaintiffs propose that all expert discovery shall be completed no later than November 19, 2018. *[handwritten correction: October 5]*

b. No later than 30 days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) expert discovery shall be completed by the date set forth in paragraph 7(a).

8. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days after the date in paragraph 7(a), i.e., the close of expert discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within 14 days following the close of fact discovery.

10. a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement discussion. With their initial disclosures, Defendants will produce the Plans' written instruments under 29 U.S.C. §1102(a), summary plan descriptions, annual reports, and fiduciary committee meeting minutes, with attachments, pertaining to the six-year period preceding the filing of the initial Complaint, and Plaintiffs will produce disclosures and other documents pertaining to their participation in the Plans.

b. Counsel for the parties will meet and confer at an appropriate future date to discuss whether involving a mediator would be productive.

c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed, if at all, after the close of expert discovery.

    d. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Final Pretrial Submission Date is 30 days following the last ruling on any motion for summary judgment, or 30 days following the deadline for a pre-motion letter if no motion for summary judgment is filed.

    By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date, and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

12. Counsel for the parties have conferred and their present best estimate of the length of the trial is three weeks.

13. Plaintiffs' pre-motion letter with respect to a motion for class certification under Fed. R. Civ. P. 23 shall be filed ~~by~~ no later than April 6, 2018, but may be filed earlier.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other] The Court does not anticipate granting any extension of the discovery period.

15. The next Case Management Conference is scheduled for Sept. 7, 2018 at 10:30 a.m.

3

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
12-4-17