# SCHLICHTER BOGARD & DENTON, LLP
### ATTORNEYS AT LAW

MICHAEL A. WOLFF  
mwolff@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200  
ST. LOUIS, MISSOURI 63102  
(314) 621-6115  
FAX (314) 621-5934  
www.uselaws.com

January 3, 2018

Via ECF

The Honorable P. Kevin Castel  
United States District Court  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

    Re:  *Cunningham v. Cornell University*, No. 1:16-cv-06525-PKC (S.D.N.Y.)

    Next case management conference: September 7, 2018 at 10:30 a.m.

Dear Judge Castel:

    Plaintiffs respectfully request leave under Federal Rule of Civil Procedure 15(a)(2) to file a Second Amended Complaint. Plaintiffs' Proposed Second Amended Complaint ("SAC") adds as parties the individual members of the Cornell University Retirement Plan Oversight Committee (the "Committee"), and re-numbers the Counts of the Corrected Amended Complaint (Doc. 81) that the Court allowed to proceed (Doc. 107).[1] Plaintiffs did not know the identities of these proposed new Defendants until after December 26, 2017, when Defendants produced the minutes of the Committee for 2010 through September 2016. Defendants will not be prejudiced by the proposed amendments, as the discovery period has only recently begun, and the addition of these other Committee members would not significantly add to the discovery requested or produced. Defendants conceded that an amendment by this date (30 days after entry of the Case Management Plan and Scheduling Order, Doc. 116) would be timely. See Doc. 116 at 1 (¶3). Plaintiffs have not delayed in seeking leave to amend, as they only recently learned the identities of these individuals. Plaintiffs' amendments are not futile because they do not seek to plead any new claims.

### Background

    This action commenced on August 17, 2016. Doc. 1. Plaintiffs filed the operative corrected amended complaint on February 24, 2017 (Doc. 81). At the time, Plaintiffs did not have access to the facts necessary to determine the identities of all fiduciaries responsible for the breaches

---

[1] Plaintiffs have delivered to Defendants a red-lined version of their proposed Second Amended Complaint. The identity of these individuals comes from documents the Cornell Defendants insist should be confidential. Defendants have not indicated whether they insist upon the sealing of the Second Amended Complaint.

alleged therein. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009)(ERISA plaintiffs have "limited access to crucial information" that typically is "in the sole possession of defendants"); *Rankin v. Rots*, 278 F.Supp.2d 853 879 (E.D.Mich. 2003)(prior to discovery, "the manner in which each defendant, which are in the universe of possible decision makers, operated is … something of a black box").

The Court granted in part and denied in part Defendants' motions to dismiss on September 29, 2016. Doc. 107. The Cornell Defendants filed an answer on December 4, in which they refused to answer ¶28 of the complaint (alleging that the Committee and its Chair were fiduciaries) and asserted as affirmative defenses that one or more of the Cornell Defendants did not act as a fiduciary with respect to the misconduct alleged by Plaintiffs and that one or more of the Cornell Defendants was not a fiduciary at the time of one or more of the breached of duty alleged by Plaintiffs. Doc. 111 at 11, 90, 91.

The Court held an Initial Pretrial Conference on December 4, 2017. Doc. 116. On December 26, 2017, Defendants produced what appear to be the minutes of the Committee for 2010 through September 2016, which minutes appear to identify all of the members of the Committee during the time in suit. (The Cornell Defendants have not produced any minutes for 2017.)

**Legal Standard**

"When a party requests leave to amend his complaint, permission generally should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)(citing *Foman*, 371 U.S. at 182). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

**Argument**

None of the factors justifying denial of leave to amend are present here.

No undue prejudice. Prejudice to the nonmoving party is "the most important factor" in the Rule 15(a)(2) analysis. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)(citing Wright & Miller, *Federal Practice and Procedure: Civil 2d*, §1487, at 613 (1990 & 2007 Supp.). A nonmoving party is prejudiced where "an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Id.* at 192 (citing *Block*, 998 F.2d at 350. "Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Id.* (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

Defendants will not be prejudiced by the proposed amendments. Only the initial stages of discovery have begun and the addition of these defendants will not delay discovery. Neither a trial date nor a Final Pretrial Submission Date has been set. *See* Doc. 116 at 3 (¶11).

<u>No undue delay.</u> "Delay must be considered in context; not all delay will result in denial of a motion to amend." *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 74 (N.D.N.Y. 2000). Moreover, "[m]ere delay, … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block*, 988 F.2d at 350 (internal quotations and citation omitted). Here, Plaintiffs only learned the identities of the proposed new Committee member Defendants 8 days ago. Defendants produced documents containing that information for the first time along with their Rule 26(f) disclosures, after the Court issued the Case Management Plan and Scheduling Order on December 4, 2017 (Doc. 116). There is no delay at all, let alone undue delay.

<u>No futility.</u> The Proposed SAC includes only Counts the Court has allowed to proceed. Doc. 107 at 26.[2] Since the Court has already determined that these Counts plausibly state ERISA violations, and thus the case will proceed regardless of whether or not the Court allows the requested amendment, there is no futility.

<u>No bad faith.</u> Because Plaintiffs do not seek to prejudice Defendants, have not unduly delayed, and are not proposing a futile amendment, they do not seek leave to amend in bad faith.

**Conclusion**

For the foregoing reasons, the Court should grant leave to file the proposed SAC.

Sincerely,

/s/ Michael A. Wolff

Michael A. Wolff

cc: All counsel of record (via ECF)

---

[2] By not including claims the Court has dismissed in the Proposed Second Amended Complaint, Plaintiffs do not waive their right to appeal the dismissal of those claims. *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004).