**MAYER·BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

January 17, 2018

**Brian D. Netter**
Direct Tel +1 202 263 3339
Direct Fax +1 202 263 5236
bnetter@mayerbrown.com

<u>BY ECF</u>

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Cunningham v. Cornell University</u>,
        No. 1:16-cv-06525-PKC (S.D.N.Y.)

Dear Judge Castel:

Plaintiffs have asked this Court, by letter motion (Dkt. 117), for leave to amend their complaint to join 29 natural persons as defendants in this action. Plaintiffs claim that these 29 individuals were members, at various points in time, of the Cornell University Retirement Plan Oversight Committee (the "Committee"), and that the Court should permit Plaintiffs to name these 29 individuals as defendants on two of the three surviving Counts in this litigation because "the Court has already determined that these Counts plausibly state ERISA violations." *Id.* at 3.

There is, however, a rather glaring problem with Plaintiffs' submission. Nothing in Plaintiffs' proposed Second Amended Complaint alleges that any of these 29 Committee Members had the individual authority to take discretionary action on behalf of the Plans, nor that any of these 29 Committee Members actually undertook any particular acts that caused the supposed fiduciary breaches that Plaintiffs have asserted.

Stated simply, just because the Committee, as an entity, has authority to make decisions on behalf of the Plans, it does not follow that each individual who has ever served on the Committee has authority to make decisions on behalf of the Plans. Even Plaintiffs do not allege that the 29 individuals have such authority. Given that, Plaintiffs' failure to make any specific allegations about the 29 individuals they seek to join as defendants dooms their amendment. This Court need not and should not authorize a futile joinder.

**Background**

Plaintiffs filed this lawsuit seventeen months ago, on August 17, 2006. Dkt. 1. At first, Plaintiffs named as defendants Cornell University and the Committee. *Id.* ¶¶ 18-21.

After the parties exchanged premotion letters regarding Defendants' anticipated motion to dismiss the complaint, Plaintiffs amended their complaint to add two new defendants: CapFinancial Partners, LLC, and Mary G. Opperman, Cornell's Vice President for Human

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

The Honorable P. Kevin Castel
January 17, 2018
Page 2

Resources.  Plaintiffs alleged that Ms. Opperman, as Chair of the Committee with the authority to appoint and remove Committee Members, "had ultimate responsibility for the Committee's decisions with respect to the Plans." Dkt. 38, ¶¶ 26, 254.  Plaintiffs did not allege—nor could they plausibly have alleged—that every member of the Committee was vested with responsibility for the Committee's decisions, nor did Plaintiffs identify "Doe" defendants as placeholders for future defendants.

Defendants moved to dismiss the amended complaint; on September 29, 2017, the Court granted the motion in part and denied it in part. *See* Dkt. 107.  Following the Court's decision, discovery commenced.  On January 3, 2018, Plaintiffs filed the instant motion, seeking to add 29 new individual defendants whom Plaintiffs claim to have identified from Committee minutes produced in discovery. *See* Dkt. 117 at 2.

Plaintiffs did not attach the proposed Second Amended Complaint to their letter motion (*contra Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993)), attributing to Cornell a difficult-to-decipher demand for confidentiality.[*]  In any event, Plaintiffs' proposed amendment amounts to nothing more than (1) adding 29 individuals as Defendants; (2) alleging that each of the Defendants served as a member of the Committee; and (3) supplementing a boilerplate allegation with the underlined phrase:

> The Committee <u>and the Committee Members</u> are fiduciaries to the Plans because they exercised discretionary authority or discretionary control respecting the management of the Plans or exercised authority or control respecting the management or disposition of its assets, and have discretionary authority or discretionary responsibility in the administration of the Plans, as described in more detail below.

As to the Committee Members, however, there is no additional detail.  To the contrary, the proposed Second Amended Complaint continues to allege only that Ms. Opperman, the Committee's chairperson, "had ultimate responsibility for the Committee's decisions with respect to the Plans." *Cf.* Dkt. 38, ¶ 254.  No individual Committee Member has the authority to act outside of the Committee, and no artful or inartful pleading can alter that fact.

**Argument**

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)).  An opportunity to further amend is not required, even with a pro se plaintiff,

---

[*] Plaintiffs appear to be referencing an agreement among the parties that "any materials exchanged [pursuant to paragraphs 4 and 10 of the case management order] will be kept non-public—i.e., they will not be shared with anyone other than the parties and counsel of record—until a protective order is entered." That agreement was proposed by *Plaintiffs*, not Defendants.

