UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/18

-------------------------------------------------- X
CASEY CUNNINGHAM, ET AL.,

    Plaintiffs,

vs.

CORNELL UNIVERSITY, ET AL.,

    Defendants.

-------------------------------------------------- X

Civil Action No. 1:16-cv-6525

**CONFIDENTIALITY STIPULATION AND ORDER**

Hon. P. Kevin Castel

The parties to this Confidentiality Stipulation and Order have agreed to the following terms, and accordingly, it is ORDERED:

Scope: All materials produced in the course of discovery, including written discovery, documents, deposition testimony and related exhibits, initial disclosures, and information derived therefrom ("Discovery Materials"), shall be subject to this Order as defined below. This Order is subject to the Local Rules of the Southern District of New York and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

Confidential Material: For the purpose of this Order, "Confidential Material" means any Discovery Materials that have been designated "Confidential" by the producing party. Discovery Materials may be designated Confidential if they fall in one of the following categories: a) information prohibited from disclosure by statute; b) materials that reveal trade secrets; c) research, technical, commercial, or financial information of a proprietary nature; d) medical information protected by HIPAA; e) personal identity information, including student information protected by FERPA and employee information protected by university policies, corporate policies, and laws regarding privacy; f) income tax returns and other Internal Revenue

Service forms; g) personnel, financial, or employment records of a person who is or is not a party to the litigation; and h) documents that are subject to the fiduciary exception to the attorney-client privilege. Information or documents that are available to the public may not be designated Confidential Material.

Designation: A party may designate a document Confidential Material to obtain protection pursuant to this Order by affixing the word "Confidential" in uppercase letters on the bottom left corner of each page of materials produced electronically as TIFFs. A Confidential designation must also be included in the metadata for both TIFF documents and Native documents. All copies of a document must bear the same designation. Pursuant to this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Material. The marking "Confidential" shall be applied prior to or at the time the materials are produced or disclosed. The "Confidential" marking provides protection only pursuant to this Order and does not provide any particular legal status or protection pursuant to statute or regulation.

Designating a document Confidential is a certification by a party or its attorney that the document contains Confidential Material as defined in this Order.

Depositions: If a party wishes to designate all or part of a deposition Confidential, the party shall indicate as such on the record. The remainder of the deposition will not be treated as Confidential Material, subject to the "Inadvertent Failure to Designate" provisions of this Order.

The Court Reporter will be directed to identify passages designated Confidential in the transcript of the deposition. A Confidential marking shall appear on each page of the transcript that contains a designated passage.

Protection of Confidential Material:

1) *General Protections*. No Confidential Material shall be used or disclosed by the parties, their counsel, or any other person for any purpose whatsoever other than in this litigation or appeals thereof.

2) *Limited Third-party Disclosures*. The parties and their counsel shall not disclose or allow disclosure of any Confidential Material to any third person or entity except as designated in paragraphs a) through i) below. Pursuant to these requirements, the listed categories of persons or entities may be allowed to review to review Confidential Material.

    a) Counsel. Counsel for the parties, including employees of counsel who have been given responsibility for the matter;

    b) Parties. Parties to the litigation, including employees of a party but only to the extent that counsel determines that the employee's assistance is reasonably necessary to the conduct of the litigation;

    c) The Court and its personnel;

    d) Court Reporters and Recorders. Those engaged to record depositions, hearing, or other formal testimony;

    e) Contractors. Those individuals specifically engaged for the limited purpose of providing litigation and document support, including outside vendors hired to process electronically stored information, make copies, or prepare exhibits;

    f) Consultants and Experts. Consultants or experts employed by the parties or their counsel to assist in the preparation and trial of this litigation, but only after such persons have completed the certification contained in Attachment A to this Order, Acknowledgment of Understanding;

    g) Witnesses at depositions. During their depositions, witnesses to this action to whom disclosure is necessary. Witnesses shall not retain a copy of the Confidential Material, though deponents shall be allowed to inspect relevant materials when reviewing the transcript(s). Portions of the transcript that have been designated Confidential Material pursuant to this Order must not be disclosed to anyone other than those permitted pursuant to this Order;

      h) Author or recipient. The author or the recipient, in the regular course of business, of the designated document;

      i) Insurers. An insurance carrier identified in a party's disclosures under Fed. R. Civ. P. 26(a) as providing, or potentially providing, coverage to a party related to this case.

      j) Others by Consent or Court Order. Other persons only by written consent of the producing or testifying party, or upon Order of the Court.

