**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CASEY CUNNINGHAM, et al., | |
| Plaintiffs, | No. 1:16-CV-06525-PKC |
| v. | |
| CORNELL UNIVERSITY, et al. | **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| Defendant. | |

**Table of Contents**

BACKGROUND ...................................................................................................................2

I.       The Cornell Defendants. ..........................................................................................2

II.     Open question as to whether a "committee" may be a fiduciary liable for breaches. .........3

III.    Plaintiffs' request for leave to join Committee members. .....................................5

LEGAL STANDARD..........................................................................................................7

ARGUMENT.......................................................................................................................7

I.       No undue delay. .......................................................................................................8

II.     No bad faith.............................................................................................................8

III.    No undue prejudice. ..............................................................................................10

IV.    No futility..............................................................................................................11

CONCLUSION..................................................................................................................12

## Table of Authorities

**Cases**

*Beesley v. Int'l Paper Co.*,
  No. 06-703, Doc. 169 (S.D.Ill. May 1, 2008) ............................................................................ 4

*Bell v. ATH Holdings, Inc.*,
  No. 15-2062, Doc. 105 (S.D.Ind. Aug. 4, 2017) ....................................................................... 4

*Block v. First Blood Assocs.*,
  998 F.2d 344 (2d Cir. 1993) .................................................................................................. 11

*Boucher v. Williams*,
  13 F.Supp.2d 84 (D.Me. 1998) ............................................................................................... 4

*Braden v. Wal-Mart Stores, Inc.*,
  588 F.3d 585 (8th Cir. 2009) ................................................................................................... 5

*Chao v. Merino*,
  452 F.3d 174 (2d Cir. 2006) .................................................................................................... 5

*Cosgrove v. Circle K Corp.*,
  884 F.Supp. 350 (D.Ariz. 1995) ............................................................................................ 12

*Coulter v. Morgan Stanley & Co.*,
  753 F.3d 361 (2d Cir. 2014) .................................................................................................... 5

*Coulter v. Morgan Stanley & Co.*,
  936 F.Supp.2d 306 (S.D.N.Y. 2013) ..................................................................................... 12

*David v. Alphin*,
  No. 07-11, 2008 U.S.Dist.LEXIS 104007 (W.D.N.C. July 22, 2008) ..................................... 4

*Foman v. Davis*,
  371 U.S. 178 (1962) ............................................................................................................ 1, 7

*Grullon v. City of New Haven*,
  720 F.3d 133 (2d Cir. 2013) .................................................................................................... 7

*Harris Trust & Savings Bank v. John Hancock Mutual Life Insurance Co.*,
  302 F.3d 18 (2d Cir. 2002) .................................................................................................... 10

*In re Beacon Assoc. Litig.*,
  818 F.Supp.2d 697 (S.D.N.Y. 2011)(Sand, J.) ........................................................................ 5

*In re Citigroup ERISA Litigation*,
  662 F.3d 128 (2d Cir. 2011) .................................................................................................. 12

*In re JPMorgan Chase & Co. ERISA Litigation*,
  No. 12-4027-GBD, 2016 WL 110521, 2016 U.S.Dist.LEXIS 2709 (S.D.N.Y. Jan. 8,
  2016) ..................................................................................................................................... 12

*In re Morgan Stanley ERISA Litig.*,
  696 F.Supp.2d 345 (S.D.N.Y. 2009) ....................................................................................... 5

*In re Northrop Grumman Corp. ERISA Litig.*,
    No. 06-6213, Doc. 1 (C.D.Cal. Sept. 22, 2006) ........................................................... 4

*In re Polaroid ERISA Litig.*,
    362 F.Supp.2d 461 (S.D.N.Y. 2005)(Pauley, J.) ....................................................... 10

*In re RCN Litig.*,
    No. 04-5068, 2006 U.S.Dist.LEXIS 12930 (D.N.J. Mar. 21, 2006) ........................... 4

