IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM, ET AL., individually and as representatives of a class of participants and beneficiaries of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan,<br><br>*Plaintiffs*,<br><br>v.<br><br>CORNELL UNIVERSITY, ET AL.,<br><br>*Defendants*. | Civil Action No. 16-cv-6525<br><br><br><br>Hon. P. Kevin Castel |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

Joel S. Feldman
Eric S. Mattson
Daniel R. Thies
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jfeldman@sidley.com
emattson@sidley.com
dthies@sidley.com

Andrew W. Stern
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com

*Attorneys for Defendant CapFinancial Partners, LLC, d/b/a CAPTRUST Financial Advisors, LLC*

Brian D. Netter
  bnetter@mayerbrown.com
Michelle N. Webster
Matthew A. Waring
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500

*Attorneys for Cornell Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
INTRODUCTION .............................................................................................................................. 1
ARGUMENT ..................................................................................................................................... 1
    A.    Claims Like Plaintiffs' Were Historically Resolved In Equity. ............................. 2
    B.    The Relief That Plaintiffs Seek Is Equitable In Nature. ........................................ 3
CONCLUSION .................................................................................................................................. 8

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Abbott v. Lockheed Martin Corp.*,
　2007 WL 2316481 (S.D. Ill. Aug. 13, 2007) ................................................................................6

*Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*,
　2013 WL 6189802 (D. Vt. Nov. 27, 2013) ..................................................................................6

*Bona v. Barasch*,
　2003 WL 1395932 (S.D.N.Y. Mar. 20, 2003) .........................................................................7, 8

*Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*,
　876 F. Supp. 809 (E.D. Va. 1995) ..............................................................................................7

*Cates v. Columbia University*,
　No. 1:16-cv-06524-KBF (S.D.N.Y.) ...........................................................................................1

*Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*,
　472 U.S. 559 (1985) ....................................................................................................................3

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
　494 U.S. 558 (1990) .................................................................................................................2, 3

*CIGNA Corp. v. Amara*,
　563 U.S. 421 (2011) .................................................................................................................3, 4

*Ehlen Floor Covering, Inc. v. Lamb*,
　2012 WL 1698351 (M.D. Fla. May 14, 2012) ...........................................................................4

*Ellis v. Rycenga Homes, Inc.*,
　2007 WL 1032367 (W.D. Mich. Apr. 2, 2007) ..................................................................4, 6, 7

*Firestone Tire & Rubber Co. v. Bruch*,
　489 U.S. 101 (1989) ....................................................................................................................2

*George v. Kraft Foods Glob., Inc.*,
　2008 WL 780629 (N.D. Ill. Mar. 20, 2008) ........................................................................5, 6, 7

*Granfinanciera, S.A. v. Nordberg*,
　492 U.S. 33 (1989) ......................................................................................................................2

*Great-West Life & Annuity Insurance Co. v. Knudson*,
　534 U.S. 204 (2002) ............................................................................................................ *passim*

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Mertens v. Hewitt Assocs.*,
   508 U.S. 248 (1993) ................................................................................................................3

*Perez v. Silva*,
   185 F. Supp. 3d 698 (D. Md. 2016) ...........................................................................4, 6, 7, 8

*Sacerdote v. New York University*,
   No. 1:16-cv-06284-KBF (S.D.N.Y.) .......................................................................................1

*Spano v. Boeing Co.*,
   2007 WL 1149192 (S.D. Ill. Apr. 18, 2007) ..........................................................................7

*Tibble v. Edison Int'l*,
   135 S. Ct. 1823 (2015) ............................................................................................................2

*Tull v. United States*,
   481 U.S. 412 (1987) ............................................................................................................2, 7

*Varity Corp. v. Howe*,
   516 U.S. 489 (1996) ................................................................................................................2

*In re YRC Worldwide, Inc. ERISA Litig.*,
   2010 WL 4920919 (D. Kan. Nov. 29, 2010) .........................................................................6

**CONSTITUTIONAL PROVISIONS, STATUTES, AND RULES**

U.S. Const. amend. VII ................................................................................................... *passim*

29 U.S.C. § 1132(a)(2) .................................................................................................... *passim*

29 U.S.C. § 1132(a)(3) ..........................................................................................................5, 6

Fed. R. Civ. P. 39(a)(2) ............................................................................................................1

**OTHER AUTHORITIES**

Restatement (Second) of Trusts § 197 (1959) .........................................................................4

# INTRODUCTION

This Court expressed skepticism about Plaintiffs' jury demand during the scheduling conference on December 7, 2017, and with good reason. In the two parallel ERISA cases that Plaintiffs' counsel have brought in this District against other universities, the presiding judge has struck the plaintiffs' jury demands. In *Sacerdote v. New York University*, No. 1:16-cv-06284-KBF (S.D.N.Y.), after the plaintiffs failed to file an opposition to the university's motion to strike the jury demand, the court independently concluded that "ERISA does not grant a right to a jury trial." *Id.* ECF No. 122. In *Cates v. Columbia University*, No. 1:16-cv-06524-KBF (S.D.N.Y.), plaintiffs' counsel filed a full opposition to the university's motion to strike. But the court rejected the plaintiffs' arguments out of hand, concluding—on the day briefing closed—that "[i]t is quite clear that the issues herein are triable to the bench. Plaintiffs' submission does not alter the Court's view." *Id.* ECF No. 140.

