IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CORNELL UNIVERSITY et al., <br><br> *Defendants*. | Civil Action No. 16-cv-6525 <br><br><br> Hon. P. Kevin Castel |

**CORNELL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500

Brian D. Netter
 bnetter@mayerbrown.com
Michelle N. Webster
Matthew A. Waring
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Cornell Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii
INTRODUCTION .............................................................................................................................. 1
ARGUMENT ....................................................................................................................................... 1
    A.    Plaintiffs' Allegations Regarding The 29 Proposed New Defendants Fail to Articulate a Plausible Claim for Relief. ................................................................ 2
    B.    Plaintiffs' Claimed Split In Authority Offers No Good Faith Basis For Amending The Complaint ................................................................................................... 5
CONCLUSION ................................................................................................................................... 6

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................................4

*Bd. of Trustees of Aftra Ret. Fund v. JPMorgan Chase Bank, N.A.*,
  806 F. Supp. 2d 662 (S.D.N.Y. 2011) .......................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................................................2

*City of Perry, Iowa v. Procter & Gamble Co.*,
  188 F. Supp. 3d 276 (S.D.N.Y. 2016) .......................................................................................2

*Conley v. Gibson*,
  355 U.S. 41 (1957) ....................................................................................................................2

*Cosgrove v. Circle K Corp.*,
  884 F. Supp. 350 (D. Ariz. 1995) ..............................................................................................3

*Coulter v. Morgan Stanley & Co.*,
  936 F. Supp. 2d 306 (S.D.N.Y. 2013) .......................................................................................2

*In re Citigroup ERISA Litig.*,
  662 F.3d 128 (2d Cir. 2011) ......................................................................................................3

*In re JPMorgan Chase & Co. ERISA Litig.*,
  2016 WL 110521 (S.D.N.Y. Jan. 8, 2016) ................................................................................4

*In re Polaroid ERISA Litig.*,
  362 F. Supp. 2d 461 (S.D.N.Y. 2005) .......................................................................................2

*Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*,
  145 F.3d 85 (2d Cir. 1998) ........................................................................................................1

*Lucente v. Int'l Bus. Machs. Corp.*,
  310 F.3d 243 (2d Cir. 2002) ......................................................................................................4

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) ......................................................................................................1

*Medina v. Catholic Health Initiatives*,
  2014 WL 4852272 (D. Colo. Sept. 30, 2014) ...........................................................................3

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Oneida Indian Nation of New York State v. County of Oneida, N.Y.*,
  199 F.R.D. 61 (N.D.N.Y. 2000) .................................................................................5

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*,
  889 F. Supp. 2d 453 (S.D.N.Y. 2012) .........................................................................2

*State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*,
  921 F.2d 409 (2d Cir. 1990) .......................................................................................5

*Sullivan v. M.A.C. Design Corp.*,
  2015 WL 5518456 (E.D.N.Y. Sept. 17, 2015) ...........................................................3

*Triestman v. Fed. Bureau of Prisons*,
  470 F.3d 471 (2d Cir. 2006) .......................................................................................4

**RULES**

Fed. R. Civ. P. 12(b)(6) .......................................................................................................4

Fed. R. Civ. P. 15(a)(2) .......................................................................................................1

## INTRODUCTION

There is a glaring defect in Plaintiffs' proposed Second Amended Complaint—the omission of *any* factual allegation that *any* of the 29 proposed new individual defendants exercised discretionary authority to cause (or to fail to prevent) the breaches of fiduciary duty that Plaintiffs allege therein.

The crux of Plaintiffs' position is that they do not need to allege that these individuals exercised authority to make any particular decision; the mere fact that they participated on the decision-making committee makes them personally responsible for every act of the committee.

Neither the pleading standards of the Federal Rules of Civil Procedure nor the substantive standards of ERISA permit a claim to proceed on this basis. Unless Plaintiffs can identify how these individuals violated ERISA, they cannot subject these individuals to litigation for breach of fiduciary duty.

## ARGUMENT

Successive amendments to a complaint require leave of the court, which should be granted if "justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "the trial judge's discretion is broad, and its exercise depends on many factors." *Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Here, Plaintiffs' motion should be denied because their proposed amendment is futile and because they have failed to articulate any good-faith basis why an amendment is necessary, given that, as this Court has already noted, the relief they seek on the claims permitted to proceed is obtainable from the existing defendants (Dkt. 122).

