# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CORNELL UNIVERSITY *et al.*, <br><br> Defendants. | No. 1:16-CV-06525-PKC <br><br> **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND** |

**Table of Contents**

BACKGROUND ...........................................................................................................................1

I.      Claims at issue and relief sought. ......................................................................................1

II.     Availability of damages under ERISA. .............................................................................1

III.    Trial by jury is available for legal claims. .........................................................................2

ARGUMENT .................................................................................................................................4

I.      Plaintiffs seek legal, not equitable, relief for which they are entitled to a jury trial. ...........4

II.     Defendants' arguments are unpersuasive. ..........................................................................5

III.    Plaintiffs' request for equitable remedies in addition to damages does not negate the right to a jury trial on their legal claims. ............................................................................8

CONCLUSION ..............................................................................................................................8

## Table of Authorities

**Cases**

*Abbott v. Lockheed Martin Corp.*,
  No.06-701, 2007 WL 2316481, 2007 U.S.Dist.LEXIS 58930 (S.D.Ill. Aug. 13, 2007)............ 7

*Bauer-Ramazani v. Teachers Insurance & Annuity Association of America-College Retirement & Equities Fund*,
  No. 09-190, 2013 WL 6189802, 2013 U.S.Dist.LEXIS 169261 (D.Vt. Nov. 27, 2013) ........... 7

*Bona v. Barasch*,
  No. 01-2289-MBM, 2003 U.S.Dist.LEXIS 4186 (S.D.N.Y. Mar. 20, 2003) ........................ 2, 3

*Bowen v. Mass.*,
  487 U.S. 879 (1988) ................................................................................................................ 5

*Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Virginia*,
  876 F.Supp. 809 (E.D.Va. 1995) ........................................................................................ 7–8

*Chao v. Meixner*,
  No. 07-595, 2007 U.S. Dist. LEXIS 87490 (N.D. Ga. Nov. 27, 2007) ................................. 4, 5

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
  494 U.S. 558 (1990) ................................................................................................................ 2

*Cigna Corp. v. Amara*,
  563 U.S. 421 (2011) ................................................................................................................ 5

*Coan v. Kaufman*,
  457 F.3d 250 (2d Cir. 2006) ................................................................................................ 2, 3

*Ehlen Floor Covering, Inc. v. Lamb*,
  No. 07-666, 2012 WL 1698351, 2012 U.S.Dist.Lexis 66916 (M.D.Fla. May 14, 2012) ........... 7

*Ellis v. Rycenga Homes, Inc.*,
  No. 04-694, 2007 WL 1032367, 2007 U.S.Dist.LEXIS 24127 (W.D.Mich. Apr. 2, 2007) ....... 7

*George v. Kraft Foods Global, Inc.*,
  No. 07-1713, 2008 WL 780629, 2008 U.S.Dist.LEXIS 22126 (N.D.Ill. Mar. 20, 2008) .......... 7

*Great-West Life & Annuity Ins. Co. v. Knudson*,
  534 U.S. 204 (2002) ................................................................................................ 1, 2, 3, 5, 6

*Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*,
  No. 11-282, 2012 U.S.Dist.LEXIS 6233 (D. Conn. Jan. 18, 2012) ...................................... 3, 8

*Hellman v. Cataldo*,
  No. 12-2177, 2013 U.S.Dist.LEXIS 117676 (E.D. Mo. Aug. 20, 2013) ............................ 3, 5, 8

*In re YRC Worldwide, Inc.*,
  No. 09-2593, 2010 WL 4920919, 2010 U.S.Dist.LEXIS 125654 (D.Kan. Nov. 29, 2010) ....... 7

*Lamberty v. Premier Millwork & Lumber Co.*,
  329 F.Supp.2d 737 (E.D.Va. 2004) ......................................................................................... 4

*Malone v. Teachers Ins. & Ann. Ass'n of Am.*,
  No. 15-8038, 2017 U.S.Dist.LEXIS 32308 (S.D.N.Y. Mar. 7, 2017)(Castel, J.) ............... 3, 4, 6

*Mertens v. Hewitt Assocs.*,
  508 U.S. 248 (1993) .................................................................................................. 1, 2, 3, 4

*Montanile v. Bd. of Trs. Of Nat'l Elevator Indus. Health Ben. Plan*,
  136 S.Ct. 651 (2016) ..................................................................................................... 2, 4, 6

*Parsons v. Bedford*,
  3 Pet. 433 (1830) ................................................................................................................ 2

