IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CORNELL UNIVERSITY *et al.*, <br><br> Defendants. | No. 1:16-CV-06525-PKC <br><br><br> **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

    The Court has already held that Plaintiffs sufficiently allege the Retirement Plan Oversight Committee (the "Committee") breached its fiduciary duties to the Plans. Doc. 107. Committees can act only through their members, and allegations that individuals served on a fiduciary committee and thus exercised authority or control over a retirement plan are sufficient to state a fiduciary breach claim against them. Amendment thus is not futile. Plaintiffs also act in good faith. The Cornell Defendants deny that Cornell is a fiduciary at all and are unclear as to whether they concede the Committee is liable as a fiduciary under 29 U.S.C. §1002(9) and §1109(a). Even if the Committee does have ERISA liability, it is uncertain whether the Plans will be able to recover damages from it. Plaintiffs thus satisfy Rule 15(a)(2)'s requirements. The Court should allow Plaintiffs to file their Second Amended Complaint.

**I. The proposed Second Amended Complaint sufficiently alleges that the Committee's members were fiduciaries and breached their duties.**

    The Cornell Defendants' contention that the complaint states a claim against the Committee but not its members (Doc. 139 at 7 (Mem. 3)) is incorrect. As Plaintiffs previously have explained, the Cornell Defendants' cases (*id.* at 6–8 (Mem. 2–4)) are inapposite because none of

them examined whether allegations stating a claim against a committee also were sufficient to state a claim against its members.[1] Doc. 133 at 17 (Mem. 12). One recent case has examined this specific question, however, and it rejected the Cornell Defendants' argument.

*Marshall v. Northrop Grumman Corp.*, No. 16-6794, Doc. 143 (C.D.Cal. Feb. 15, 2018),[2] is directly on point. Defendants there, represented by the same counsel as the Cornell Defendants here, argued that the complaint failed to allege fiduciary breaches by committee members because it "contain[ed] no factual allegations showing that [they] acted individually in any of the conduct alleged to violate ERISA," or allegations "of specific [conduct] taken by any [committee member]." *Marshall*, No. 16-6794, Doc. 141-1 at 18–19 (Mem. 13–14) (C.D.Cal. Dec. 15, 2017); *see also Marshall*, No. 16-6794, Doc. 143 at 11 (Mem. 6) (C.D.Cal. Feb. 2, 2018) ("[p]laintiffs have made no allegations … to show how the [committee members] bear individual responsibility for the supposed fiduciary shortcomings that [p]laintiffs attribute to the [c]ommittees."). The court disagreed. It held that committee members were "*de facto* fiduciaries*,*" and that plaintiffs "allege[d] facts or circumstances from which it can be inferred that [their] actions may have set in motion the circumstances for which [p]laintiffs complain." *Marshall*, No. 16-6794, Doc. 146 at 10 (C.D.Cal. Feb. 15, 2018). It further held that allegations that individual committee members "may have exercised discretionary authority over the [p]lan and the [c]ommittees during the class period" were sufficient to state a claim. *Id.*

*Marshall*'s reasoning applies here. The proposed Second Amended Complaint alleges that the Committee members exercised discretionary authority, control, or responsibility over the Plans through their service on the Committee during the class period. Doc. 134-1 at 12–16

---

[1] The Cornell Defendants' new case, *Board of Trustees of AFTRA Retirement Fund v. JPMorgan Chase Bank, N.A.*, 806 F.Supp.2d 662, 680 (S.D.N.Y. 2005), did not involve claims against either a committee or its members.
[2] All documents from *Marshall v. Northrop Grumman Corp.*, No. 16-6794 (C.D.Cal.) are hyperlinked, and a copy of the February 15, 2018 decision is attached as Exhibit 1 hereto.

2

(¶¶26–56). They therefore caused the Committee's actions or omissions Plaintiffs contend were fiduciary breaches. *Marshall*, No. 16-6794, Doc. 146 at 10; *Medina v. Catholic Health Initiatives*, No. 13-1249, 2014 U.S.Dist.LEXIS 138385, *11 (D.Colo. Sept. 30, 2014)(a committee can act or fail to act only through its members). Plaintiffs' proposed amendment thus states a claim against Committee members individually and is not futile.

### II. Plaintiffs seek to amend in good faith.

The Cornell Defendants do not deny their position that Cornell itself is not a fiduciary. Doc. 133 at 7–8, 14–15 (Mem. 2–3, 9–10). Nor do they deny the split of authority as to whether a committee can be liable for fiduciary breaches under 29 U.S.C. §1002(9) and §1109(a). Doc. 139 at 9 (Mem. 5). There is thus good cause to add the proposed individual defendants to ensure the Plans' recovery. The Cornell Defendants cite no authority holding that naming individual committee members as defendants is improper, even though committee members have been named in ERISA excessive fee cases for over a decade. Doc. 133 at 9 (Mem. 4). Though other cases from this District have held committees subject are to ERISA liability (Doc. 133 at 10 (Mem. 5)), the decisions of other judges do not bind this Court. *See* Doc. 107 at 15.

The Cornell Defendants' offer to "not argue that Plaintiffs were required to sue the individual members of the Committee in lieu of the Committee itself" (Doc. 139 at 10 (Mem. 6)) is too ambiguous to ensure the Plans will be able to recover damages if Plaintiffs prove fiduciary breaches. The Cornell Defendants will not agree specifically that the Committee may face liability under §1109(a) and §1002(9), and exactly what they are offering to agree to is not clear (no plaintiff is "required" to sue anyone for anything). Plaintiffs have a responsibility to act in the class' best interests, and cannot risk the Plans' recovery on such vague statements.

Even assuming *arguendo* the Cornell Defendants would agree the Committee is subject to liability under ERISA, this does not address the issue of actually recovering the Plans' losses

from the Committee. Doc. 133 at 14 (Mem. 9). Committees are intangible. They have no assets to satisfy a judgment. It thus is uncertain whether the Plans would be able to obtain any monetary relief if the individual Committee members are not joined.

## CONCLUSION

The Court should allow Plaintiffs to file their proposed Second Amended Complaint.

March 1, 2018                                                  Respectfully Submitted,

/s/ Stephen M. Hoeplinger
SCHLICHTER BOGARD & DENTON LLP
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter (*pro hac vice*)
Michael A. Wolff (*pro hac vice*)
Stephen M. Hoeplinger (*pro hac vice*)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-5934 (fax)
aschlichter@uselaws.com
jschlichter@uselaws.com
mwolff@uselaws.com
shoeplinger@uselaws.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

/s/ Stephen M. Hoeplinger