## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CASEY CUNNINGHAM, ET AL., individually and as representatives of a class of participants and beneficiaries of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan,

*Plaintiffs*,

v.

CORNELL UNIVERSITY, ET AL.,

*Defendants*.

Civil Action No. 16-cv-6525

Hon. P. Kevin Castel

## REPLY IN SUPPORT OF
## DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' JURY DEMAND

Joel S. Feldman
Eric S. Mattson
Daniel R. Thies
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jfeldman@sidley.com
emattson@sidley.com
dthies@sidley.com

Andrew W. Stern
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com

*Attorneys for Defendant CapFinancial Partners, LLC, d/b/a CAPTRUST Financial Advisors, LLC*

Brian D. Netter
  bnetter@mayerbrown.com
Michelle N. Webster
Matthew A. Waring
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2500

*Attorneys for Cornell Defendants*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 1

CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*,
    2013 WL 6189802 (D. Vt. Nov. 27, 2013) ........................................................................2, 9

*Bell v. Pension Comm. of Ath Holding Co., LLC*,
    2016 WL 4088737 (S.D. Ind. Aug. 1, 2016) ...........................................................................7

*Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*,
    876 F. Supp. 809 (E.D. Va. 1995) ...........................................................................................9

*Cates v. Trustees of Columbia University*,
    No. 1:16-cv-06524-KBF (S.D.N.Y. Jan. 25, 2018), ECF No. 140 ...........................................1

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
    494 U.S. 558 (1990) ...............................................................................................................2

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011) ..................................................................................................... *passim*

*Coan v. Kaufman*,
    457 F.3d 250 (2d Cir. 2006) ...................................................................................................7

*Gearlds v. Entergy Servs., Inc.*,
    709 F.3d 448 (5th Cir. 2013) .................................................................................................7

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) .................................................................................................................1

*Great-West Life & Annuity Insurance Co. v. Knudson*,
    534 U.S. 204 (2002) ..................................................................................................... *passim*

*Healthcare Strategies, Inc. v. ING Life Ins. Annuity Co.*,
    2012 WL 162361 (D. Conn. Jan. 19, 2012) ...........................................................................9

*Henderson v. Emory Univ.*,
    No. 1:16-cv-2920-CAP (N.D. Ga. Feb. 28, 2018), ECF No. 127 ................................... *passim*

*Laird v. Aetna Life Ins. Co.*,
    263 F. Supp. 3d 1231 (M.D. Ala. 2017) ................................................................................7

*Malone v. Teachers Ins. & Annuity Ass'n of Am.*,
    2017 WL 913699 (S.D.N.Y. Mar. 7, 2017) ............................................................................5

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Marshall v. Northrop Grumman Corp.*,
No. 2:16-cv-6794-AB-JC (C.D. Cal. Feb. 15, 2018), ECF No. 146 .........................................1

*Mertens v. Hewitt Associates*,
508 U.S. 248 (1993) ....................................................................................................4, 5, 6, 7

*Montanile v. Board of Trustees of the National Elevator Industry Health Benefit Plan*,
136 S. Ct. 651 (2016) ........................................................................................................4, 6, 7

*Osberg v. Foot Locker, Inc.*,
907 F. Supp. 2d 527 (S.D.N.Y. 2012) ..............................................................................3

*Pereira v. Farace*,
413 F.3d 330 (2d Cir. 2005) ........................................................................................4, 6, 7, 8

*Perez v. Silva*,
185 F. Supp. 3d 698 (D. Md. 2016) ..................................................................................2, 9

*Strom v. Goldman, Sachs & Co.*,
202 F.3d 138 (2d Cir. 1999) ..............................................................................................8

*Tull v. United States*,
481 U.S. 412 (1986) ..........................................................................................................9

*United States v. Bell*,
524 F.2d 202 (2d Cir. 1975) ............................................................................................7

**STATUTES, RULES AND REGULATIONS**

29 U.S.C. § 1109 .................................................................................................................9

