# SCHLICHTER BOGARD & DENTON, LLP

ATTORNEYS AT LAW

JEROME J. SCHLICHTER  
jschlichter@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200  
ST. LOUIS, MISSOURI 63102  
(314) 621-6115  
FAX (314) 621-5934  
www.uselaws.com

Belleville, Illinois

April 6, 2018

<u>Via ECF and Electronic Mail</u>

The Honorable P. Kevin Castel  
United States District Court,  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

     Re:  *Cunningham v. Cornell University*, No. 1:16-cv-06525-PKC (S.D.N.Y.)

Dear Judge Castel:

Plaintiffs present this pre-motion letter in anticipation of their motion for class certification. The parties have conferred and agree to the following schedule:

    May 2, 2018:         Plaintiffs' motion for class certification  
    June 13, 2018:       Defendants' opposition  
    July 13, 2018:       Plaintiffs' reply

This schedule assumes that no party will submit expert reports to support their arguments. Should a party do so, the foregoing deadlines would be subject to change.

The next conference scheduled before the Court is set for September 7, 2018.

**<u>Background</u>**

Plaintiffs are five current or former employees of Cornell University and participants in two individual account, defined contribution retirement plans that Cornell maintains for its employees—the Cornell University Retirement Plan ("CURP") and the Tax-Deferred Annuity Plan ("TDAP")(collectively "Plans"). Defendants are the plans' fiduciaries: Cornell University, Cornell's Vice President for Human Resources, Cornell's Retirement Plan Oversight Committee, and CAPTRUST Financial Advisors.[1]

On September 29, 2017, the Court granted in part and denied in part the defendants' motions to dismiss. Doc. 107. Plaintiffs' remaining claims allege that defendants breached their duty of

---

[1] Plaintiffs have filed a motion for leave to amend the complaint to add certain individual committee members, which remains pending. Doc. 132.

# SCHLICHTER BOGARD & DENTON, LLP
ATTORNEYS AT LAW

The Honorable P. Kevin Castel
April 6, 2018
Page 2

prudence under 29 U.S.C. §1104(a)(1)(B) by (1) allowing the Plans to pay unreasonable administrative fees (Count III), and (2) selecting and retaining certain investment options with excessive and unreasonable fees and a history of poor performance, including the CREF Stock Account and TIAA Real Estate Account, actively managed funds, and retail-class shares of mutual funds instead of materially identical lower-cost institutional-class shares of the same funds (Count V), and (3) failing to monitor certain appointees (Count VII). Doc. 107 at 12–17, 23–24.

Plaintiffs bring this action on behalf of the Plans under 29 U.S.C. §1132(a)(2) to obtain the Plans' remedies under §1109(a), including losses to the Plans resulting from the breach of fiduciary duties, as well as equitable and injunctive relief. An action under §1132(a)(2) is inherently a representative action on behalf of a plan. *L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Council of Suffolk, Inc.*, 710 F.3d 57, 65–66 (2d Cir. 2013). Accordingly, in a case such as this seeking plan-wide relief, the Second Circuit requires plaintiffs to "employ procedures to protect effectively the interests" of the other plan participants, usually through class certification under Rule 23. *Coan v. Kaufman*, 457 F.3d 250, 259–62 (2d Cir. 2006). The courts have consistently held that "the distinctive 'representative capacity' aspect of ERISA participant and beneficiary suits makes litigation of this kind 'a paradigmatic example of a [Rule 23](b)(1) class.'" *In re Beacon Assocs. Litig.*, 282 F.R.D. 315, 342 (S.D.N.Y. 2012) (alteration in original)(quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004)); *In re Schering Plough Corp. ERISA Litig.*, 589 F.3d 585, 604 (3d Cir. 2009) (citing cases); *see also Sacerdote v. New York Univ.*, No. 16-6284, 2018 U.S.Dist.LEXIS 23540, *17–19 (S.D.N.Y. Feb. 13, 2018)(granting Rule 23(b)(1) certification); *Leber v. Citigroup 401(k) Plan Inv. Comm.*, No. 07-9329, 2017 U.S.Dist.LEXIS 194293, *44–47 (S.D.N.Y. Nov. 27, 2017) (granting Rule 23(b)(1)(B) certification); *Moreno v. Deutsche Bank Ams. Holding Corp.*, No. 15-9936, 2017 U.S.Dist.LEXIS 143208, *21–27 (S.D.N.Y Sept. 5, 2017) (same), *petition for permission to appeal denied*, No. 17-2911 (2d Cir. Sept. 19, 2017).

