

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036

AMERICA • ASIA PACIFIC • EUROPE

April 12, 2018

**By ECF**

The Honorable P. Kevin Castel
U.S. District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Cunningham v. Cornell University*, No. 1:16-cv-6525-PKC (S.D.N.Y.)

Dear Judge Castel:

Pursuant to Rule 4.A.iv of Your Honor's Individual Practices, Defendant CapFinancial Partners, LLC, d/b/a CAPTRUST Financial Advisors ("CAPTRUST") submits this response to Plaintiffs' pre-motion letter filed in advance of their motion for class certification. Dkt. 145.

CAPTRUST agrees with the briefing schedule outlined in Plaintiffs' letter. Dkt. 145 at 1.

CAPTRUST intends to oppose the class certification motion for the reasons stated below. These points are preliminary in nature, given that CAPTRUST has not yet deposed the Plaintiffs or received Plaintiffs' complete document production. CAPTRUST reserves the right to add arguments or to modify or omit the points described below.

<u>The Named Plaintiffs Lack Standing To Raise All Claims</u>

"For each claim asserted in a class action, there must be at least one class representative (a named plaintiff or a lead plaintiff) with standing to assert that claim." *Fort Worth Emps. Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 331 (S.D.N.Y. 2012). That rule applies even where a plaintiff purports to sue in a representative capacity on behalf of an ERISA-governed plan. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, LLC*, 433 F.3d 181, 200 (2d Cir. 2005) ("Obtaining restitution or disgorgement under ERISA requires that a plaintiff satisfy the strictures of constitutional standing by 'demonstrat[ing] individual loss.'").

Plaintiffs here invested in only a relative handful of the hundreds of investment options they purport to be challenging. Am. Compl. ¶ 8(d) (listing options in which each Plaintiff invested). Plaintiffs could not have suffered any damages with respect to funds in which they did not invest, which means they lack constitutional standing to pursue claims with respect to those options. *See Dezelan v. Voya Ret. Ins. & Annuity Co.*, No. 3:16-CV-



The Honorable P. Kevin Castel
April 12, 2018
Page 2

1251, 2017 WL 2909714, at *6 (D. Conn. July 6, 2017) (plaintiff lacked standing to bring claims with respect to investments she did not own). Certification of a class that includes people who invested in funds in which no Plaintiff invested would thus be inappropriate.

The Statute of Limitations Defense Requires Individualized Inquiries That Preclude Class Certification

Plaintiffs also cannot establish that their claims are typical, that there is any danger of inconsistent adjudications under Rule 23(b)(1), or that common issues predominate over individual issues under Rule 23(b)(3), because there are significant individualized issues that will arise in this case. In particular, CAPTRUST's statute of limitations defense will require an individualized inquiry into the knowledge of each class member, an inquiry that would be impossible across the entire 30,000-plus members of the putative class.

ERISA requires plaintiffs to sue within three years after obtaining "actual knowledge" of the alleged breach. 29 U.S.C. § 1113(2). "Actual knowledge" means knowledge of the relevant facts underlying the breach, not knowledge of a cognizable legal claim. *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 710 F.3d 57, 67 (2d Cir. 2013). The defense will thus apply to any class member who knew of the allegedly excessive fees or subpar performance of the challenged funds more than three years before Plaintiffs brought suit.

CAPTRUST intends to show that some, but not all, putative class members had such knowledge. Because individualized inquiries would be necessary to evaluate the viability of this defense with respect to each class member, this defense prevents the certification of a class. *See McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 228 (2d Cir. 2008); *id.* at 234 (affirming denial of class certification in light of individualized issues related to statute of limitations where "plaintiffs have offered no reliable means of collectively determining how many class members' claims are time-barred"); *Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 226 F.R.D. 446, 454 (S.D.N.Y. 2005) (holding that "affirmative defenses may be considered as a factor in the class certification calculus").

Class Certification is Inappropriate Due to Intra-Class Conflicts

Class certification is also inappropriate because numerous class members would be harmed by the relief Plaintiffs are seeking. For example, some of the investment options Plaintiffs are challenging actually outperformed their benchmarks during portions of the class period. If a class member invested in such an option only during these times, that class member was actually better off as a result of the alleged breach. *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000) (plaintiff was inadequate class representative where class includes those "who claim harm from the very same acts from which other members of the class have benefitted").



The Honorable P. Kevin Castel
April 12, 2018
Page 3

      These intra-class conflicts, and potentially others, preclude class certification. *Laumann v. Nat'l Hockey League*, 105 F. Supp. 3d 384, 401 (S.D.N.Y. 2015) (noting that class certification is inappropriate where conflicts arise from the fact that "some class members either (1) saw no effect or (2) received a benefit without any downside" as a result of the challenged conduct). As the Seventh Circuit has explained:

> [A] fund that turns out to be an imprudent investment over a particular time for one participant may be a fine investment for another participant who invests in the same fund over a slightly different period. If both are included in the same class, a conflict will result and class treatment will become untenable.

*Spano v. Boeing Co.*, 633 F.3d 574, 591 (7th Cir. 2011).

The Scope of the Proposed Class Is Too Broad

      Finally, the scope of Plaintiffs' proposed class is too broad. First, the class definition includes all participants in the plans, including those who have not invested in the funds at issue. *See id.* (holding that class including participants who did not invest in funds being challenged was overbroad).

      Second, the class definition is overbroad as to CAPTRUST, which did not become a fiduciary of the plans in any capacity at least until November 29, 2011, when Cornell hired it to advise as to certain aspects of Cornell's retirement plans. *See* Dkt. 77-1 at 6. The certification of a class including all participants in the Cornell plans back to 2010, before CAPTRUST began serving as a fiduciary, would thus be inappropriate as to CAPTRUST. *See* 29 U.S.C. § 1109(b) ("No fiduciary shall be liable with respect to a breach of fiduciary duty under this subchapter if such breach was committed before he became a fiduciary or after he ceased to be a fiduciary.").

      Very truly yours,

      */s/ Joel S. Feldman*

      Joel S. Feldman

cc:    Counsel of record (by ECF)