**MAYER·BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

**Brian D. Netter**
Direct Tel +1 202 263 3339
Direct Fax +1 202 263 5236
bnetter@mayerbrown.com

April 12, 2018

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Cunningham v. Cornell University,
      No. 1:16-cv-6525-PKC (S.D.N.Y.)

Dear Judge Castel:

I write on behalf of the Cornell Defendants to respond to Plaintiffs' pre-motion letter in support of class certification. This Court requires pre-motion letters, among other purposes, "to explore whether [a] motion may be . . . deferred to a different juncture in the case." Individual Practices § 4.A.1. Here, the parties have agreed to a briefing schedule on class certification that effectively defers this issue to a later date.

That delay is warranted for two reasons. *First*, as the Court is aware, Plaintiffs' motion for leave to join 29 new defendants remains outstanding. The Cornell Defendants have already explained why we think that motion should be denied. For present purposes, however, the Cornell Defendants are not in a position to address the typicality of Plaintiffs' claims, a necessary element of the class certification analysis, until the identities of the Defendants are known. This is particularly an issue because the 29 individuals targeted by Plaintiffs had different tenures on the fiduciary committee, as described in the Proposed Second Amended Complaint ¶¶ 28-55.

*Second*, Plaintiffs have only just produced materials responsive to Defendants' document requests and, because those document requests were outstanding, Defendants have not yet deposed the proposed class representatives. The Supreme Court has emphasized that class certification must be an inquiry based on facts, rather than allegations. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Because the Cornell Defendants have not yet had a suitable opportunity to develop the facts that bear on class certification, we could only speculate as to the merits of Plaintiffs' contentions at this juncture.

Judge Castel
April 12, 2018
Page 2

Rather than engage in speculation of that sort, the Cornell Defendants respectfully request the delayed briefing schedule to address Plaintiffs' various assertions once the limited discovery that bears on class certification is complete and the operative complaint is determined. If the Court prefers, the Cornell Defendants would be amenable to repeating the pre-motion letter process upon the completion of those prerequisites.

                                                             Sincerely,

                                                             Brian D. Netter

Cc: Counsel of record (by ECF)