# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM et al., *Plaintiffs*, v. CORNELL UNIVERSITY et al., *Defendants*. | Civil Action No. 16-cv-6525 Hon. P. Kevin Castel |

## CORNELL DEFENDANTS' RESPONSE TO
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Nancy G. Ross
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600

Jean-Marie L. Atamian
MAYER BROWN LLP
1221 Avenue of the Americas
New York, New York 10020-1001
Telephone: (212) 506-2500

Brian D. Netter
  bnetter@mayerbrown.com
Michelle N. Webster
Matthew A. Waring
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

*Attorneys for Cornell Defendants*

## CORNELL DEFENDANTS' RESPONSE TO
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs have asked this Court to certify a class of all participants and beneficiaries of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan (collectively, the "Plans"), for the period covered by their claims.

The Cornell Defendants do not oppose Plaintiffs' request for class treatment on the claim that the Cornell Defendants caused the Plans to pay excessive fees for recordkeeping services. The evidence will show that Plaintiffs' claim fails on the merits, but this claim is appropriately litigated on a Plan-wide basis.

With respect to Plaintiffs' challenge to the prudence of certain investment options, defendant CapFinancial Partners, LLC ("Captrust") has made arguments to this Court that turn on whether Plaintiffs are challenging the prudence of two particular investment options (the CREF Stock Account and the TIAA Real Estate Account) or hundreds of investment options.  ECF No. 165.  The Cornell Defendants agree with Captrust that Plaintiffs may not proceed, on a class-wide basis, to challenge hundreds of investment options.

First, Plaintiffs have forfeited any right to proceed on claims concerning investment options other than the CREF Stock Account and the TIAA Real Estate Account.  Plaintiffs' failure to detail in their initial disclosures any damages stemming from the supposed imprudence of investment funds other than the CREF Stock Account and the TIAA Real Estate Account precludes them from pursuing any such damages, on a class-wide basis or otherwise.  *See, e.g.*, *24/7 Records, Inc. v. Sony Music Entm't, Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008); *Austrian Airlines Oesterreichische Lufverkehrs AG v. UT Fin. Corp.*, 2005 WL 977850, at *1 (S.D.N.Y. Apr. 28, 2005).  Moreover, Plaintiffs' motion for class certification makes no mention of invest-

1

ment options other than the CREF Stock Account and the TIAA Real Estate Account.

Second, even if Plaintiffs had not abandoned these claims, their motion for class certification fails to lay the factual predicate for class certification. Among the many failures of such an approach, Plaintiffs lack Article III standing to challenge the vast majority of the investment funds listed in their Complaint, because (1) Plaintiffs must demonstrate standing for "'each claim'" and "'for each form of relief that is sought'" (*Davis v. FEC,* 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler v. Cuno*, 547 U.S. 332, 352 (2006))); (2) in a class action, the *named* plaintiffs must demonstrate that they have constitutional standing (*O'Shea v. Littleton,* 414 U.S. 488, 494 (1974)); and (3) Plaintiffs cannot establish injury-in-fact stemming from an investment fund in which they never invested (*In re UBS ERISA Litig.*, 2014 WL 4812387, at *6 (S.D.N.Y. Sept. 29, 2014) ("Plaintiff can only demonstrate a constitutionally sufficient injury by pointing to her *individual account's specific losses*."), aff'd sub nom. *Taveras v. UBS AG*, 612 F. App'x 27 (2d Cir. 2015); *accord Perelman v. Perelman*, 793 F.3d 368, 376 (3d Cir. 2015) (noting that "federal appellate courts have unanimously rejected" the assertion that an ERISA breach-of-fiduciary-duty plaintiff "need not prove an individualized injury insofar as he seeks monetary equitable remedies in a 'derivative' or 'representative' capacity on behalf of the Plan")). Standing is, of course, a prerequisite to class certification. *E.g.*, *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 420 (D.C. Cir. 2006).

Accordingly, Plaintiffs are not entitled to certify a class to challenge the prudence of hundreds of the Plans' investment options.

3

Dated: June 13, 2018                                    Respectfully submitted,

Nancy G. Ross                                           */s/ Brian D. Netter*
MAYER BROWN LLP                                         Brian D. Netter
71 South Wacker Drive                                       bnetter@mayerbrown.com
Chicago, Illinois 60606-4637                            Michelle N. Webster
Telephone: (312) 782-0600                               Matthew A. Waring
                                                        MAYER BROWN LLP
Jean-Marie L. Atamian                                   1999 K Street NW
MAYER BROWN LLP                                         Washington, DC 20006-1101
1221 Avenue of the Americas                             Telephone: (202) 263-3000
New York, New York 10020-1001                           Facsimile: (202) 263-3300
Telephone: (212) 506-2500

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that, on June 13, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By:   /s/ *Brian D. Netter*<br>
       Brian D. Netter