**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CASEY CUNNINGHAM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CORNELL UNIVERSITY, et al. <br><br> Defendants. | No. 1:16-CV-06525-PKC |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION [DOC. 151]**

## CONTENTS

Contents .................................................................................................................................... ii

I.      Defendants largely fail to even address Rule 23, let alone to rebut Plaintiffs' showing that the proposed class satisfies all elements of Rule 23(a) and Rule 23(b)(1). ................... 1

II.     CapTrust's Rule 37(c) motion is procedurally improper and meritless. ............................. 5

III.    CapTrust's miscellaneous arguments do not defeat class certification. ............................. 6

        A.      CapTrust's common proof arguments are meritless. .............................................. 6

        B.      The statute-of-limitations presents a common issue, not an individualized issue. ........................................................................................................................ 9

IV.     Plaintiffs have standing to challenge each investment option at issue. ............................ 10

Conclusion ............................................................................................................................... 10

Defendants do not seriously dispute that Plaintiffs satisfy all requirements for certification as a Rule 23(b)(1) class, as courts in similar ERISA fiduciary breach cases have uniformly held. Cornell[1] even concedes that a class should be certified for the administrative fee issues. Although CapTrust opposes class certification, its arguments largely fail to address Rule 23. CapTrust's primary objection is that because the alleged wrongdoing was so extensive, trial will take too long, which is irrelevant to certification of a Rule 23(b)(1) class. In short, Defendants provide no basis for denying class certification. The Court should grant Plaintiffs' motion.

## I.  Defendants largely fail to even address Rule 23, let alone to rebut Plaintiffs' showing that the proposed class satisfies all elements of Rule 23(a) and Rule 23(b)(1).

Plaintiffs' opening memorandum showed that the proposed class satisfies the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—and that the case presents a "paradigmatic" example of claims appropriate for certification under Rule 23(b)(1), as other courts have routinely found. Doc. 152 at 15–27.[2]

Defendants' briefs largely fail to address the Rule 23 elements. Cornell's two-page response does not even refer to Rule 23. *See* Doc. 168 at 2–3. Cornell concedes that the administrative fee issues should be certified for class treatment, and does not dispute the propriety of Rule 23(b)(1) certification. *See id*. While CapTrust filed a more lengthy opposition, it fails to tie most of its arguments to any specific Rule 23 requirement. CapTrust's brief does not even cite Rule 23(a) or any of its subsections, and contains no mention of numerosity, commonality, typicality or adequacy. *See generally*, Doc. 165 at 6–25. Thus, all Defendants concede, at a minimum, that the class satisfies all four requirements of Rule 23(a).

Defendants make only one Rule 23-specific argument: CapTrust disputes that the class satisfies either Rule 23(b)(1) or (b)(3). Doc. 165 at 21–24. This argument is meritless.

---

[1] "Cornell" refers to all defendants except CapFinancial Partners, LLC ("CapTrust").
[2] "Doc." page citations refer to the page numbers on the ECF header.

1

CapTrust's assertion (at 21–22) that "Rule 23(b)(1) applies in two situations" misstates the law. Rule 23(b)(1) contains two distinct subsections, each of which can apply to several types of cases, and certification is appropriate if the class satisfies either. Fed.R.Civ.P. 23(b)(1)(A), (B); Doc. 152 at 24–27. CapTrust's arguments fail to differentiate between Rule 23(b)(1)(A) and (B).

CapTrust relies on *Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), which addresses Rule 23(b)(1)(B). But *Ortiz* did not restrict certification to "limited fund" cases, as CapTrust suggests. While limited fund cases are among the "traditional varieties of representative suit encompassed by Rule 23(b)(1)(B)," *Ortiz* explicitly recognized that other "[c]lassic examples" of such cases include "actions charging 'a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class' of beneficiaries," 527 U.S. at 834–35, which "is precisely the kind of action at issue here," *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 165 (S.D.N.Y. 2017); *Sacerdote v. New York Univ.*, No. 16-6284, 2018 U.S.Dist.LEXIS 23540, *17–18 (S.D.N.Y. Feb. 13, 2018). Indeed, "courts regularly certify 23(b)(1)(B) class actions in non-limited fund situations, particularly in ERISA cases alleging breach of a fiduciary duty[.]" *Moreno v. Deutsche Bank Ams. Holding Corp.*, No. 15-9936, 2017 U.S.Dist.LEXIS 143208, *27 (S.D.N.Y Sept. 5, 2017), *pet. denied*, No. 17-2911, 2017 U.S.App.LEXIS 26653 (2d Cir. Dec. 19, 2017)(quoting 3 Newberg on Class Actions §4:20 (5th ed. 2017)).