The Honorable P. Kevin Castel
January 17, 2018
Page 3

when "[t]he problem with [plaintiffs'] causes of action is substantive; better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, it is manifest that Plaintiffs' proposed amended complaint does not state any claim against the new individual defendants that would survive a motion under Rule 12(b)(6), as they have not alleged, nor could they plausibly allege, that any of these individual defendants had the individual authority to make decisions on behalf of the Plans.

In order to bring a claim against a defendant for breach of ERISA's fiduciary duties, a plaintiff must show that the defendant was, in fact, a fiduciary who was *subject* to such duties. An individual "is only subject to these fiduciary duties to the extent that the person, among other things, exercises any discretionary authority or discretionary control respecting management of [a] plan or has any discretionary authority or discretionary responsibility in the administration of [a] plan." *Coulter v. Morgan Stanley & Co.*, 936 F. Supp. 2d 306, 314 (S.D.N.Y. 2013) (quoting *In re Citigroup ERISA Litig.*, 662 F.3d 128, 135 (2d Cir. 2011)).

Moreover, "a person may be an ERISA fiduciary with respect to certain matters but not others." *Harris Tr. & Savings Bank v. John Hancock Mut. Life Ins. Co.*, 302 F.3d 18, 28 (2d Cir. 2002). "In every case charging breach of ERISA fiduciary duty, then, the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) *when taking the action subject to complaint*." *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) (emphasis added).

The proposed Second Amended Complaint contains *no* factual allegations aimed at establishing that the 29 new defendants were fiduciaries of the Plans that were responsible for the acts and omissions Plaintiffs challenge. It does not allege that *any* of these individual defendants exercised authority or control over *any* of the decisions that Plaintiffs believe were wrongful. If Plaintiffs believe it is sufficient to allege that these individuals were members of the Committee, and membership alone is sufficient to subject them to liability, they are mistaken. "Fiduciary status derives from an individual's *actions* in connection with an employee benefits plan, and not merely from the position he holds." *Sullivan v. M.A.C. Design Corp.*, 2015 WL 5518456, at *4 (E.D.N.Y. Sept. 17, 2015) (emphasis added). It is therefore incumbent on Plaintiffs to allege that each of these new defendants *individually* exercised discretionary authority or control over the plan decisions to which they object. *See, e.g.*, *Cosgrove v. Circle K Corp.*, 884 F. Supp. 350, 353 (D. Ariz. 1995) (granting summary judgment on issue of individual's fiduciary status because "[t]he record is devoid of any actions personally taken by Karl Eller . . . to control or unduly influence the Plan trustees' decision"). They have not done so. Nothing in Plaintiffs' new amended complaint indicates that the new individual defendants exercise any authority over the administration of the Plans *personally*, as opposed to as one of several members on the Committee.

The proposed amendment would add *one* paragraph to the complaint alleging that "the Committee Members are fiduciaries because they exercised discretionary authority or discretionary control respecting the management of the Plans or exercised authority or control respecting the management or disposition of its assets, and have discretionary authority or

The Honorable P. Kevin Castel
January 17, 2018
Page 4

discretionary responsibility in the administration of the Plans." But "[s]uch bare legal conclusions are insufficient to state a claim against a purported ERISA fiduciary," and the Court thus need not and should not credit them. *In re JPMorgan Chase & Co. ERISA Litig.*, 2016 WL 110521, at *3 (S.D.N.Y. Jan. 8, 2016) (allegation that defendant "has discretionary authority and control regarding the administration and management of the Plans" was insufficient to state a claim); *see also, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

\* \* \*

This Court's decision on the motion to dismiss does not obviate Plaintiffs' obligation to plead sufficient facts to show that any new defendants sought to be added to the complaint are properly in the case because they bear responsibility for Plaintiffs' surviving fiduciary claims. It is no small matter to inject 29 persons into a case where Plaintiffs claim that they are entitled to hundreds of millions of dollars. Joining a person as a defendant exacts real costs—and Plaintiffs, which seek to impose those burdens, should first be held to their obligations under well-settled case law to plead non-futile claims. The proposed amendment to the complaint makes *no* effort to satisfy Plaintiffs' obligations, nor do the facts support any such amendment more carefully drafted to attempt individualized allegations.

**Conclusion**

For the foregoing reasons, Plaintiffs' letter motion seeking leave to file a Second Amended Complaint should be denied.

Sincerely,

Brian D. Netter

cc: All counsel of record (via ECF)