3) *Control of Documents.* Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Material.

4) *Inadvertent Disclosure.* In the event that materials protected by the Attorney-Client Privilege or Attorney Work Product Privilege, both parties reserve the right to clawback such materials to the fullest extent permitted by Federal Rule of Civil Procedure 26(b)(5), Federal Rule of Evidence 502(b), and any other governing law or rule, provided the party seeking to claw materials back satisfies all elements and requirements of the governing laws or rules.

<u>Inadvertent Failure to Designate</u>: Inadvertent failure to designate a document as Confidential Material does not, in and of itself, waive the right to so designate the material. If a party designates a document as Confidential Material after it was initially produced, the receiving party, with proper notification of the designation, must thereafter make good faith efforts to assure that the material is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of information during a time when that material was not designated Confidential Material, even where the failure to designate was inadvertent.

<u>No Greater Protection of Specific Information</u>. Except upon privilege designations not addressed in this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless withheld pursuant to an Order

from the court upon motion of the requesting party for special protection.

<u>Challenges by a Party to Confidentiality Designation</u>:

1) *Meet and Confer.* In the event a party chooses to challenge the designation of Confidential Material, the party must do so in good faith and must initiate the process by serving the designating party with notice of the materials the challenging party does not believe were properly designated Confidential. The parties shall confer regarding the challenged designations within 7 days of the date of service of notice. If the designating party does not change its designation of the challenged materials, it must explain the basis for its belief the designation is proper.

2) *Judicial Intervention.* In the event that challenges to confidentiality designation cannot be resolved through the meet and confer process, it shall be the obligation of the designating party to file and serve a letter motion requesting the Court to determine whether the disputed material is properly designated Confidential. Such letter motion must certify that the parties first attempted to resolve confidentiality discrepancies through a valid meet and confer process. Unless and until the Court rules that the challenged materials are not Confidential, the parties must continue to treat the materials as Confidential Material pursuant to the provisions of this Order. The burden of persuasion in any challenged proceeding shall reside with the designating party. There is no deadline by which the designating party must file the letter motion; should the challenging party wish to expedite judicial resolution of the dispute, it may elect to file the letter motion itself.

<u>Action by the Court</u>. Applications to the Court requesting an order related to information designated as Confidential Materials shall be by letter motion. Nothing in this Order or any

action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure or protection or information produced in discovery or presented at trial.

<u>Use of Confidential Material at Hearing or Trial</u>: Nothing in this Order shall be construed to affect the use of any information at any trial or hearing. Confidential Materials offered into evidence at a public hearing or at trial shall no longer be treated as Confidential, unless the designating party first obtains a separate protective order or other relief from the Court specifically relating to the materials used during the hearing or trial. The party intending to present Confidential Materials at a hearing or trial must give the designating party at least 14 days' notice, whether through an exhibit list or otherwise. Within 7 days thereafter, the party whose confidential information is sought to be used may make an application for relief. Personally identifying information must be redacted from all documents used during depositions, during a public hearing, or at trial.

<u>Confidential Material Subpoenaed or Ordered Produced in Other Litigation</u>.

1) If a receiving party is served with a subpoena or an order issued in another litigation that would compel disclosure of any information designated in this action as Confidential Material, the receiving party must so notify the designating party, in writing, immediately and in no event before responding to the subpoena or order and before delivering any Confidential Material. Such notification must include a copy of the received subpoena or order.