*Jin v. Metro. Life Ins. Co.*,
    310 F.3d 84 (2d Cir. 2002) .......................................................................................... 7

*Kegel v. Brown & Williamson Tobacco Corp.*,
    No. 06-93, 2009 U.S.Dist.LEXIS 18386 (D.Nev. Mar. 10, 2009) ............................. 3

*Leigh v. Engle*,
    727 F.2d 113 (7th Cir. 1984) ..................................................................................... 10

*Medina v. Catholic Health Initiatives*,
    No. 13-1249, 2014 U.S.Dist.LEXIS 138385 (D.Colo. Sept. 30, 2014) ................ 4, 12

*Milanese v. Rust-Oleum Corp.*,
    244 F.3d 104 (2d Cir. 2001) .................................................................................. 1, 7

*Pegram v. Herdrich*,
    530 U.S. 211 (2000) ................................................................................................... 10

*Rankin v. Rots*,
    278 F.Supp.2d 853 (E.D.Mich. 2003) ........................................................................ 6

*Rubinstein v. CIGNA Life Ins. Co.*,
    No. 11-1750-SJF-WDS, 2011 U.S.Dist.LEXIS 132328 (E.D.N.Y. Sept. 27, 2011) ... 4

*Ruotolo v. City of New York*,
    514 F.3d 184 (2d Cir. 2008) ..................................................................................... 10

*Sforza v. Kenco Constructional Contracting, Inc.*,
    674 F.Supp. 1493 (D.Conn. 1986) .............................................................................. 4

*State Teachers Ret. Bd. v. Fluor Corp.*,
    654 F.2d 843 (2d Cir. 1981) ..................................................................................... 11

*Sullivan v. M.A.C. Design Corp.*,
    No. 14-1846, 2015 WL 5518456, 2015 U.S.Dist.LEXIS 124465 (E.D.N.Y. Sept. 17, 2015) ........................................................................................................................... 12

*Tatum v. RJR Pension Inv. Comm.*,
    761 F.3d 346 (4th Cir. 2014) ...................................................................................... 5

*Troudt v. Oracle Corp.*,
    No. 16-175, Doc. 84 (D.Colo. May 26, 2017) ............................................................ 4

*Veera v. Ambac Plan Admin. Comm.*,
    769 F.Supp.2d 223 (S.D.N.Y. 2011)(Baer, J.) ............................................................ 5

**Statutes**

29 U.S.C. §1002(16)(A)(i) ................................................................................................ 2
29 U.S.C. §1002(21)(A) ............................................................................................... 3, 9
29 U.S.C. §1002(9) ...................................................................................................... 3, 8
29 U.S.C. §1102(21)(A) ................................................................................................... 2
29 U.S.C. §1102(a) ........................................................................................................... 2
29 U.S.C. §1102(a)(2) ...................................................................................................... 4
29 U.S.C. §1105(a) ........................................................................................................... 9
29 U.S.C. §1109 ............................................................................................................ 6, 7
29 U.S.C. §1109(a) ..................................................................................................... 3, 6, 8
29 U.S.C. §1132 ................................................................................................................ 6
29 U.S.C. §1132(a)(2) ...................................................................................................... 2

**Rules**

Fed.R.Civ.P. 15(a)(2) ....................................................................................................... 1
Fed.R.Civ.P. 17(b) ........................................................................................................... 3

**Regulations**

29 C.F.R. §2509.75-5 (FR-2) ........................................................................................... 3

Plaintiffs seek to add as defendants the individual members who served on the Cornell University Retirement Plan Oversight Committee (the "Committee").[1] Leave to amend pleadings should be "freely given when justice so requires" in the absence of undue delay, bad faith, undue prejudice, or futility. *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); Fed.R.Civ.P. 15(a)(2). Plaintiffs meet this standard.