Despite Judge Forrest's rulings, Plaintiffs in this case continue to insist upon a jury trial, including in their proposed Second Amended Complaint (Dkt. 121-1).  But Plaintiffs have no right to a jury trial: neither the statute creating their cause of action (Section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2)) nor the Seventh Amendment to the Constitution (which applies only to matters historically tried in courts of law) provides for a jury trial on claims for breach of ERISA's fiduciary duties. Cornell's motion to strike the jury demand should accordingly be granted.

# ARGUMENT

The Federal Rules of Civil Procedure acknowledge the right of a party to demand trial by jury but direct a court to strike a jury demand "on motion or on its own" if, as to the issues for which a jury trial has been demanded, "there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). Because ERISA does not provide for jury trials by statute, the only possible authority

1

for Plaintiffs' claimed right to a jury trial would be the Seventh Amendment, which provides that "[i]n [s]uits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. But the Seventh Amendment "preserved" the right to trial by jury only "where legal rights"—as opposed to equitable rights—"are at stake." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990).

In determining whether legal rights are, in fact, at stake, courts make two inquiries: "'First, [they] compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [they] examine the remedy sought and determine whether it is legal or equitable in nature.'" *Terry*, 494 U.S. at 565 (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). "The second inquiry is the more important in [the] analysis." *Id.* (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989)). Here, both inquiries lead to the conclusion that Plaintiffs have no right to a jury trial: the historical analogue to ERISA actions—the law of trusts—was the stuff of equity, and the remedies that Plaintiffs seek are equitable in nature.

### A.   Claims Like Plaintiffs' Were Historically Resolved In Equity.

There is no doubt that, historically, claims analogous to an ERISA claim for breach of fiduciary duty would have been resolved in equity. ERISA, as the Supreme Court has explained time and again, evolved out of the law of trusts. *See, e.g.*, *Tibble v. Edison Int'l*, 135 S. Ct. 1823, 1828 (2015) ("We have often noted that an ERISA fiduciary's duty is derived from the common law of trusts." (quotation marks omitted)); *Varity Corp. v. Howe*, 516 U.S. 489, 496 (1996) ("[ERISA's] fiduciary duties draw much of their content from the common law of trusts."); *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989) ("ERISA abounds with the language and terminology of trust law. ERISA's legislative history confirms that the Act's fiduciary responsibility provisions codify and make applicable to ERISA fiduciaries certain principles de-

2

veloped in the evolution of the law of trusts." (internal alterations and citations omitted)); *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 570 (1985) ("[R]ather than explicitly enumerating *all* of the powers and duties of trustees and other fiduciaries, Congress invoked the common law of trusts.").

A breach of fiduciary duty claim under ERISA is thus most analogous to a claim for breach of fiduciary duty by a trustee. And "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993); *Terry*, 494 U.S. at 567 (explaining that "an action by a trust beneficiary against a trustee for breach of fiduciary duty" was historically "within the exclusive jurisdiction of courts of equity"). This prong of the Seventh Amendment test thus weighs strongly against Plaintiffs' claimed right to a jury trial.

### B. The Relief That Plaintiffs Seek Is Equitable In Nature.

The other prong of the test—the nature of Plaintiffs' claims—similarly compels the conclusion that Plaintiffs have no right to a jury trial. Plaintiffs are seeking a number of forms of relief under Section 502(a)(2) of ERISA, including: an order that Defendants "pay the amount equaling all sums received by the conflicted recordkeepers as a result of recordkeeping and investment management fees" back to the Plans; an order requiring "all accountings necessary to determine the amounts Defendants must make good to the Plans;" removal of any fiduciaries found liable from their positions; "[s]urcharge against Defendants and in favor of the Plans" of any funds involved in prohibited transactions; reformation of the Plans; and "other equitable or remedial relief as the Court deems appropriate." Am. Compl. (Dkt. 81) at 139-40. As the Supreme Court's 2011 decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), makes clear, these forms of relief are indisputably equitable. *See id.* at 441-42 ("Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's