1

### A. Plaintiffs' Allegations Regarding The 29 Proposed New Defendants Fail to Articulate a Plausible Claim for Relief.

"A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012). To properly state a claim, a complaint must "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a complaint is filed against multiple defendants, it must "put each … Defendant on notice as to the claims against it, and contain[] factual allegations specific to each Defendant." *City of Perry, Iowa v. Procter & Gamble Co.*, 188 F. Supp. 3d 276, 285-86 (S.D.N.Y. 2016).

The proposed Second Amended Complaint would add 29 new individual defendants—but not a single fact about anything *any* of them did as individuals. Rather, the only allegations about these individuals pertain to their respective terms of membership on the Retirement Plan Oversight Committee ("Committee"). *See* Hoeplinger Decl. Ex. 2 (Dkt. 134-2), ¶¶ 28-55.

Plaintiffs' theory is that any member of a committee is a guarantor of every decision of the committee. But that is not the law. Plaintiffs' position is that they can state a claim by (1) alleging that the defendant was a fiduciary; and (2) alleging that the fiduciaries to the plan breached their duties. But they are missing a key element to state a claim. "An ERISA fiduciary may be liable for breaching his fiduciary duties through conduct adversely affecting the plan only to the extent that conduct occurs while the individual is a fiduciary ***and falls within the scope of his fiduciary authority***." *Bd. of Trustees of Aftra Ret. Fund v. JPMorgan Chase Bank, N.A.*, 806 F. Supp. 2d 662, 680 (S.D.N.Y. 2011) (quoting *In re Polaroid ERISA Litig.*, 362 F. Supp. 2d 461, 471 (S.D.N.Y. 2005)); *see also Coulter v. Morgan Stanley & Co.*, 936 F. Supp. 2d 306, 314 (S.D.N.Y. 2013) (An individual "is only subject to these fiduciary duties 'to the extent' that the

person, among other things, 'exercises any discretionary authority or discretionary control respecting management of [a] plan' or 'has any discretionary authority or discretionary responsibility in the administration of [a] plan.'") (quoting *In re Citigroup ERISA Litig.*, 662 F.3d 128, 135 (2d Cir. 2011)).

Plaintiffs have alleged that the *Committee* exercises discretion over the administration of the Plans and that the *Committee* exercises discretion over Plan assets. Dkt. 38, ¶ 28. But they have not—and cannot—allege that *individual Committee members* have any authority to exercise discretion over the Plans. As a matter of common sense, individual committee members would not plausibly have the power to override the Committee on which they sit. So only the decision-making body—the Committee—must defend the Committee's actions.

Plaintiffs' pithy rejoinder is that "[a] committee can act, or fail to act, only through the actions or omissions of its individual constituent members." Mot. 12 (quoting *Medina v. Catholic Health Initiatives*, 2014 WL 4852272, at *3 (D. Colo. Sept. 30, 2014)). But that *ipse dixit* is no substitute for factual allegations of actual exercises of discretionary authority by the individual defendants—which is the minimum requirement for stating a claim for fiduciary breach. Indeed, "[f]iduciary status derives from an individual's *actions* in connection with an employee benefits plan, and not merely from the position he holds." *Sullivan v. M.A.C. Design Corp.*, 2015 WL 5518456, at *4 (E.D.N.Y. Sept. 17, 2015) (emphasis added). It is therefore incumbent on Plaintiffs to allege that each of these new defendants *individually* exercised discretionary authority or control over the plan decisions to which they object. *See, e.g., Cosgrove v. Circle K Corp.*, 884 F. Supp. 350, 353 (D. Ariz. 1995) (granting summary judgment on issue of individual's fiduciary status because "[t]he record is devoid of any actions personally taken by Karl Eller . . . to control or unduly influence the Plan trustees' decision"). They have failed to meet the pleading burden.

3

Nothing in Plaintiffs' amendment indicates that the proposed new individual defendants exercise any authority over the administration of the Plans personally, as opposed to the Committee acting as a whole, where individual committee members lack discretionary authority.

Plaintiffs do allege, in grand, conclusory fashion, that "the Committee Members are fiduciaries to the Plans because they exercised discretionary authority or discretionary control respecting the management of the Plans or exercised authority or control respecting the management or disposition of its assets, and have discretionary authority or discretionary responsibility in the administration of the Plans." Dkt. 134-2, ¶ 56. But "[s]uch bare legal conclusions are insufficient to state a claim against a purported ERISA fiduciary," and the Court thus need not and should not credit them. *In re JPMorgan Chase & Co. ERISA Litig.*, 2016 WL 110521, at *3 (S.D.N.Y. Jan. 8, 2016) (allegation that defendant "has discretionary authority and control regarding the administration and management of the Plans" was insufficient to state a claim). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (even *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law" or "excuse frivolous or vexatious filings").