*Pereira v. Farace*,
  413 F.3d 330 (2d Cir. 2005) ................................................................................ 1, 2, 3, 4, 6, 7

*Perez v. Silva*,
  185 F.Supp.3d 698 (D.Md. 2016) ...................................................................................... 6

*Ross v. Bernhard*,
  396 U.S. 531 (1970) ........................................................................................................... 8

*Sereboff v. Mid Atl. Med. Servs., Inc.*,
  547 U.S. 356 (2006) ........................................................................................................... 2

*Spano v. Boeing Co.*,
  No. 06-743, 2007 WL 1149182, 2007 U.S.Dist.LEXIS 28774 (S.D.Ill. Apr. 17, 2007) ........... 7

*Tull v. United States*,
  481 U.S. 412 (1987) ........................................................................................................... 8

*US Airways, Inc. v. McCutchen*,
  133 S.Ct. 1537 (2013) ........................................................................................................ 2

**Statutes**

29 U.S.C. §1132(a)(1)(B) ...................................................................................................... 6
29 U.S.C. §1132(a)(2) ....................................................................................................... 1, 5
29 U.S.C. §1132(a)(3) .......................................................................................................... 6

**Rules**

Fed.R.Civ.P. 38(a) ................................................................................................................ 2

**Other Authorities**

Restatement of Restitution (1936) ........................................................................................ 5

Plaintiffs have the right to a jury trial on legal claims. Plaintiffs seek to recover monetary compensation from Defendants' general assets, rather than "particular funds or property in [Defendants'] possession." *Pereira v. Farace*, 413 F.3d 330, 340 (2d Cir. 2005)(quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002)). Plaintiffs thus seek "compensatory damages—a legal claim," and are "entitled to a jury trial on [their] breach of fiduciary duty claims." *Id*. at 341. Defendants' motion should be denied.

## BACKGROUND

### I. Claims at issue and relief sought.

This is an action under 29 U.S.C. §1132(a)(2) for Defendants' breach of ERISA's fiduciary duties to the Plans. Plaintiffs allege that Defendants imprudently managed the Plans by allowing participants to be charged excessive fees for administrative and recordkeeping services and by selecting and retaining unnecessarily expensive and underperforming investment options. Doc. 107 at 5. They seek to recover the Plans' losses resulting from those breaches, in addition to non-monetary relief. Doc. 81 at 139–140.

### II. Availability of damages under ERISA.

If a fiduciary breaches its duties to an ERISA-qualified plan, 29 U.S.C. §1132(a)(2) "allows the Secretary of Labor or any plan beneficiary, participant, or fiduciary to bring a civil action 'for appropriate relief under section [1109].'" *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253 (1993) (quoting 29 U.S.C. §1132(a)(2)). The remedies available under 29 U.S.C. §1109 are broad. A fiduciary that breaches its duties:

> shall be *personally liable* to make good to such plan any *losses to the plan* resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable *or remedial* relief as the court may deem appropriate, including removal of such fiduciary.

1

29 U.S.C. §1109(a)(emphases added); *see also Coan v. Kaufman*, 457 F.3d 250, 254 (2d Cir. 2006)(§1132(a)(2) authorizes participants to "bring suit on behalf of the plan for legal and equitable remedies"); *Bona v. Barasch*, No. 01-2289-MBM, 2003 U.S.Dist.LEXIS 4186, *100 (S.D.N.Y. Mar. 20, 2003)(§1109(a) allows plaintiff to sue "for damages or equitable relief"). Fiduciaries are "personally liable for *damages*[.]" *Mertens*, 508 U.S. at 252 (emphasis added).

**III. Trial by jury is available for legal claims.**

Plaintiffs have a constitutional right to a jury trial over legal, but not equitable, claims. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990)(quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)); U.S. Const., amend. VII; Fed.R.Civ.P. 38(a).

An equitable claim is one to recover "specifically identifiable funds ... within the possession and control" of the defendant. *Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Ben. Plan*, 136 S.Ct. 651, 658 (2016)(quoting *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 362–63 (2006), and *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 95 (2013)). Equitable relief is available only when the plaintiff can clearly identify particular funds or property in the defendant's possession that in good conscience belong to the plaintiff. *Id.* at 657 (citing *Great-West*, 534 U.S. at 213). For relief to be equitable, "the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Pereira*, 413 F.3d at 340 (quoting *Great-West*, 534 U.S. at 214). ERISA, however, imposes personal liability on each fiduciary whose breach of duty causes losses to a plan. 29 U.S.C. §1109(a).