29 U.S.C. § 1132(a)(2) ................................................................................................ *passim*

29 U.S.C. § 1132(a)(3) ................................................................................................ *passim*

# INTRODUCTION

In *Cates v. Trustees of Columbia University*, Judge Forrest found it "quite clear" that the plaintiffs' claims, which are materially identical to the claims in this case, are triable to the bench.  No. 1:16-cv-06524-KBF (S.D.N.Y. Jan. 25, 2018), ECF No. 140.  Plaintiffs' counsel in this case nevertheless seek to defend the plaintiffs' jury demand here with a filing nearly identical to the one Judge Forrest readily dismissed.

Judge Forrest's assessment was correct.  The syllogism underlying Plaintiffs' opposition to the motion to strike is a simple one: Plaintiffs are seeking monetary relief from Defendants; monetary relief from a defendant's "general assets" is always legal; and legal relief confers the right to a jury trial. But the middle link in this chain of reasoning is faulty. The Supreme Court and numerous lower courts have held that monetary relief for an ERISA fiduciary's breach of fiduciary duty is *equitable* relief—whether or not it comes from a defendant's "general assets" and whether or not a plaintiff chooses to call the relief "damages." Courts now routinely reject the exact arguments pressed here by Plaintiffs.  *See, e.g.*, *Henderson v. Emory Univ.*, No. 1:16-cv-2920-CAP (N.D. Ga. Feb. 28, 2018), ECF No. 127; *Marshall v. Northrop Grumman Corp.*, No. 2:16-cv-6794-AB-JC (C.D. Cal. Feb. 15, 2018), ECF No. 146. None of the inapposite cases cited by Plaintiffs warrants a different conclusion. The Court should therefore strike Plaintiffs' jury demand.

# ARGUMENT

1.    Plaintiffs do not dispute that the Supreme Court's familiar two-step test governs the question whether Plaintiffs' claims invoke the Seventh Amendment right to a jury trial. *See, e.g.*, *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989). Plaintiffs also appear to concede, as they must, that the first aspect of the test—which looks to whether analogous claims were historically resolved in law or equity—weighs in favor of a finding that there is no right to a jury

trial on their claims, because actions "against a trustee for breach of fiduciary duty" were historically "within the exclusive jurisdiction of courts of equity." *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990).

The only remaining question, therefore, is whether the second part of the test, which looks to the nature of the relief that Plaintiffs seek, warrants departing from the historical practice of resolving breach-of-fiduciary-duty claims in equity. On this question, Plaintiffs put all of their eggs in the basket of their request for a judgment requiring Defendants to "make good to the Plans all losses" resulting from the alleged breaches of fiduciary duty, arguing that this is a legal remedy entitling them to a jury trial. Opp. 4.

The Supreme Court, however, already held that this kind of remedy is equitable rather than legal.  In *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011), plaintiffs sued their employer after it converted its pension plan from a defined-benefit annuity to a cash-balance plan with a defined employer annual contribution. *Id.* at 424. The Court held that the employees' claims that CIGNA's conversion formula had deprived them of vested benefits were equitable claims cognizable under ERISA Section 502(a)(3).[1] It noted that the lower court had ordered the plan administrator "to pay to already retired beneficiaries money owed them under the plan as reformed." *Id.* at 441. "But[,]" the Court explained, "*the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief. Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty*." *Id.* (emphasis added).  "Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,'

---

[1]     Although *Amara* addressed whether certain relief is "equitable" for purposes of Section 502(a)(3), any relief considered equitable under *Amara* must likewise be deemed equitable for Seventh Amendment purposes in Section 502(a)(2) cases—as other courts have concluded. *See, e.g., Perez v. Silva*, 185 F. Supp. 3d 698, 704 (D. Md. 2016); *Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.Coll. Ret. & Equities Fund*, 2013 WL 6189802, at *11 (D. Vt. Nov. 27, 2013).

was 'exclusively equitable.'" *Id.* at 442 (citation omitted). And this "surcharge remedy extended to a breach of trust committed by a fiduciary encompassing *any* violation of a duty imposed upon that fiduciary." *Id.* (emphasis added); *see also Osberg v. Foot Locker, Inc.*, 907 F. Supp. 2d 527, 534 (S.D.N.Y. 2012) (recognizing the existence of an equitable "surcharge remedy for monetary compensation against a trustee" that "requires the plaintiff to prove harm caused by the trustee's fiduciary breach"), *aff'd in part, vacated in part*, 555 F. App'x 77 (2d Cir. 2014).