Plaintiffs seek certification of the following class:

All participants and beneficiaries of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan from August 17, 2010, through the date of judgment, excluding the Defendants and any participant who is a fiduciary to the Plans.

### Plaintiffs Meet the Standards for Class Certification

To obtain class certification, a proposed class must meet the four requirements of Rule 23(a) and one of the requirements of Rule 23(b). *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015); Fed. R. Civ. P. 23(a). The proposed class meets each of the Rule 23(a) requirements, and the criteria of Rule 23(b)(1).

# SCHLICHTER BOGARD & DENTON, LLP
**ATTORNEYS AT LAW**

The Honorable P. Kevin Castel
April 6, 2018
Page 3

## I.     Plaintiffs Meet the Requirements of Rule 23(a)

**1. Numerosity.** The plans here at issue collectively had tens of thousands of participants throughout the proposed class period, with 30,000 participants as of December 2014. As such, the class is so numerous that joinder of all plan participants is impracticable. *Beacon*, 282 F.R.D. at 339; *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *9–10.

**2. Commonality.** Rule 23(a)(2) asks if "there are questions of law or fact common to the class[.]" Fed.R.Civ.P. 23(a)(2)."Even a single common question will do." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)(cleaned up). Defendants owed their fiduciary duties to the plans, not individual participants, and Plaintiffs' claims all concern plan-level decisions regarding fees and investment options. Therefore, the core questions in this action are common to all plan participants, including: (i) whether Defendants are fiduciaries; (ii) whether Defendants breached their fiduciary duties by taking actions (or failing to take actions) that resulted in unreasonably high fees or imprudent investments; (iii) whether certain investment options were improperly included in the plans; (iv) whether the plans suffered losses from the foregoing breaches; (v) how to calculate the plans' losses; and (vi) what equitable relief should be imposed in light of these breaches. Moreover, the evidence needed to answer these questions are plan-level facts that are the same for all plaintiffs. "Ultimately, because the fiduciaries allegedly owed and breached duties to the plans—not to individuals—commonality must be satisfied." *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *11. *See also*, *Leber v*, 2017 U.S.Dist.LEXIS 194293, *32–33; *Moreno*, 2017 U.S.Dist.LEXIS 143208, *12–14.

**3. Typicality.** The "claims or defenses of the representative parties are typical of the claims or defenses of the class," Fed.R.Civ.P. 23(a)(3), where "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993)). This "does not require that the factual background of each named plaintiff's claim be identical to that of all class members," *Caridad v. Metro-N. Commuter R.R.*, 191 F.3d 283, 293 (2d Cir. 1999). As an ERISA fiduciary breach claim is inherently a representative claim, any participant's claim is necessarily typical of the claims of the class, since any participant is asserting the Plans' claim. Because Defendants' actions were directed to and affected the plans as a whole, the claims of the named Plaintiffs and class members all arise from the same events and course of conduct—Defendants' failures to prudently monitor and control the plans' fees and investment options. Each named Plaintiff participated in the plans during the class period and was harmed by the conduct at issue. *See, e.g.*, Doc. 81 ¶8. Moreover, the Plaintiffs and all class members are bringing the same claims under the same legal and remedial theory: enforcement through §1132(a)(2) of Defendants' obligations under §1109(a) to make good to the plans the losses caused by Defendants' breaches of duty and to obtain appropriate equitable relief. Accordingly, typicality is satisfied. *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *11–12; *Leber*, 2017 U.S.Dist.LEXIS 194293, *38–42; *Moreno*, 2017 U.S.Dist.LEXIS 143208, *18–19.