CapTrust next argues that Rule 23(b)(1) certification is inappropriate where multiple suits "could yield different outcomes." Doc. 165 at 22. To the contrary, the risk of inconsistent outcomes, resulting in "incompatible standards of conduct" for the defendant, is the very circumstance that warrants certification under Rule 23(b)(1)(A). *See Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997)("Rule 23(b)(1)(A) 'takes in cases where the party is obliged by law [or practical necessity] to treat the members of the class alike[.]'")(citation omitted). CapTrust fails

to explain how it would comply with conflicting orders if one court were to find, for example, that CREF Stock is a prudent investment that should remain in the Plans, while another court reaches a different outcome and orders it removed. *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *17.

CapTrust's effort to distinguish *Sacerdote* and other decisions certifying similar claims under Rule 23(b)(1) is unavailing. Doc. 165 at 22. Nothing in the cited decisions suggests that the number of investment options at issue was relevant to the certification decision. The analysis is the same whether the case concerns one fund, 10 funds, or 500 funds. As to any given fund within the group, there is a significant risk that individual adjudications would either establish inconsistent standards for the fiduciaries or would dispose of the interests of absent participants.

CapTrust's cases are inapposite. Two of the cases did not even involve ERISA,[3] while the others involved individualized claims for pension or medical benefits under §1132(a)(1)(B), not plan-wide breaches of fiduciary duties under §1132(a)(2).[4] CapTrust's *own case* recognizes this critical distinction. *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 286 F.R.D. 355, 376 (N.D. Ill. 2012)(distinguishing individualized claims for benefits under a plan from "actions to recover money for a pension or retirement plan based on alleged breaches of fiduciary duty that applied to the plan as a whole," which courts have routinely certified under Rule 23(b)(1)).

CapTrust cites no authority for its assertion (at 23) that "[t]he viability of each class member's claim will" depend on their individual investment choices. CapTrust misunderstands the nature of a fiduciary breach claim. The elements of an ERISA breach of fiduciary duty claim

---

[3] *Rambarran v. Dynamic Airways, LLC*, No. 14-10138, 2015 U.S.Dist.LEXIS 97651, *1 (S.D.N.Y. July 27, 2015)(Montreal Convention); *Casa Orlando Apartments, Ltd. v. Fannie Mae*, 624 F.3d 185, 193, 197–98 (5th Cir. 2010)(fiduciary duty under various states' laws).

[4] *Spann v. AOL Time Warner, Inc.*, 219 F.R.D. 307, 321–22 (S.D.N.Y. 2003) (derivative fiduciary breach claim was "actually a claim for benefits"); *Selby v. Principal Mut. Life Ins. Co.*, 197 F.R.D. 48, 55, 58 n.16 (S.D.N.Y. 2000); *Lemberg v. Scottsdale Healthcare Corp. Health Plan*, No. 11-271, 2013 U.S.Dist.LEXIS 192557, *15–16 (D. Ariz. Feb. 4, 2013); *Pa. Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 286 F.R.D. 355, 360 (N.D.Ill. 2012); *Bowe Bell + Howell Co. v. IMMCO Emples. Ass'n.*, No. 03-8010, 2005 U.S.Dist.LEXIS 9502, *12–14 (N.D.Ill. May 11, 2005). The proposed *Selby* class also was not limited to a single employer's plans, as here, but included *all plans in the United States* administered by the defendant. 197 F.R.D. at 55.