2) The receiving party must immediately inform, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena order is subject to confidential designation pursuant to this

Order. Further, the receiving party must deliver a copy of this Order to the party in the other action that caused the order or subpoena to issue.

3) The purpose of imposing these duties is to notify all interested persons of the existence of this Order and the requirements and protections afforded to the designating party pursuant to the Order. This affords the party an opportunity to protect Confidential Material in the court from which the subpoena or order issued. The designating party shall bear the burden and expense of seeking protection in the court of its Confidential Material.

Challenges by Members of the Public to Sealing Orders. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

Obligations upon Conclusion of Litigation. Upon conclusion of litigation, unless otherwise agreed or ordered, this Order shall remain in force after dismissal or final judgment not subject to further appeal. Within sixty days of dismissal or entry of final judgment not subject to appeal, the receiving party shall (1) return all Confidential Material, including copies, to the party that designated the Confidential Material; or (2) destroy all Confidential Material that it received in discovery and certify in writing to the designating party that it has destroyed the Confidential Material designated by that party. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, deposition and trial exhibits, expert reports, attorney work product, and expert work product, even if such materials contain Confidential Material. The designating party shall retain an archival copy of the Confidential Material that it produced in discovery for 6 years following

dismissal or entry of final judgment not subject to appeal. All Confidential Material retained by the parties will continue to be treated as Confidential under this Order.

<u>Order subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

<u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Material by the parties or their counsel is entitled to protection under 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

<u>Persons Bound</u>. This Order shall be binding upon all parties and their counsel, as well as their law firms and persons subject to the Order as enumerated above.

<u>Procedure for Filing Confidential Material</u>. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006), and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's Confidential Material shall so advise the opposing party fourteen (14) days in advance, specifying the precise portion of the information the party seeks to use, the general purpose thereof, and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential

information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

So Ordered.

_____
P. Kevin Castel, USDJ

2-6-18
Date

/s/ Stephen M. Hoeplinger
_____
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter (admitted *pro hac vice*)
Michael A. Wolff (admitted *pro hac vice*)
Stephen M. Hoeplinger (admitted *pro hac vice*)
SCHLICHTER, BOGARD & DENTON, LLP
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
(314) 621-6115
aschlichter@uselaws.com
jschlichter@uselaws.com
mwolff@uselaws.com
shoeplinger@uselaws.com

*Attorneys for Plaintiffs*

/s/ Brian D. Netter
_____
Brian D. Netter
bnetter@mayerbrown.com
Michelle N. Webster
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Nancy G. Ross
Samuel P. Myler
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500

*Attorneys for the Cornell Defendants*

/s/ *[signature]*

Joel S. Feldman (admitted *pro hac vice*)
Eric S. Mattson (admitted *pro hac vice*)
Daniel R. Thies (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
Email: jfeldman@sidley.com
       emattson@sidley.com
       dthies@sidley.com

Andrew W. Stern
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: astern@sidley.com

*Attorneys for Defendant CAPTRUST
Financial Advisors, LLC*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

CASEY CUNNINGHAM, ET AL.,

    Plaintiffs,

vs.

CORNELL UNIVERSITY, ET AL.,

    Defendants.

Civil Action No. 1:16-cv-6525

**CONFIDENTIALITY STIPULATION AND ORDER, ATTACHMENT A: ACKNOWLEDGMENT OF UNDERSTANDING**

Hon. P. Kevin Castel

---

I hereby certify under penalty of perjury and pursuant to 28 U.S.C. §1746 as follows:

1. Confidential Material is being provided to me pursuant to the terms and restrictions of the "Confidentiality Stipulation and Order," which was entered in the above-captioned case.

2. I have been given a copy of and have read that Order and agree to be bound by it.

3. I agree to destroy or return to the designating party all Confidential Material in my possession or control no later than sixty days after the termination of this proceeding.

Date: _____

Printed name: _____

Signature: _____