Plaintiffs' request for leave to amend is timely. Plaintiffs first sought leave by the deadline set in the Case Management Plan and Scheduling Order (Doc. 116 at 1). Plaintiffs' proposed amendment is based on information learned just 9 days before that deadline.[2] Plaintiffs did not delay at all, let alone unduly.

Joinder of the Committee's individual members is necessary because there is a split of authority as to whether "committees" are "persons" who may be liable for fiduciary breaches under ERISA or Federal Rule of Civil Procedure 17. While some courts have recognized that committees can be sued, the Second Circuit has not resolved this question. Plaintiffs asked the Cornell Defendants[3] to stipulate that the Committee is liable under ERISA for actions that Plaintiffs contend were fiduciary breaches, and that Cornell would assume liability for any breaches by the Committee or its members. Had they done so, joining the Committee's members would not be necessary. Plaintiffs thus bring this motion in good faith.

Defendants will not be prejudiced by the amendment, as joining the Committee members will not require significant additional discovery or substantially delay the litigation.

---

[1] A "clean" copy of Plaintiffs' proposed Second Amended Complaint is attached as Exhibit 1 to the Declaration of Stephen M. Hoeplinger ("Hoeplinger Declaration"), filed herewith. A copy showing changes from the current operative complaint (Doc. 81) is attached as Exhibit 2. All other "Ex." citations herein likewise refer to Exhibits to the Hoeplinger Declaration.

[2] The proposed Second Amended Complaint also updates allegations relating to certain Plaintiffs' employment status and residence to reflect changes since the operative complaint was filed. *See* Ex. 2 at 10–11 (¶¶19–20, 22). These allegations do not alter their standing or claims against Defendants in any way.

[3] The "Cornell Defendants" are Cornell University ("Cornell"), the Committee, and Mary Opperman.

1

Plaintiffs' proposed amendments are not futile. The Court has already held that Plaintiffs have sufficiently alleged fiduciary breaches against the Committee. Plaintiffs' allegations therefore are sufficient to show breaches by the individuals through whom the Committee committed those breaches.

## BACKGROUND

This is an action under 29 U.S.C. §1132(a)(2) for Defendants' breach of ERISA's fiduciary duties the Plans. Plaintiffs allege that Defendants imprudently managed the Plans by allowing their participants (including the Plaintiffs) to be charged excessive fees for administrative and recordkeeping services, and by selecting and retaining unnecessarily expensive and underperforming investment options for the Plans. Doc. 107 at 5.

### I. The Cornell Defendants.

Defendant Cornell University is the Plans' administrator under 29 U.S.C. §1002(16)(A)(i) and the fiduciary responsible for the control, management, and administration of the Plans under 29 U.S.C. §1102(a). Doc. 81 ¶24. In their Answer to Plaintiffs' complaint, however, the Cornell Defendants have denied that Cornell is a fiduciary. Doc. 111 at 10 (¶24). And it is unclear whether Cornell has delegated away any of its responsibilities to the Plans, as the Cornell Defendants have not yet produced documents identifying the Plans' fiduciaries and their authority over the Plans, and also refuse to respond to an interrogatory requesting the identities of all Plan fiduciaries and the scope of their responsibilities. *See* Ex. 3 at 2, 3 (Cornell Defendants will not begin producing documents until March 16, 2018); Ex. 4 at 2 (refusing to answer interrogatory). The Cornell Defendants also have asserted as an affirmative defense that "[o]ne or more of the Defendants are not, or were not acting as, fiduciaries within the meaning of ERISA §3(21)(A), 29 U.S.C. §1102(21)(A), with respect to the misconduct alleged by

Plaintiffs." *Id.* at 90. The Cornell Defendants thus dispute that Cornell was a fiduciary in any respect.

The Committee administers the Plans and oversees their investment options. Doc. 81 ¶26. It has, and has exercised, discretionary authority or discretionary control over Plan management and the disposition of Plan assets, and has discretionary authority and responsibility concerning the Plans' administration. *Id.* ¶28.