3

breach of duty, or to prevent the trustee's unjust enrichment. Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable.'" (citations omitted)); *id.* at 440 (identifying injunctions as an equitable remedy); *see also Perez v. Silva*, 185 F. Supp. 3d 698, 704 (D. Md. 2016) ("[T]here can be no question that injunctive relief is inherently equitable."); *Ehlen Floor Covering, Inc. v. Lamb*, 2012 WL 1698351, at *2 (M.D. Fla. May 14, 2012) (plaintiffs asking court to "make good to one or more Plaintiff(s) for losses resulting from Defendants' breach of fiduciary duty and to provide other equitable or remedial relief" were seeking equitable relief (internal quotation marks omitted)); *Ellis v. Rycenga Homes, Inc.*, 2007 WL 1032367, at *2 (W.D. Mich. Apr. 2, 2007) ("[T]he traditional rule is that virtually all remedies against a fiduciary are equitable in nature." (citing Restatement (Second) of Trusts § 197 (1959)).

Nevertheless, based on Plaintiffs' counsel's arguments in several of the parallel class actions, Defendants anticipate that Plaintiffs will argue that their requests for monetary relief—particularly their demand that the Court hold Defendants "personally liable to make good" the losses caused by their alleged breaches of fiduciary duty (Am. Compl. at 139)—are legal in nature. This argument, according to Plaintiffs' counsel, revolves principally around the Supreme Court's decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), which purportedly drew a distinction between equitable restitution and legal restitution. But *Great-West*, which arose in a very different posture, offers no support for Plaintiffs' jury demand here.

In *Great-West*, a beneficiary of an ERISA health plan had received some $400,000 in benefits after an auto accident, most of which had been paid by the plan's insurer. The plan contract required the beneficiary to reimburse the plan for any expenses it covered for which she lat-

4

er received compensation from a third party. After the beneficiary settled with the manufacturer of the car in which she had been riding, the insurer sought to recover the money it had paid out by suing her under Section 502(a)(3) of ERISA to enforce the reimbursement provision. 534 U.S. at 208-09. The Supreme Court held that the suit was not cognizable under Section 502(a)(3)—which provides only for equitable relief[1]—because the insurer was seeking "to impose personal liability on [the beneficiary] for a contractual obligation to pay money—relief that was not typically available in equity." *Id.* at 210.

The foregoing recitation of facts makes clear that, for two reasons, *Great-West* has no bearing on the jury trial issue here. First, *Great-West* did not involve a Seventh Amendment issue at all, let alone whether the Seventh Amendment requires a jury trial for claims under Section 502(a)(2). Rather, *Great-West* addressed the distinct question of whether a particular form of monetary relief qualified as "equitable" relief for purposes of a cause of action under Section 502(a)(3). Second, *Great-West* did not involve a claim by a plan beneficiary against plan fiduciaries for breach of fiduciary duty, like Plaintiffs' claims in this case; rather, it was a claim *against* a beneficiary *by* a fiduciary. "This distinction is important, because historically courts have considered a claim for breach of fiduciary duty to be a matter for courts of equity. The *Great-West* analysis does not suggest (much less hold) that a claim for restitution by a plan fiduciary for breach of fiduciary duty is a legal rather than equitable claim." *George v. Kraft Foods Glob., Inc.*, 2008 WL 780629, at *3 (N.D. Ill. Mar. 20, 2008) (internal citations omitted).

To be sure, *Great-West* stated that restitution is sometimes legal in nature and that "for restitution to lie in equity, the action generally must seek . . . to restore to the plaintiff particular funds or property in the defendant's possession." 534 U.S. at 214. But as numerous courts have

---

[1] Section 502(a)(3) authorizes a plan participant, beneficiary, or fiduciary to sue to "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or . . . to obtain other appropriate *equitable* relief." 29 U.S.C. § 1132(a)(3) (emphasis added).