The proposed Second Amended Complaint fails to state a claim against the 29 proposed new individual defendants, and that is reason enough to deny Plaintiffs leave to file it. *See, e.g.*, *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).").

### B.   Plaintiffs' Claimed Split In Authority Offers No Good Faith Basis For Amending The Complaint.

In the alternative, this Court should deny Plaintiffs' motion because they have failed to articulate a good faith basis for the amendment. The absence of such a showing is a sufficient basis to deny the motion. *See, e.g.*, *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (affirming denial of leave to amend complaint because plaintiff "apparently lacked a good faith basis"); *Oneida Indian Nation of New York State v. County of Oneida, N.Y.*, 199 F.R.D. 61, 80 (N.D.N.Y. 2000) (refusing leave to amend based on "[a] finding that a party is seeking leave to amend solely to gain a tactical advantage").

In authorizing Plaintiffs to file their motion, this Court clearly articulated the stakes, directing Plaintiffs to:

> address why they need to name 29 additional individuals as defendants other than (a) they think they can, and (b) the assertion of multi-million dollar claims against these individuals who served on a committee at their employer's request has the tremendous power to harass these individuals because they will be required to list the lawsuit on every auto, mortgage or student financial aid application they file.

Dkt. 122, at 1.

Plaintiffs' supposed justification for amending their complaint is a purported split of authority regarding whether fiduciary committees are proper defendants under ERISA. According to Plaintiffs, this split of authority makes it necessary for them to name the 29 individual defendants because Plaintiffs "cannot take the risk of not being able to obtain a recovery from the Committee if the Court later rules that it is not a proper ERISA fiduciary." Mot. 8.

As Plaintiffs see it, then, it is necessary to subject these 29 individuals to litigation because, otherwise, the Cornell Defendants might argue that Plaintiffs were *required* to join the individual Committee members instead of the Committee itself. But that supposed concern is ar-

5

tificial. As demonstrated by the exhibits to Plaintiffs' motion, the Cornell Defendants agreed to stipulate that they *would not argue* that Plaintiffs were required to sue the individual members of the Committee in lieu of the Committee itself. *See* Hoeplinger Decl. Ex. 7 (Dkt. 134-7) at 1; *id.* Ex. 9 (Dkt. 134-9) at 1. And for avoidance of doubt, the Cornell Defendants represent now to the Court that they will not make any such argument. Given that forfeiture, Plaintiffs' concern about not having a defendant to hold liable does not reflect a good-faith interest in preserving their rights. If anything, Plaintiffs' insistence on creating powerful disincentives to committee membership calls into question their suitability to act—in a fiduciary capacity, no less—as representatives of all Plan participants.

As the Court has already noted (Dkt. 122), Plaintiffs' quest to add 29 new individual defendants to the case would serve only to hassle these individuals, whom even Plaintiffs concede are unlikely to have "much in the way of document discovery" beyond what will already be produced to Plaintiffs. Mot. 11. Because Plaintiffs have no sound reason to subject these 29 individuals to their multi-million dollar case, their request to amend the complaint should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file a Second Amended Complaint should be denied.

6

| | |
|---|---|
| Dated: February 23, 2018 | Respectfully submitted, |
| Nancy G. Ross<br>MAYER BROWN LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606-4637<br>Telephone: (312) 782-0600<br><br>Jean-Marie L. Atamian<br>MAYER BROWN LLP<br>1221 Avenue of the Americas<br>New York, New York 10020-1001<br>Telephone: (212) 506-2500 | */s/ Brian D. Netter*<br>Brian D. Netter<br> bnetter@mayerbrown.com<br>Michelle N. Webster<br>Matthew A. Waring<br>MAYER BROWN LLP<br>1999 K Street NW<br>Washington, DC 20006-1101<br>Telephone: (202) 263-3000<br>Facsimile: (202) 263-3300<br><br>*Attorneys for Defendants* |

7

8

## CERTIFICATE OF SERVICE

I hereby certify that, on February 23, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By:   /s/ *Brian D. Netter*
      Brian D. Netter