Legal claims do not seek recovery of a specifically identifiable fund; instead, they are claims for the plaintiff's damages, to be paid from the defendant's general assets. *Montanile*, 136 S.Ct. at 658 (quoting *Sereboff*, 547 U.S. at 362–63). Claims for "monetary relief for all losses [a] plan sustained as a result of [an] alleged breach of fiduciary duty" seek "nothing other than

2

compensatory *damages*"—a "classic form of *legal* relief." *Mertens*, 508 U.S. at 255 (emphasis in original); *Great-West*, 534 U.S. at 210 (legal claims seek "no more than compensation for loss resulting from the defendant's breach of a legal duty"). Where plaintiffs identify "no particular funds or specific property against which they would be entitled to equitable relief," "[t]hey essentially seek compensatory damages." *Malone v. Teachers Ins. & Ann. Ass'n of Am.*, No. 15-8038, 2017 U.S.Dist.LEXIS 32308, *17–18 (S.D.N.Y. Mar. 7, 2017)(Castel, J.).

Though monetary relief may be obtained through equitable restitution, since *Great-West* clarified the difference between legal and equitable claims, the Second Circuit requires that a defendant "possess the funds at issue for the remedy of equitable restitution to lie against him." *Pereira*, 413 F.3d at 341 (citing *Great-West*, 534 U.S. at 214 n.2); *Coan*, 457 F.3d at 263–64 (claim is legal, not equitable, where plaintiff "seeks monetary relief" and "does not attempt to recover a specifically identified fund from defendants"). While actions for breach of fiduciary duty historically are equitable (*Pereira*, 413 F.3d at 339), where damages are based on the plaintiff's loss rather than the defendant's gain, the action is legal in nature, and the right to a jury trial is guaranteed. *Id.* at 341.

Until *Great-West* and subsequent decisions, courts had consistently held that plaintiffs had no right to a jury trial in ERISA fiduciary breach actions because of the traditional equitable nature of fiduciary breach claims. *Bona*, 2003 U.S.Dist.LEXIS 4186 at *101–02. But since then, courts have recognized the change in the legal landscape and the right to a jury trial where plaintiffs sought to recover their plan's damages—a traditional legal remedy. *Id.* at *102–06; *see also Hellman v. Cataldo*, No. 12-2177, 2013 U.S.Dist.LEXIS 117676, *11–13 (E.D. Mo. Aug. 20, 2013); *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 11-282, 2012 U.S.Dist. LEXIS 6233, *14–17 (D.Conn. Jan. 19, 2012); *Chao v. Meixner*, No. 07-595, 2007 U.S. Dist.

LEXIS 87490, *10–15 (N.D. Ga. Nov. 27, 2007); *Lamberty v. Premier Millwork & Lumber Co.*, 329 F.Supp.2d 737, 744–45 (E.D.Va. 2004).

## ARGUMENT

**I. Plaintiffs seek legal, not equitable, relief for which they are entitled to a jury trial.**

Plaintiffs seek damages in an amount that would "make good to the Plans all losses … resulting from each breach of fiduciary duty, and to otherwise restore the Plans to the position they would have occupied but for the breaches of fiduciary duty." Doc. 81 at 139. This is "nothing other than compensatory damages." *Mertens*, 508 U.S. at 255. Recovering "specifically identifiable funds" (*Montanile*, 136 S.Ct. at 658) in each Defendant's control would be impossible. Excessive administrative fees were paid to third-party recordkeepers. Doc. 81 at 63–66 (¶¶125–138); *id.* at 139. Fees for higher-cost share classes of certain mutual funds (*id.* at 68–78 (¶¶144–152)) and underperforming investment options (*id.* at 96–113 (¶¶173–202) likewise were not paid to Defendants. *Id.* at 18 (¶¶36–37). Plaintiffs can only obtain a monetary recovery from Defendants' general assets. *Montanile*, 136 S.Ct. at 658. They thus seek legal, not equitable, remedies. *Pereira*, 413 F.3d at 341.

In *Malone*, plaintiffs brought the same claim Plaintiffs bring here—that their university-sponsored retirement plans' recordkeeper[1] charged excessive administrative fees. 2017 U.S.Dist. LEXIS 32308 at *7. They sought "to recover excess amounts paid to TIAA by the [p]lans, the [p]lan investment options, and any other source due to TIAA's control of [p]lan assets." *Id.* at *15. This was "a concrete injury-in-fact for which monetary *damages* or equitable relief would provide redress." *Id.* at *7–8 (emphasis added). Relying on *Great-West*, the Court held that plaintiffs' claims were "legal rather than equitable in nature" because plaintiffs had "identified

---

[1] The recordkeeper in *Malone* was Teachers Insurance and Annuity Association of America ("TIAA"), which is also one of the Plans' recordkeepers in this case. 2017 U.S.Dist.LEXIS 32308, *2; Doc. 81 at 3 (¶4).