*Amara*'s analysis is dispositive here. Plaintiffs' claim for monetary relief, which they repeatedly refer to as a claim for "compensatory damages" (*e.g.*, Opp. 1, 3, 4), is not a "damages" claim at all; it is a surcharge claim to recover losses to the Plans resulting from alleged breaches of fiduciary duty. *Amara* makes clear that such a claim both historically was, and presently is, equitable in nature.

Plaintiffs' feeble responses to *Amara* are unpersuasive, principally because each rests on a distortion of the opinion. Plaintiffs argue that *Amara* involved a district court's "decision to reform a retirement plan," rather than a "monetary claim" (Opp. 5)—but that is not so. As we described above, the district court ordered the fiduciary to pay money to beneficiaries—just as Plaintiffs seek to have this Court do.

Plaintiffs also claim that *Amara* "reiterated" that relief is not equitable unless it seeks recovery of particular funds in the defendant's possession (Opp. 6), but the opinion did no such thing. After *noting* the general statement to that effect in the Court's previous decision in *Great-West*, *Amara* went on to explain that monetary remedies *against fiduciaries*—as opposed to other monetary remedies—are equitable in nature. *Amara*, 563 U.S. at 441-42.

Finally, Plaintiffs argue that *Amara* is inapposite because it involved a claim under Section 502(a)(3) of ERISA, rather than Section 502(a)(2). But that dodge is unavailing: if monetary

3

relief against a fiduciary is equitable for purposes of Section 502(a)(3), it is equitable when sought under Section 502(a)(2), as well. Tellingly, Plaintiffs do not cite any cases that distinguished *Amara* on this ground.

2.   After spending one half of one paragraph on *Amara*, which controls here, Plaintiffs change the subject, arguing that the monetary relief they seek is considered legal under the Supreme Court's decisions in *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993); *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002); and *Montanile v. Board of Trustees of the National Elevator Industry Health Benefit Plan*, 136 S. Ct. 651 (2016), and the Second Circuit's decision in *Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005). But as a court in one of the ERISA cases paralleling this one recently noted in striking a jury demand, "this argument has been rejected by the majority of courts nation-wide." *See Henderson v. Emory Univ.*, ECF No. 127 at 7. *Pereira*, meanwhile, is no longer good law in light of *Amara*.

a.   In *Mertens*, a class of former employees of a company sued the actuary of the company's retirement plan, alleging that the actuary was responsible for the plan's inability to meet its obligations. Because the actuary had been held not to be a fiduciary of the plan, the plaintiffs sought to maintain their suit under ERISA Section 502(a)(3), which does not require that the defendant be a plan fiduciary. The Supreme Court held that the plaintiffs' claim was not "appropriate equitable relief" under Section 502(a)(3). It acknowledged that, "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust," including monetary claims against third parties for breach of fiduciary duty. *Mertens*, 508 U.S. at 256. But the Court held that it would not interpret the term "equitable relief" in Section 502(a)(3) to mean "whatever relief a common-law court of equity could provide" in a fiduciary-duty case, because that would mean that the term "equitable" would be superflu-

ous—it would not limit the available relief at all. *Id.* at 257-58. Accordingly, rejecting the claim, the Court held that the relief sought was impermissibly legal.