# SCHLICHTER BOGARD & DENTON, LLP
ATTORNEYS AT LAW

The Honorable P. Kevin Castel
April 6, 2018
Page 4

**4. Adequacy of Plaintiffs.** Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs are pursuing claims on behalf of the plans, as opposed to individual claims. As such, there are no conflicts between Plaintiffs' individual interests and the interests of the class. To the contrary, the Plaintiffs and class members all share the same objectives, the same factual and legal positions, and the same interest in establishing Defendants' liability. Plaintiffs understand the nature of their claims and their duties to vigorously prosecute this case through its conclusion and have amply demonstrated their commitment to date by reviewing court documents and monitoring the progress of the action. Thus, each of the Plaintiffs satisfies the adequacy requirement. *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *12, 15; *Leber*, 2017 U.S.Dist.LEXIS 194293, *43–44; *Moreno*, 2017 U.S.Dist.LEXIS 143208, *19–21.

**5. Adequacy of Plaintiffs' Counsel.** Plaintiffs' counsel has unparalleled experience in prosecuting ERISA fiduciary breach class actions and will fairly and adequately represent the interests of the class. Schlichter Bogard & Denton conducted a lengthy investigation of potential claims in this action and is committed to devoting all necessary resources to representing the class and vigorously prosecuting this action. The firm is recognized as a "pioneer and the leader in the field" of defined contribution plan excessive fee litigation, *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 U.S.Dist.LEXIS 93206, *4–5 (S.D. Ill. July 17, 2015), are "clearly experts in ERISA litigation," *Tussey v. ABB, Inc.*, No. 06-4305, 2012 U.S.Dist.LEXIS 157428, *10 (W.D. Mo. Nov. 2, 2012), and therefore should be appointed class counsel.

## II. Plaintiffs Meet the Requirements of Rule 23(b)(1) and (b)(3)

This class is properly certified under Rule 23(b)(1) or, in the alternative, Rule 23(b)(3). With respect to Rule 23(b)(1)(a), if this action were to be pursued by the approximately 30,000 individual class members, there likely would be inconsistent verdicts, creating incompatible standards of conduct for Defendants regarding, *inter alia*: (i) whether Defendants' actions and inactions constituted breaches of fiduciary duty; (ii) whether Defendants are liable for said breaches; (iii) whether the fees paid by the plans were reasonable; (iv) whether certain funds or service providers must be removed; (v) how to measure damages to the plans; and (vi) whether other relief is appropriate.

Further, among the "classic examples" of a Rule 23(b)(1)(B) class action is one involving a breach of trust affecting a large number of beneficiaries. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833–34 (1999)(quoting Fed.R.Civ.P. 23, Adv. Comm. Note, 1966 amend., sub. (b)(1)(B)). Due to the trust-like nature of a defined contribution plan, as a practical matter, the adjudication of one participant's claims would be dispositive of any other participants; actions over the same conduct in the same retirement plans. As a result, courts in similar ERISA fiduciary breach cases overwhelmingly grant certification under Rule 23(b)(1), because "the distinctive representative capacity aspect of ERISA participant and beneficiary suits makes litigation of this kind a paradigmatic example of a 23(b)(1) class." *In re Beacon*, 282 F.R.D. at 342 (internal quotations omitted). *See also*, *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *17–19; *Leber*, 2017 U.S.Dist.LEXIS 194293, *44–47; *Moreno*, 2017 U.S.Dist.LEXIS 143208, *21–27.

# SCHLICHTER BOGARD & DENTON, LLP
ATTORNEYS AT LAW

The Honorable P. Kevin Castel
April 6, 2018
Page 5

If for any reason the Court were to reject certification under Rule 23(b)(1), certification is appropriate under Rule 23(b)(3) because common questions of law or fact predominate and a class action is the superior method of adjudicating the claims. Fed.R.Civ.P. 23(b)(3).

Thank you for your consideration of this matter.

Sincerely,

Jerome J. Schlichter