3

are: "(1) that defendant was a fiduciary who, (2) was acting within his capacity as a fiduciary, and (3) breached his fiduciary duty." *Bd. of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 806 F. Supp. 2d 662, 679 (S.D.N.Y. 2011). Determining whether the defendants breached their duty of prudence depends on whether CapTrust and Cornell "employed the appropriate methods to investigate the merits" of the Plans' investments. *Katsaros v. Cody*, 744 F.2d 270, 279 (2d Cir. 1984). Accordingly, the proper focus in a fiduciary breach claim is "on the conduct of Defendants" and "whether they breached their fiduciary duties to the Plan as a whole," not on injuries to each individual's account. *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 109 (N.D. Cal. 2008); *In re Polaroid ERISA Litig.*, 240 F.R.D. 65, 76 (S.D.N.Y. 2006)("[T]he appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs.")(quoting *Rankin v. Rots*, 220 F.R.D. 511, 519 (E.D. Mich. 2004)). Thus, participants' individual investment choices are not relevant to the prudence inquiry, and not relevant to class certification. *Kanawi*, 254 F.R.D. at 109; *Sims v. BB&T Corp.*, No. 15-732, 2017 U.S.Dist. LEXIS 137738, *14 (M.D.N.C. Aug. 28, 2017)("[T]he relevant ultimate determination will be the extent to which the Plans were damaged, not any given individuals.")(citation omitted); *Cryer v. Franklin Templeton Res., Inc.*, No. 16-4265, 2017 U.S.Dist.LEXIS 150683, *13 (N.D.Cal. July 26, 2017)(rejecting argument that fiduciary breach claim would require "individualized analysis of participants' choices of funds"); *Krueger v. Ameriprise Fin., Inc.*, 304 F.R.D. 559, 573–75 (D. Minn. 2014)("[D]ifferences in participants' investment behavior are irrelevant at least until after fiduciary liability has been determined and assets restored to the plan"); *In re Nortel Networks Corp. ERISA Litig.*, No. 03-1537, 2009 U.S.Dist.LEXIS 130143, *34 (M.D.Tenn. Sep. 2, 2009). CapTrust cites no authority suggesting that individual investment decisions undermine Rule 23(b)(1) certification.

Because the class satisfies Rule 23(b)(1) (which Cornell does not dispute), the Court need not, and should not, reach Rule 23(b)(3). *See Leber*, 323 F.R.D. at 165 (when class satisfies both, Rule 23(b)(1) controls). To the extent the Court reaches it, the Court should reject CapTrust's argument that its liability cannot be established by "common proof." Doc. 165 at 24. As to each investment option at issue, all class members will rely on the exact same evidence regarding CapTrust's monitoring process, or lack thereof. Because Plaintiffs' claims exclusively pertain to CapTrust's Plan-level decisions whether to retain or remove particular investment options, none of the evidence is individualized to particular class members. Indeed, CapTrust's citation to the trial record in *Sacerdote*—which consists entirely of common, class-wide and plan-wide proof, and no individualized proof—defeats its argument that the similar claims here are not also susceptible to common proof. *See* Doc. 165 at 17–18.

## II.   CapTrust's Rule 37(c) motion is procedurally improper and meritless.

CapTrust moves the Court, pursuant to Rule 37(c)(1), to preclude Plaintiffs from "seeking damages" with respect to 176 funds identified in the complaint as having underperformed their benchmarks, but for which Plaintiffs did not provide a specific damages computation in their Rule 26(a) disclosures. Doc. 165 at 12–13. CapTrust's motion violates this Court's Local Rules:

> No motion under Rules 26 ***through 37 inclusive*** of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference (subject to the instructions regarding ECF published on the Court's website and the Judge's Individual Practices) and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

Local Civ. R. 37.2 (emphasis added). CapTrust cannot evade this Court's procedural requirements by including a Rule 37(c)(1) motion in its class certification opposition. The Court should reject CapTrust's motion for this reason alone.

5

Procedural defects aside, CapTrust's motion is premature, particularly in light of significant discovery disputes that remain pending concerning Cornell's failure to produce responsive documents. *See* Doc. 171. At present, Plaintiffs have asserted claims for underperformance damages arising from two options: the CREF Stock Account and TIAA Real Estate Account—the same two options at issue in the certified classes in *Sacerdote* and *Clark v. Duke Univ.*, No. 16-1044, 2018 U.S.Dist.LEXIS 62532, *9–10 (M.D.N.C. Apr. 13, 2018). Doc. 167-7 at 7. Plaintiffs also assert claims for fee damages of over $32 million due to excessive administrative fees and an additional $1.4 million due to Defendants' use of higher-cost retail-class shares of 92 mutual funds instead of identical lower-cost institutional-class shares. Doc. 167-7 at 6–7. To the extent additional discovery and expert analysis reveals further underperformance losses related to other imprudent options, Plaintiffs are entitled to supplement their initial disclosures pursuant to Rule 26(e), in which case exclusion under Rule 37(c)(1) would be improper.