## II. Open question as to whether a "committee" may be a fiduciary liable for breaches.

By its plain terms, ERISA does not explicitly allow a committee to be a fiduciary that can be liable for its breaches. In 29 U.S.C. §1109(a), establishing fiduciary liability, ERISA states that "[a]ny *person* who is a fiduciary with respect to a plan ... shall be personally liable to make good" all losses the plan suffers from his breach. 29 U.S.C. §1109(a)(emphasis added); *see also* 29 U.S.C. §1002(21)(A)("a *person* is a fiduciary with respect to the plan to the extent ...") (emphasis added). ERISA defines "person" as "an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization." 29 U.S.C. §1002(9). This definition does not include a "committee." Rule 17, likewise, does not explicitly include "committees" in its list of parties with the "capacity to sue or be sued." Fed.R.Civ.P. 17(b). The individuals who constitute the committee, of course, are "persons" under §1002(9) and §1109(a). The DOL itself has stated that in the case of a plan document that names a joint board as plan fiduciary, "the persons designated to be members of such joint board would be named fiduciaries." 29 C.F.R. §2509.75-5 (FR-2).

For this reason, courts have held that "committees" cannot be sued under ERISA. *Kegel v. Brown & Williamson Tobacco Corp.*, No. 06-93, 2009 U.S.Dist.LEXIS 18386, *42 n.13 (D.Nev. Mar. 10, 2009)(definition of "person" in 29 U.S.C. §1002(9) excludes committees); *David v.*

3

*Alphin*, No. 07-11, 2008 U.S.Dist.LEXIS 104007, *23–26 (W.D.N.C. July 22, 2008); *In re RCN Litig.*, No. 04-5068, 2006 U.S.Dist.LEXIS 12930, *15 (D.N.J. Mar. 21, 2006).[4] Courts have similarly held that other types of defendants are not subject to suit under ERISA because §1002(9)'s definition of person does not include them. *Rubinstein v. CIGNA Life Ins. Co.*, No. 11-1750-SJF-WDS, 2011 U.S.Dist.LEXIS 132328, *23 (E.D.N.Y. Sept. 27, 2011) (recommending dismissal because "a plan cannot be a fiduciary under the relevant definitions"); *Boucher v. Williams*, 13 F.Supp.2d 84, 93 (D.Me. 1998)(plans "are not included within ERISA's definition of 'persons,'" and thus "are not properly subject to breach of fiduciary duty claims"); *Sforza v. Kenco Constructional Contracting, Inc.*, 674 F.Supp. 1493, 1495–96 (D.Conn. 1986) (corporate officers not subject to ERISA liability, as they are "not included in the extensive enumeration of individuals and entities in the statutory definition of 'person'").

"[A] committee can act, or fail to act, only through the actions or omissions of its individual constituent members." *Medina v. Catholic Health Initiatives*, No. 13-1249, 2014 U.S.Dist.LEXIS 138385, *11 (D.Colo. Sept. 30, 2014). Committee members have been named as defendants in ERISA fiduciary breach cases for years without controversy. *See, e.g.*, *In re Northrop Grumman Corp. ERISA Litig.*, No. 06-6213, Doc. 1 at 8–9 (¶¶23–25), 10–11 (¶¶28–29) (C.D.Cal. Sept. 22, 2006)(naming as defendants 5 members of retirement plans' fiduciary committees); *Beesley v. Int'l Paper Co.*, No. 06-703, Doc. 169 at 6–7 (¶¶ 34–39) (S.D.Ill. May 1, 2008)(naming as defendants 5 members of retirement plan's fiduciary committee); *Troudt v. Oracle Corp.*, No. 16-175, Doc. 84 at 9 (¶34)(D.Colo. May 26, 2017)(naming as defendants 5 members of retirement plan's fiduciary committee); *Bell v. ATH Holdings, Inc.*, No. 15-2062, Doc. 105 at 7 (¶19) (S.D.Ind. Aug. 4, 2017)(naming as defendants 8 members of plan's fiduciary committee).