observed, the claims that the Supreme Court identified as involving legal restitution were ones that could be "viewed essentially as actions at law for breach of contract"—like the contractual claim at issue in that case. *See, e.g.*, *George*, 2008 WL 780629, at *3 (quoting *Great-West*, 534 U.S. at 213). Whatever its impact on contract or quasi-contract claims, numerous courts have held that *Great-West* did not alter the traditional rule that claims of breach of fiduciary duty against a fiduciary—like the ones in this case—are equitable in nature. *See, e.g.*, *Perez*, 185 F. Supp. 3d at 703 (distinguishing *Great-West* on the ground that "[i]n this case, unlike in *Great-West*, the Secretary has invoked no contract rights whatsoever; rather, the Secretary proceeds against AmeriGuard and the other Fiduciary Defendants in their capacities as fiduciaries"); *Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*, 2013 WL 6189802, at *11 (D. Vt. Nov. 27, 2013) ("This case is distinguishable from *Great-West*. In that case there was no breach of fiduciary duty claim: the fiduciary itself was the plaintiff, suing a beneficiary."); *In re YRC Worldwide, Inc. ERISA Litig.*, 2010 WL 4920919, at *4 (D. Kan. Nov. 29, 2010) ("[I]n *Great–West*, the Supreme Court was considering a claim more akin to a breach of contract action, arising from a contractual duty instead of a fiduciary duty, and the Court quite unremarkably determined that such a claim was a legal claim."); *Abbott v. Lockheed Martin Corp.*, 2007 WL 2316481, at *2 (S.D. Ill. Aug. 13, 2007) (explaining, in a class action under Sections 502(a)(2) and (a)(3) regarding excessive fees and expenses, that *Great-West* had "no bearing on the instant matter, given that a contractual claim for indemnity against a nonfiduciary would never have been considered as involving equitable relief"); *Ellis*, 2007 WL 1032367, at *4 ("[*Great-West*'s] holding is not remarkable, as a claim for indemnity under a written contract, made against a nonfiduciary, has never been considered to involve equitable claims or relief.").

In any event, even if the monetary relief sought by Plaintiffs could be deemed legal in na-

ture, the question is not whether one of Plaintiffs' claims is deemed to be legal, but whether the relief sought by Plaintiffs, taken *as a whole*, is legal or equitable. *See, e.g.*, *Perez*, 185 F. Supp. 3d at 704 (holding no jury trial right existed, considering relief sought by ERISA plaintiff "as a whole"); *Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*, 876 F. Supp. 809, 817 (E.D. Va. 1995) (holding no jury trial was warranted on Section 502(a)(2) claim because "a proper inquiry into the *overall* relief sought reveals that any damages-type remedy is thoroughly and inexorably intertwined with wholly equitable forms of relief"); *see also Tull*, 481 U.S. at 424 ("A court in equity was empowered to provide monetary awards that were incidental to or intertwined with injunctive relief."). On that score, there is no question that the overall relief Plaintiffs seek is equitable—in addition to a monetary recovery, they seek numerous forms of injunctive and equitable relief, including accounting, reformation of the Plans, removal of the Plan fiduciaries, and injunctive relief against future ERISA violations.  Am. Compl. at 139-40.

For these reasons, "courts sitting nationwide have repeatedly held (in the years following *Great-West*, no less) that claims under section 502(a)(2) do not implicate the Seventh Amendment's jury guarantee." *Perez*, 185 F. Supp. 3d at 704 (collecting cases); *see also, e.g.*, *Spano v. Boeing Co.*, 2007 WL 1149192, at *8 (S.D. Ill. Apr. 18, 2007) ("The Court notes further that the overwhelming weight of authority in the federal courts holds that actions under ERISA § 502(a)(2) . . . are equitable in nature for purposes of the Seventh Amendment jury trial right." (internal citations omitted)). This Court should do the same.[2]

---

[2]   In 2003, another district court in this district held that Section 502(a)(2) claims entail the right to a jury trial. *See Bona v. Barasch*, 2003 WL 1395932, at *34 (S.D.N.Y. Mar. 20, 2003). The court acknowledged that a breach of fiduciary claim against an ERISA fiduciary is comparable to one against a trustee, which would traditionally have been resolved in equity, but it reasoned that under *Great-West*, monetary damages claims against fiduciaries are deemed to be legal. *Id.* at *35. Other courts, however, have rejected *Bona*'s analysis and expressly refused to follow it. *See, e.g.*, *George*, 2008 WL 780629, at *5 ("[W]e do not find [*Bona*] persuasive."); *Ellis*, 2007 WL 1032367, at *3 (stating that *Bona* and like cases rest on a "misunderstanding" of *Great-West*). This Court should do likewise: for the reasons given

## CONCLUSION

For the foregoing reasons, Defendants' motion should be granted and Plaintiffs' demand for a jury trial should be stricken.


Dated: February 14, 2018

/s/ Eric S. Mattson (with permission)
Joel S. Feldman
Eric S. Mattson
Daniel R. Thies
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jfeldman@sidley.com
emattson@sidley.com
dthies@sidley.com

Andrew W. Stern
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com

*Attorneys for Defendant CapFinancial Partners, LLC, d/b/a CAPTRUST Financial Advisors, LLC*

Respectfully submitted,

/s/ Brian D. Netter
Brian D. Netter
   bnetter@mayerbrown.com
Michelle N. Webster
Matthew A. Waring
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500

*Attorneys for Cornell Defendants*

---

above, *Bona* misread *Great-West*, and its holding contradicts the "clear weight of authority" on this issue. *Perez*, 185 F. Supp. 3d at 704.

8