4

no particular funds or specific property against which they would be entitled to equitable relief." *Id.* at *17–19. For the same reasons, Plaintiffs' claims here are legal, not equitable.[2]

Plaintiffs "seek no more than compensation for loss resulting from the defendant's breach of legal duty[.]" *Great-West*, 534 U.S. at 210 (quoting *Bowen v. Mass.*, 487 U.S. 879, 918–19 (1988), Scalia, J., dissenting). They seek "to obtain a judgment imposing merely a personal liability upon the defendant to pay a sum of money[.]" *Id.* at 213 (quoting Restatement of Restitution §160, Comment a, pp. 641–42 (1936)). This claim is legal, not equitable. Plaintiffs are entitled to a jury trial. *See, e.g.*, *Hellman*, 2013 U.S.Dist.LEXIS 117676 at *11–13 (ERISA fiduciary breach action that did not seek particular funds in defendant's possession, but instead demanded compensation as a matter of personal liability, is a legal claim subject to jury trial); *Meixner*, 2007 U.S.Dist.LEXIS 87490 at *12–13 (same).

## II. Defendants' arguments are unpersuasive.

Defendants' argument that *Great-West* does not apply to claims for jury trials or claims against fiduciaries (Doc. 138 at 9 (Mem. 5)) is foreclosed by *Pereira*, which held that *Great-West* allows a jury trial on claims against fiduciaries. 413 F.3d at 341. *Pereira* likewise rejected Defendants' argument that *Great-West* applies only to breach of contract claims (Doc. 138 at 10 (Mem. 6)) by applying it to fiduciary breach claims (*id.*).

The cases Defendants cite in arguing Plaintiffs seek equitable relief are inapposite and unpersuasive. *Cigna Corp. v. Amara*, 563 U.S. 421 (2011), did not involve a monetary claim under 29 U.S.C. §1132(a)(2) and §1109(a). Rather, the Court considered whether the district court's decision to reform a retirement plan—which "resemble[d] estoppel, a traditional

---

[2] Whereas plaintiffs in *Malone* brought claims under 29 U.S.C. §1132(a)(3), which provides exclusively for equitable relief (*id.* at *17), Plaintiffs' claims here are brought under §1132(a)(2), which provides legal relief.

5

equitable remedy"—was authorized under §1132(a)(1)(B) or §1132(a)(3). *Id.* at 435–42.[3] And it reiterated that monetary relief is not equitable "unless the funds in question were '*particular* funds or property in the defendant's possession.'" *Id.* at 439 (citing *Great-West*, 534 U.S. at 213, emphasis in original). Moreover, *Montanile* clarified that *CIGNA*'s discussion of what damages remedies are available under §1132(a)(3) in the way of surcharge is dictum and indicated that a damages award outside of restitution of specifically identified funds in the defendant's possession is not an equitable remedy. 136 S.Ct. at 660 n.3. As *Montanile* explained, when a court (even a court in equity) makes a monetary award from a defendant's general assets, "the rights of the parties are *strictly legal*, and the final remedy granted is of the kind which might be conferred by a *court of law*." *Id.* at 660–61 (emphasis added, internal quotations and citation omitted).

*Perez v. Silva*, 185 F.Supp.3d 698 (D.Md. 2016), considered neither *Montanile*, which it post-dated by 4 months, nor *Pereira*. While "there [was] no allegation … that 'money or property identified as belonging … to the [plans] could clearly be traced to particular funds or property in [defendant's] possession,'" it refused to apply *Great-West* because it believed *Great-West* applied only in cases "akin to a breach of contract action." *Id.* at 703. In the Second Circuit, however, it applies in fiduciary breach cases. *Pereira*, 413 F.3d at 341. The *Silva* court also believed that the relief the plaintiff sought was "comparable to surcharge," an equitable remedy. 185 F.Supp.3d at 703–04. But *Malone* held that the type of relief Plaintiffs seek here is damages, not a surcharge. 2017 U.S.Dist.LEXIS 32308 at *17–18.[4]

---

[3] In fact, the only portions of *Cigna* Defendants cite come from the Court's discussion of §1132(a)(3), which specifically authorizes only injunctions or "other appropriate equitable relief." Doc. 138 at 7–8 (Mem. 3–4); 563 U.S. at 440–42; 29 U.S.C. 1132(a)(3).