*Mertens* offers no support for Plaintiffs' jury demand. On the contrary, it further demonstrates that no jury right is available here because Plaintiffs' fiduciary duty claim is equitable. To be sure, the Court held that a monetary claim against a *non*fiduciary would be considered legal under Section 502(a)(3), as a matter of statutory interpretation—but that holding has no bearing on whether a monetary claim against a *fiduciary* under Section 502(a)(2) is equitable. *Mertens*' historical analysis confirms the answer to *that* question is yes.

If *Mertens* itself left any doubt on that point, *Amara* dispelled it. In holding that the monetary claim against the fiduciary there was equitable, the *Amara* Court explained that "the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference." *Amara*, 563 U.S. at 442. The Court held that, whereas a claim against a nonfiduciary for damages was, "traditionally speaking," legal in nature (*id.* at 439), a lawsuit against a fiduciary itself for monetary relief stemming from a breach of fiduciary duty was equitable (*id.* at 442).[2]

   b.     As Defendants' opening memorandum explained (at 4-7), *Great-West* is likewise inapposite here. *Great-West*, like *Mertens*, did not involve a claim for breach of fiduciary duty: it involved a claim *by* the fiduciary against a beneficiary. The fiduciary sought to impose a lien or constructive trust to recover funds it had previously paid on the beneficiary's behalf. As *Amara*

---

[2]      For this reason, Plaintiffs' reliance on this Court's decision in *Malone v. Teachers Insurance & Annuity Ass'n of America*, 2017 WL 913699 (S.D.N.Y. Mar. 7, 2017) (Castel, J.), is misplaced. *Malone* involved claims by plan beneficiaries against the recordkeeper for their retirement plans. The Court held that the recordkeeper was *not* a fiduciary and thus could only be sued under ERISA Section 502(a)(3), which is limited to "equitable relief." *Id.* at *5. It then held that the plaintiffs could not recover monetary relief under the equitable surcharge theory recognized in *Amara* because that theory applies only to suits against fiduciaries. *Id.* at *6. *Malone* supports the distinction that Defendants have pointed out and Plaintiffs ignore: monetary relief against nonfiduciaries is legal, but monetary relief against fiduciaries for breach of fiduciary duty is equitable. The case thus has no application here.

later explained in the course of distinguishing *Great-West*, a claim for a lien or constructive trust that was not aimed at recovering a particular, identifiable *res*, was legal, "traditionally speaking." *Amara*, 563 U.S. at 439. Claims against fiduciaries for breach of fiduciary duty, by contrast, were traditionally equitable. Plaintiffs' only argument in defense of their reliance on *Great-West* is that the Second Circuit's decision in *Pereira* "rejected" the distinction between the claim in *Great-West* and claims against a fiduciary for breach of fiduciary duty, and as we argue below, Plaintiffs' reliance on *Pereira* is misplaced.

c.     *Montanile* expounds upon *Great-West*, and is distinguishable on the same grounds. In *Montanile*, a beneficiary was injured by a drunk driver, and the plan paid a sum of money to cover his medical care. *Montanile*, 136 S. Ct. at 656. When the beneficiary later obtained a settlement from the driver who injured him, the plan sought to recover the money it paid under Section 502(a)(3). The beneficiary argued that the relief sought by the plan was not equitable because the plan was seeking recovery from his general assets, rather than from a specific fund of money. The Court agreed. It held that "at equity, a plaintiff ordinarily could not enforce any type of equitable lien if the defendant once possessed a separate, identifiable fund to which the lien attached, but then dissipated it all." *Id.* at 659. Thus, while the plan could have recovered in equity if it had sued the beneficiary while he still possessed the settlement funds, it could not enforce an equitable lien against the beneficiary's general assets under Section 502(a)(3).