### III.   CapTrust's miscellaneous arguments do not defeat class certification.

CapTrust makes several additional arguments, without explaining how they are relevant to any particular Rule 23 element. See Doc. 168 at 14–21, 24–25 (Argument Parts II.A–C, E). None of them provides a basis for denying class certification.

#### A.   CapTrust's common proof arguments are meritless.

CapTrust baldly asserts that "Plaintiffs bear the burden of demonstrating, by a preponderance of the evidence, how classwide evidence can resolve the key issues in this case," yet fails to explain which Rule 23 element supposedly requires such a showing. Doc. 165 at 14. The cases that CapTrust cites concern the predominance requirement of Rule 23(b)(3), which would only be relevant here if the class does not satisfy Rule 23(b)(1). *Sicav v. Jun Wang*, No.12-6682, 2015 U.S.Dist.LEXIS 6815, at *11 (S.D.N.Y. Jan. 21, 2015)("common proof of the essential elements of economic injury and loss causation" was required to establish that common

6

issues "predominate over individual ones" under Rule 23(b)(3)); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013)(model "establishing that damages are capable of measurement on a classwide basis" required to show Rule 23(b)(3) predominance).

Even "Rule 23(b)(3), however, does *not* require a plaintiff seeking class certification to prove that each elemen[t] of [her] claim [is] susceptible to classwide proof." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 469 (2013) (quotation mark and citation omitted). Rather, it requires a showing that "common questions '*predominate* over any questions affecting only individual [class] members.'" *Id*. at 469 (quoting Fed.R.Civ.P. 23(b)(3)).

CapTrust does not seriously dispute that in resolving Plaintiffs' claim as to any particular investment option, virtually every question would be a common question rather than an individualized question, and would necessarily be established by common, plan-level proof regarding the process that CapTrust and Cornell used to monitor the fund's performance and fees. CapTrust instead appears to be arguing that Plaintiffs must show that the same evidence that would establish that CapTrust breached its duties as to the CREF Stock Account would also simultaneously establish that it breached its duties as to 244 other options, and that evidence unique to each investment option should be deemed "individualized" proof for purposes of Rule 23. Doc. 165 at 14–17. But "common proof" does not mean that the same evidence must be able to resolve *all* issues in the case at once, it simply means that to resolve a *particular* question, each class member would rely on the same "common" evidence, rather than "individualized" evidence specific to the class member. *See Amgen*, 568 U.S. at 474.

CapTrust's complaint that the trial could take too long because many funds were imprudent has nothing to do with whether Plaintiffs satisfy Rule 23. Doc. 165 at 18. In any event, CapTrust's fears are overblown—the trial will not require a "multi-faceted prudence inquiry …


for 244 separate investment options." *Id.* As noted supra, just as in *Sacerdote*, Plaintiffs' imprudence claims are focused on two options, the CREF Stock and TIAA Real Estate accounts. Although CapTrust speculates that the mutual fund share class claim could require a prolonged inquiry into whether there was a hypothetically valid reason for selecting the higher-cost option instead of the identical lower-cost version, a nearly identical claim was resolved on a class-wide basis in a three-day trial in *Tibble v. Edison Int'l*, No. 07-5359, 2010 U.S.Dist.LEXIS 69119, *7–8, *81–98 (C.D. Cal. July 8, 2010) (emphasis in original), *aff'd*, 729 F.3d 1110, 1137–39 (9th Cir. 2013); *see also id*. *4 (noting previous certification of similarly defined class).

The Plans' damages can also be readily determined on a class-wide basis. An "appropriate remedy in cases of breach of fiduciary duty is the restoration of the trust beneficiaries to the position they would have occupied but for the breach of trust." *Donovan v. Bierwirth*, 754 F.2d 1049, 1056 (2d Cir. 1985)(citing Restatement (Second) of Trusts § 205(c) (1959)). In the case of an imprudent investment, "the measure of loss applicable under ERISA section 409 requires a comparison of what the Plan actually earned on the [imprudent] investment with what the Plan would have earned had the funds been available for other Plan purposes." *Id*. Thus, for example, if CapTrust and Cornell imprudently retained the CREF Stock Account, the Court will determine, with the assistance of expert testimony, how the assets likely would have been invested if the fund had been removed, with any doubt or ambiguity resolved against the breaching fiduciary. *Id.*; *Dardaganis v. Grace Capital Inc*., 889 F.2d 1237, 1244 (2d Cir. 1989).