---

[4] Notably, the *RCN* court allowed certain claims against individual members of a committee to proceed. 2006 U.S.Dist.LEXIS 12930, *2, 25–27.

4

Other courts hold committees can be sued, at least as to committees named as fiduciaries under 29 U.S.C. §1102(a)(2). *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 370–71 (4th Cir. 2014); *In re Beacon Assoc. Litig.*, 818 F.Supp.2d 697, 706 (S.D.N.Y. 2011)(Sand, J.); *Veera v. Ambac Plan Admin. Comm.*, 769 F.Supp.2d 223, 231 (S.D.N.Y. 2011)(Baer, J.). This Court's decisions in *In re Beacon* and *Veera*, however, are not controlling authority, nor do they cite binding precedent. *Veera*, on which *In re Beacon* relied, also is distinguishable because each of the committee defendants "had specific fiduciary duties" set forth in plan documents, making them named fiduciaries under 29 U.S.C. §1102(a). 769 F.Supp.2d at 231. Here, the Committee is not the Plans' named fiduciary. The Second Circuit has not decided whether a committee may be a liable fiduciary under ERISA.[5] It thus is unsettled whether this Committee in this case can face fiduciary liability for its alleged breaches.

### III. Plaintiffs' request for leave to join Committee members.

At the time Plaintiffs filed their operative complaint (Doc. 81),[6] Plaintiffs knew that Cornell had appointed the Committee to oversee the Plans and that Ms. Opperman was the Committee's chair. They did not know the identities of the Committee's other members, because that information is not disclosed. Plaintiffs therefore could not include all Committee members as defendants. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 598 (8th Cir. 2009)(ERISA

---

[5] The Second Circuit made a passing reference to the definition of "person" under §1002(9) in *Coulter v. Morgan Stanley & Co.*, 753 F.3d 361, 366 n.6 (2d Cir. 2014). That reference, though, is dicta, as the parties did not dispute that a committee could face fiduciary liability under ERISA. *Id.*; *see also In re Morgan Stanley ERISA Litig.*, 696 F.Supp.2d 345, 357 (S.D.N.Y. 2009)(defendants disputed that committee was a fiduciary with respect to ESOP plan, but did not claim it was not a "person" under §§1002(9) and 1109, as it was a named fiduciary under §1102(a)). The Second Circuit has interpreted 29 U.S.C. §1109(a) strictly in other contexts. *See Chao v. Merino*, 452 F.3d 174, 185 (2d Cir. 2006)(interpreting §1109(a) strictly to limit liability to damages to *plans*, even though the statute's ultimate concern was the welfare of plan beneficiaries).

[6] The Amended Complaint Plaintiffs filed on December 8, 2016 (Doc. 37) included as a Defendant CAPTRUST Financial Advisors, LLC. The proper name of that Defendant, however, was "CapFinancial Partners, LLC d/b/a CAPTRUST Financial Advisors." Doc. 78. On stipulation of the parties (Doc. 78), Plaintiffs filed a Corrected Amended Complaint was filed on February 24, 2017 (Doc. 81) correcting the misnomer but making no other changes.

5

plaintiffs have "limited access to crucial information" that typically is "in the sole possession of defendants"); *Rankin v. Rots*, 278 F.Supp.2d 853, 879 (E.D.Mich. 2003)(prior to discovery, "the manner in which each defendant, which are in the universe of possible decision makers, operated is … something of a black box"). The Cornell Defendants did not disclose the identities of the Committee members until December 26, 2017, when they produced to Plaintiffs the minutes of the Committee. The Civil Case Management Plan and Scheduling Order (Doc. 116) required the parties to seek leave to amend their pleadings within 30 days of its entry, or January 3, 2018—9 days after Plaintiffs learned the Committee members' identities. Defendants would not consent to an extension of this deadline. Ex. 5 at 1.