[4] *Perez* also acknowledged that an ERISA plaintiff may seek a jury trial "if the action would vindicate inherently *legal*, as opposed to *equitable*, rights." 185 F.Supp.3d at 700 (emphasis in original).

6

Like *Silva*, *In re YRC Worldwide, Inc.*, No. 09-2593, 2010 WL 4920919, 2010 U.S.Dist. LEXIS 125654, *10–13 (D.Kan. Nov. 29, 2010), held the plaintiff's claim to be equitable even though it did not seek to recover specific funds in the defendant's possession. *Pereira*, however, forbids this result. *Bauer-Ramazani v. Teachers Insurance & Annuity Association of America-College Retirement & Equities Fund*, No. 09-190, 2013 WL 6189802, 2013 U.S.Dist.LEXIS 169261, *35 (D.Vt. Nov. 27, 2013), held that *Great-West* did not apply because it involved a claim against a non-fiduciary. But *Pereira*, which *Bauer-Ramazani* did not consider, rejected this. 413 F.3d at 341. *Ellis v. Rycenga Homes, Inc.*, No. 04-694, 2007 WL 1032367, 2007 U.S.Dist.LEXIS 24127, *13 (W.D.Mich. Apr. 2, 2007), actually allowed a jury trial in an ERISA case. It also recognized that *Pereira* supports "the availability of a jury trial" in ERISA suits. *Id.*

*Ehlen Floor Covering, Inc. v. Lamb*, No. 07-666, 2012 WL 1698351, 2012 U.S.Dist.Lexis 66916, *7–9 (M.D.Fla. May 14, 2012), misconstrued *Pereira*'s holding to be that "breach of fiduciary duty claims were historically within the jurisdiction of equity courts" (413 F.3d at 338) and ignored the distinction between legal and equitable relief. *George v. Kraft Foods Global, Inc.*, No. 07-1713, 2008 WL 780629, 2008 U.S.Dist.LEXIS 22126 (N.D.Ill. Mar. 20, 2008), *Abbott v. Lockheed Martin Corp.*, No.06-701, 2007 WL 2316481, 2007 U.S.Dist.LEXIS 58930 (S.D.Ill. Aug. 13, 2007), and *Spano v. Boeing Co.*, No. 06-743, 2007 WL 1149182, 2007 U.S. Dist.LEXIS 28774 (S.D.Ill. Apr. 17, 2007), did not consider and are not bound by *Pereira*, and their holdings are contrary to that authority. Moreover, *George*, 2008 U.S.Dist.LEXIS 22126 at *10–11, and *Abbott*, 2007 U.S.Dist.LEXIS 58930 at *6, distinguished *Great-West* because it dealt with contractual claims, but *Pereira* makes clear it applies in fiduciary breach claims. *Spano* did not consider *Great-West* in its analysis at all. 2007 U.S.Dist.LEXIS 28774. *Broadnax*

7

*Mills, Inc. v. Blue Cross & Blue Shield of Virginia*, 876 F.Supp. 809 (E.D.Va. 1995), pre-dated *Great-West* and its holding is superseded.

### III. Plaintiffs' request for equitable remedies in addition to damages does not negate the right to a jury trial on their legal claims.

Plaintiffs' request for other equitable remedies does not negate their right to a jury trial on legal claims. When a claim for damages "is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as 'incidental' to the equitable relief sought." *Tull v. United States*, 481 U.S. 412, 425 (1987)(internal citation and quotation omitted). The Seventh Amendment's right to a jury trial is not abridged when equitable and legal claims are joined in the same action. *Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970); *see also Hellman*, 2013 U.S.Dist.LEXIS 117676 at *13 (plaintiffs' right to jury trial on legal claims unaffected by request for equitable relief); *Healthcare Strategies*, 2012 U.S.Dist.LEXIS 6233 at *17–19 (striking jury demand on equitable claims but not legal claim).

## CONCLUSION

The Court should deny Defendants' motion and allow Plaintiffs a trial by jury.

February 28, 2018                                          Respectfully Submitted,

/s/ Stephen M. Hoeplinger
SCHLICHTER BOGARD & DENTON LLP
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter (*pro hac vice*)
Michael A. Wolff (*pro hac vice*)
Stephen M. Hoeplinger (*pro hac vice*)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
aschlichter@uselaws.com
jschlichter@uselaws.com
mwolff@uselaws.com
shoeplinger@uselaws.com
*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

/s/ Stephen M. Hoeplinger