In short, in *Montanile*, as in *Great-West*, the Court examined a claim *by* a fiduciary against a beneficiary and concluded that the circumstances of that claim made it legal in nature. That holding, like *Great-West*'s, has nothing to do with whether a claim *against* a fiduciary for breach of fiduciary duty is equitable for Seventh Amendment purposes. *See, e.g.*, *Henderson v. Emory Univ.*, ECF No. 127 at 10 (distinguishing plaintiffs' authorities because "*Mertens, Great-*

*West*, and *Montanile* each involved claims against a non-fiduciary brought under Section 502(a)(3)—not against a fiduciary under Section 502(a)(2). This distinction is important."); *Bell v. Pension Comm. of Ath Holding Co., LLC*, 2016 WL 4088737, at *2 (S.D. Ind. Aug. 1, 2016) (rejecting Plaintiffs' counsel's reliance on *Mertens*, *Great-West*, and *Montanile*, because "none of the three cited cases addressed whether there is a right to a jury trial under ERISA").[3]

   d. Plaintiffs argue that in *Pereira*, the Second Circuit applied *Great-West* to breach of fiduciary duty claims and that that decision controls the outcome here. But Plaintiffs are wrong; *Pereira* rested on a reading of *Great-West* that the Supreme Court rejected in *Amara*, and is no longer good law.[4]

   *Pereira* presented the question whether former directors and officers of a corporation in Chapter 7 bankruptcy were entitled to a jury trial on breach of fiduciary duty claims brought by the trustee. 413 F.3d at 336. The Second Circuit held that they were. Applying the Supreme Court's two-step Seventh Amendment test, the court concluded at step one that the breach of fiduciary duty claims "would have been equitable in 18th century England and thus that step one . . . weighs against a jury trial." *Id.* at 339. At step two, the court acknowledged that it had

---

[3] Plaintiffs argue that *Montanile* "clarified that [*Amara*]'s discussion of . . . surcharge is dictum" (Opp. 6), but they are wrong. "*Montanile* did not address the equitable remedy of a surcharge or the distinction between a fiduciary and non-fiduciary that was highlighted in *Amara*." *Henderson v. Emory Univ.*, ECF No. 127 at 11 n.3. And in any event, even if *Amara*'s analysis were dicta, that fact would be irrelevant. The Second Circuit has distinguished between "'obiter dictum,' which constitutes an aside or an unnecessary extension of comments, and considered or 'judicial dictum' where the [Supreme] Court . . . is providing a construction of a statute to guide the future conduct of inferior courts." *United States v. Bell*, 524 F.2d 202, 206 (2d Cir. 1975). The latter form of dicta—which the discussion in *Amara* was at a minimum—"must be given considerable weight." *Id.*; *see also Henderson v. Emory Univ.*, ECF No. 127 at 11 n.3 (rejecting plaintiffs' argument that *Amara*'s analysis was dicta and stating that "even if it were dicta, the court declines to ignore the analysis in *Amara*, particularly given the depth of treatment it gave to the issue."); *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) ("Based on the depth of the Court's treatment of the issue, we are persuaded to join the Fourth Circuit in concluding that *Amara*'s pronouncements about surcharge as a potential remedy under [ERISA Section] 502(a)(3) should be followed."); *Laird v. Aetna Life Ins. Co.*, 263 F. Supp. 3d 1231, 1243 (M.D. Ala. 2017) (declining "to disregard a majority of the Supreme Court [in *Amara*]—whether or not strictly classified as dictum").

[4] The same is true of *Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006), which followed *Pereira*.

previously held that monetary relief against a fiduciary was considered equitable restitution whether or not the defendant "actually *possess[ed]* the funds in question." *Id.* (citing *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 144 (2d Cir. 1999)). But it concluded that *Great-West* had "reconfigured the legal landscape of restitution" and established that monetary relief is legal if the defendant does not "possess the funds at issue." *Id.* at 340. The court noted that *Great-West* did not involve a fiduciary defendant, but it explained that the decision appeared not to distinguish between fiduciary and nonfiduciary defendants and that "we are compelled to read *Great-West* as broadly as it is written." *Id.*