In similar class actions handled by class counsel that proceeded to trial, courts determined, with the assistance of experts, class-wide damages awards to the plans resulting from excessive administrative fees and retail-class mutual funds. *Tussey v. ABB, Inc.*, 746 F.3d 327, 336–37 (8th Cir. 2014)(affirming award of $13.4 million in excessive recordkeeping fees to certified class);

*Tibble*, 2010 U.S.Dist.LEXIS 69119, at *121–25 (awarding class-wide damages for breach in using retail-class shares), *aff'd*, 729 F.3d 1110 (9th Cir. 2013).

### B. The statute-of-limitations presents a common issue, not an individualized issue.

Determining whether class members had "actual knowledge" of Defendants' breaches, 29 U.S.C. §1113(2), presents a *common* question, not an *individualized* question. *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *21–22. While a defense can undermine typicality if it is "unique" to the named plaintiff, *Brown v. Kelly*, 609 F.3d 467, 480 (2d Cir. 2010), a defense that is "common to all of the plaintiffs' cases" actually confirms that the class "satisfies the commonality requirement of Rule 23(a)(2)," *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 145, 166–67 (2d Cir. 1987). CapTrust apparently intends to raise the same defense against all class members, not only certain individuals. Doc. 165 at 20–21. Further, CapTrust's defense is not based upon unique communications to individual participants—it is based upon uniform "fee and performance disclosures" sent to *all* participants. Doc. 165 at 20. Determining whether the facts within those documents are sufficient to establish "actual knowledge of the breach" is a common question, not an individualized question. At this stage, CapTrust's "bald speculation that some class members might have [had] knowledge cannot be enough to forestall certification." *Leber*, 323 F.R.D. at 161 (quotation marks and citation omitted).

But even assuming that this defense presents an individualized question as CapTrust asserts, it does not defeat class certification. Even the stringent standard of Rule 23(b)(3) does not require that *every* question be a common one. *Amgen*, 568 U.S. at 474. The presence of a statute of limitations defense will "rarely defeat a finding of predominance." *Mahon v. Chi. Title Ins. Co.*, No. 09-690, 2016 U.S.Dist.LEXIS 132753, *6 (D. Conn. Sep. 26, 2016)(quoting Newberg et al., *Newberg on Class Actions* 204–05 (5th ed. 2012)); *see also Johnson v. Nextel Communs. Inc.*, 780 F.3d 128, 138 (2d Cir. 2015)(existence of individual defense "does not compel a

9

finding that individual issues predominate over common ones.")(citation omitted). The common questions in this case regarding liability and Plan losses far outweigh any individual issues.

## IV. Plaintiffs have standing to challenge each investment option at issue.

Cornell's cursory Article III standing argument should be rejected, as were similar arguments in Sacerdote and other cases in this district. *Sacerdote*, 2018 U.S.Dist.LEXIS 23540, *19–21; *Leber*, 323 F.R.D. at 154–59; *Moreno*, 2017 U.S.Dist.LEXIS 143208, *27–29. As in *Sacerdote*, Plaintiffs have established Article III standing by alleging an injury to their individual accounts traceable to investing in options in the Plans that contributed to the excessive administrative fees, charged excessive investment management fees compared to alternatives such as identical lower-cost share classes, and underperformed, including the CREF Stock and TIAA Real Estate accounts. Doc. 81 ¶8. Having satisfied that threshold requirement, plaintiffs have a cause of action under §1132(a)(2) to pursue relief "that sweeps beyond [their] own injury" and "to seek relief *for the entire Plan*." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009)(emphasis added). Moreover, Plaintiffs have class standing because the conduct that harmed Plaintiffs and all class members arises from the "same set of concerns"—Defendants' flawed process for monitoring the Plans' fees and investments. *Moreno*, 2017 U.S.Dist.LEXIS 143208, *28–29; *see NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012) (internal quotation marks and citations omitted).

## CONCLUSION

The Court should grant Plaintiffs' motion in its entirety.

July 13, 2018                                           Respectfully Submitted,

/s/ Jerome J. Schlichter
SCHLICHTER BOGARD & DENTON LLP
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter*
Michael A. Wolff*
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
aschlichter@uselaws.com
jschlichter@uselaws.com
mwolff@uselaws.com
*Admitted *pro hac vice*

*Attorneys for Plaintiffs*