Due to the uncertainty as to whether the Committee would ultimately be found a viable fiduciary-defendant, and in light of the Cornell Defendants' denial of fiduciary liability, Plaintiffs, as representatives of the putative class, sought leave to add the remaining Committee members as defendants. Doc. 117. The Cornell Defendants opposed this request. Doc. 120.[7] On January 19, 2018, the Court granted Plaintiffs leave to file this motion, and ordered Plaintiffs to explain why adding the proposed individual defendants is necessary. Doc. 122.

Following the Court's order, Plaintiffs proposed a stipulation that would eliminate the need to name the Committee's individual members as defendants. Plaintiffs offered to not join the individual Committee members as defendants if the Cornell Defendants would agree (1) that the Committee is subject to suit under 29 U.S.C. §§1132 and 1109 to the same extent as its individual members, and (2) that Cornell would assume liability for the actions or omissions of the Committee, as well as actions or omissions of its individual members in their capacity as Committee members. Ex. 6 at 3. These points were included in stipulations reached with

---

[7] The Cornell Defendants do not dispute that each of the proposed new defendants served on the Committee, however. Doc. 124 at 4–5.

employer-defendants and approved by courts in other ERISA fiduciary breach cases in which Plaintiffs' counsel have been involved. *See* Ex. 10 at 2; Ex. 11 at 1–2.

The Cornell Defendants rejected that proposal. They instead offered only to "agree not to argue that, as to Plaintiffs' claims that the Committee breached its fiduciary duties under ERISA, Plaintiffs were required to name the individual members of the Committee as Defendants." Ex. 7 at 4. This, however, is insufficient because whether the Committee breached its fiduciary duties under ERISA is a separate question from whether the Committee is "liable to make good to [the Plans] any losses" resulting from its breaches. 29 U.S.C. §1109(a). Plaintiffs explained their position and invited the Cornell Defendants to confer further. Ex. 8 at 1. The Cornell Defendants rejected that invitation. Ex. 9.

In compliance with the Court's instruction (Doc. 122 at 2), the undersigned Counsel has provided Plaintiffs with a copy of the Court's Order and discussed the issues raised therein with Plaintiffs. Hoeplinger Declaration ¶2.

## LEGAL STANDARD

Leave to amend a complaint "should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013)(citing *Foman*, 371 U.S. at 182); Fed.R.Civ.P. 15(a)(2). Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese*, 244 F.3d at 110 (citing *Foman*, 371 U.S. at 182). "Outright refusal to grant [leave to amend] without any justifying reason for the denial is an abuse of discretion." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002).

## ARGUMENT

None of the Rule 15 factors justifying denial of leave to amend are present here.

## I. No undue delay.

Plaintiffs did not delay at all in seeking leave to amend, let alone unduly so. Plaintiffs first requested leave to amend within 30 days of entry of the Scheduling Order (Doc. 116 at 1). Plaintiffs' request thus was timely. Moreover, Plaintiffs did not obtain the discovery necessary to identify the Committee members until December 26, 2017—just 9 days before Plaintiffs requested leave to amend. The Cornell Defendants have not disputed that Plaintiffs were unable to identify the Committee members before then, nor do they argue that Plaintiffs delayed in seeking leave to amend. Doc. 120 at 2.

## II. No bad faith.

Joining the individual Committee members is necessary to ensure the Plans will be able to recover damages for the Committee's breaches. Whether the Committee is a "person" under 29 U.S.C. §1002(9), and thus whether it can be liable for fiduciary breaches under 29 U.S.C. §1109, is an open question. The Cornell Defendants themselves claim that it has "no independent legal status of its own." Doc. 72 at 9 (Mem. 2 n.1).While other cases from this District have held that committees are ERISA fiduciaries, the Second Circuit has not ruled definitively on this issue. Plaintiffs, as representatives of the putative class, cannot take the risk of not being able to obtain a recovery from the Committee if the Court later rules that it is not a proper ERISA fiduciary.