Judge Newman concurred. He expressed reservations about the court's holding, noting that it was "at odds with centuries of equitable proceedings involving claims against trustees, estate executors, and other fiduciaries." *Pereira*, 413 F.3d at 344 (Newman, J., concurring). But he argued that "the Supreme Court's dictum in *Great-West*[] sends a signal that should not be ignored." *Id.* at 346. Like the majority, he noted that *Great-West* involved a nonfiduciary defendant, but he concluded that "the Court appears to be little concerned with the nature of the defendant." *Id.*

In sum, the *Pereira* court believed that *Great-West* had announced a virtually categorical "rule that a defendant must possess the funds at issue" in order for monetary relief against him to be equitable—even in cases where the defendant is a fiduciary being sued for breach of fiduciary duty. *Pereira*, 413 F.3d at 340 (panel opinion). But *Amara* made clear that this reading of *Great-West* is wrong: there, the Court explained that "the fact that the [fiduciary] defendant . . . is analogous to a trustee makes a critical difference." *Amara*, 563 U.S. at 442. When a plaintiff sues a fiduciary for breach of fiduciary duty, that claim—which amounts to a claim for surcharge—is equitable, not legal. *Id.* Other courts in this Circuit have followed *Amara*, rather than *Pereira* or

8

*Great-West. See, e.g.*, *Bauer-Ramazani*, 2013 WL 6189802, at *11 n.7 (striking the jury demand and distinguishing *Healthcare Strategies, Inc. v. ING Life Ins. Annuity Co.*, 2012 WL 162361 (D. Conn. Jan. 19, 2012), on the ground that it "does not acknowledge the *Amara* decision"). Likewise, outside this Circuit, "courts sitting nationwide have repeatedly held (in the years following *Great-West*, no less) that claims under section 502(a)(2) do not implicate the Seventh Amendment's jury guarantee." *Perez*, 185 F. Supp. 3d at 704.[5] This Court should adopt the dominant position that the Seventh Amendment creates no jury right in ERISA fiduciary-breach actions.

3.    In any event, Plaintiffs have no right to a jury trial because the overall relief they seek is equitable: in addition to the monetary claim for "losses" to the Plans, they seek various forms of equitable relief based upon the same underlying alleged conduct. Thus, their monetary claim is "intertwine[d]" with equitable claims and confers no right to a jury trial. *See Tull v. United States*, 481 U.S. 412, 425 (1986). Plaintiffs argue that the jury trial right is "not abridged when equitable and legal claims are joined" (Opp. 8), but they have no answer to the authorities holding that legal remedies intertwined with equitable remedies do not confer the right to a jury trial. In this context, ERISA (in Section 409) "plainly intertwines" legal and equitable remedies, by "commingl[ing] any damages-type relief with wholly equitable forms of relief." *Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.*, 876 F. Supp. 809, 817 & n.12 (E.D. Va. 1995).

## CONCLUSION

For the foregoing reasons, Defendants' motion should be granted and Plaintiffs' demand for a jury trial should be stricken.

---

[5]    The numerous cases cited in Defendants' opening brief (Mem. 6) that have distinguished *Great-West* in this context give the lie to Plaintiffs' misleading claim that since *Great-West*, "courts have recognized the change in the legal landscape" and adopted Plaintiffs' position. In any event, as the court in the Emory University case rightly noted, Plaintiffs' own authorities are all inapposite because "each of them was either decided before *Amara* or did not mention that case and its discussion of the fiduciary/nonfiduciary distinction." *Henderson v. Emory Univ.*, ECF No. 127 at 14 n.5.

Dated: March 7, 2018

*/s/ Eric S. Mattson* (with permission)
Joel S. Feldman
Eric S. Mattson
Daniel R. Thies
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jfeldman@sidley.com
emattson@sidley.com
dthies@sidley.com

Andrew W. Stern
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
astern@sidley.com

*Attorneys for Defendant CapFinancial Partners,
LLC, d/b/a CAPTRUST Financial Advisors, LLC*

Respectfully submitted,

*/s/ Brian D. Netter*
Brian D. Netter
  bnetter@mayerbrown.com
Michelle N. Webster
Matthew A. Waring
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2500

*Attorneys for Cornell Defendants*

10