Plaintiffs' attempts to avoid having to file this motion also evidence their good faith. Had the Cornell Defendants agreed to the stipulation Plaintiffs proposed (and which Plaintiffs still are willing to enter), joining the Committee's individual members would be unnecessary. The Cornell Defendants refused to do so. Instead, they would only offer "not to argue that, as to Plaintiffs' claims that the Committee breached its fiduciary duties under ERISA, Plaintiffs were required to name the individual members of the Committee as Defendants." Ex. 7 at 3. This does

8

not fully address the statutory ambiguity. It is one thing for Plaintiffs to prove the Committee breached its fiduciary duties, but quite another to be able to obtain a recovery from the Committee as a liable party under 29 U.S.C. §1109(a). And even if this Court were to hold that the Committee is an ERISA fiduciary liable for its breaches, it is unclear at this stage whether Plaintiffs would be able to execute on a judgment against it. A committee is an intangible group that owns no assets. The Cornell Defendants also have not provided any insurance policies covering the Committee, as required by Rule 26(a)(1)(A)(iv).

Concerns about a "chilling effect" on future committee membership (Doc. 124 at 6) are unfounded. Members of retirement plan fiduciary committees have always faced personal liability if they breach those duties. 29 U.S.C. §1109(a); 29 U.S.C. §1002(9). And as discussed *supra*, committee members have been named as defendants in ERISA excessive fee fiduciary breach cases for years. The Cornell Defendants do not claim, let alone provide evidence, that this has caused any person to have reservations about serving on any committee of any retirement plan. And the best way to ensure that ERISA's personal liability provisions do not deter individuals from serving as fiduciaries is for Cornell to assume liability on their behalf, as Plaintiffs proposed.

The Cornell Defendants have taken positions in this litigation that further illustrate why including the Committee's individual members as defendants is necessary. While Cornell currently is a Defendant as to Counts III and V of the operative complaint, the Cornell Defendants deny that it was a fiduciary under 29 U.S.C. § 1102(a). Cornell apparently (though it refuses to confirm this) delegated that status to the Committee. If Cornell delegated all its responsibility, authority, and control over the Plans to the Committee, Cornell would not be a fiduciary as to the underlying breaches Plaintiffs have alleged. 29 U.S.C. §1002(21)(A)

("a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, … or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.").[8]

While Cornell could be held liable for the Committee's breaches as a co-fiduciary, this liability is not automatic. Beyond proving the Committee's underlying breaches, Plaintiffs would have to prove Cornell participated in or knowingly concealed those breaches, it enabled the Committee to commit those breaches, or that it knew of the breaches but failed to take appropriate steps to remedy them. 29 U.S.C. §1105(a). Similarly, to hold Cornell liable for failing to monitor the Committee, Plaintiffs would have to prove that it failed "to take prudent and reasonable action to determine whether [the Committee was] fulfilling [its] fiduciary obligations.'" *In re Polaroid ERISA Litig.*, 362 F.Supp.2d 461, 477 (S.D.N.Y. 2005)(Pauley, J.)(quoting *Leigh v. Engle*, 727 F.2d 113, 135 (7th Cir. 1984)). These are separate elements of separate claims Plaintiffs should not have to prove just to be able to recover damages for an underlying breach that does not have these additional requirements.

**III. No undue prejudice.**

Prejudice to the nonmoving party is "the most important factor" in the Rule 15(a)(2) analysis. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)(citation omitted). A nonmoving party is prejudiced where "an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the

---

[8] The Cornell Defendants concede that "a person may be an ERISA fiduciary with respect to certain matters but not others," Doc. 120 at 3 (quoting *Harris Trust & Savings Bank v. John Hancock Mutual Life Insurance Co.*, 302 F.3d 18, 28 (2d Cir. 2002)), and that the "threshold question" in an ERISA case is "whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint," *id.* (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)).

10

resolution of the dispute.'" *Id.* at 192 (citing *Block v. First Blood Assocs.*, 998 F.2d 344, 350 (2d Cir. 1993)). "Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Id.* (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

Adding the individual Committee members will not prejudice the Defendants. Plaintiffs do not seek to add any new claims or legal theories. Plaintiffs simply seek to add other individuals, who the Cornell Defendants do not dispute served on the Committee, as defendants. Defendants—unlike Plaintiffs—were aware of the Committee's membership since before this lawsuit began. Moreover, adding these Committee members as defendants will not require much (if any) additional discovery from the parties. Since the proposed new defendants were fiduciaries by virtue of their roles on the Committee, they are not likely to have much in the way of document discovery that would not already be produced. And even if some limited additional discovery is necessary, fact discovery does not close until August. Doc. 116 at 1. *See Fluor*, 654 F.2d at 856 (amendment would not prejudice defendant where "the amendment will not involve a great deal of additional discovery").

**IV. No futility.**

The proposed Second Amended Complaint includes only claims surviving the Court's order on Defendants' motions to dismiss. *See* Ex. 2 at 129–31, 133–37, and 139–41 (proposed Counts I–III).[9] Amendment is not futile, as these claims already have survived a motion to dismiss.

---

[9] By not including claims the Court has dismissed in the Proposed Second Amended Complaint, Plaintiffs do not waive their right to appeal their dismissal. *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 96 (2d Cir. 2004) ("We will not require a party, in an amended complaint, to replead a dismissed claim in order to preserve the right to appeal the dismissal when the court has not granted leave to amend. Such a formalistic requirement serves no valid purpose.").

11

Plaintiffs' allegations as to the individual Committee members are more than sufficient. The Committee is an intangible entity. "[A] committee can act, or fail to act, only through the actions or omissions of its individual constituent members." *Medina*, 2014 U.S.Dist.LEXIS 138385, *11 (rejecting report and recommendation that claims against individual committee members be dismissed). The Court has already determined that Plaintiffs' allegations as to the surviving claims are sufficient to state a claim against the Committee. Plaintiffs' allegations thus state a claim against the individuals who served on the Committee and actually performed the actions that caused its alleged breaches.

The Cornell Defendants' cases (*see* Doc. 120 at 3–4) are not to the contrary. *Sullivan v. M.A.C. Design Corp.*, No. 14-1846, 2015 WL 5518456, 2015 U.S.Dist.LEXIS 124465, *9–11 (E.D.N.Y. Sept. 17, 2015), *Cosgrove v. Circle K Corp.*, 884 F.Supp. 350, 353 (D.Ariz. 1995), and *In re JPMorgan Chase & Co. ERISA Litigation*, No. 12-4027-GBD, 2016 WL 110521, 2016 U.S.Dist.LEXIS 2709, *10 (S.D.N.Y. Jan. 8, 2016), did not examine whether, let alone hold that, allegations that a fiduciary committee breached its duties were insufficient to state a claim against the individual members through whom the committee acted. Likewise, *In re Citigroup ERISA Litigation*, 662 F.3d 128 (2d Cir. 2011), and *Coulter v. Morgan Stanley & Co.*, 936 F.Supp.2d 306 (S.D.N.Y. 2013), were dismissed for reasons having nothing to do with the allegations against the individual defendants who served on fiduciary committees. *In re Citigroup,* 662 F.3d 134–135; *Coulter*, 936 F.Supp.2d at 314–21. They thus are irrelevant to whether allegations of a committee's breach may state a claim against its members.

## CONCLUSION

The Court should grant Plaintiffs leave to file their Second Amended Complaint.

February 9, 2018                                Respectfully Submitted,

                                                     S/ Stephen M. Hoeplinger
SCHLICHTER BOGARD & DENTON LLP
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter*
Michael A. Wolff*
Stephen M. Hoeplinger*
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
aschlichter@uselaws.com
jschlichter@uselaws.com
mwolff@uselaws.com
shoeplinger@uselaws.com
*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

13