UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CASEY CUNNINGHAM, et al.,

                      Plaintiffs,                        16-cv-6525 (PKC)

        -against-                                    OPINION
                                                                  AND ORDER

CORNELL UNIVERSITY, et al.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        In their initial and amended complaints, the plaintiffs, who are beneficiaries of certain benefit plans covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461, demanded a trial by jury of all issues in this action. Defendants, who are fiduciaries of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan (together, the "Plans") now move to strike the jury demand. Rule 39(a)(2), Fed. R. Civ. P.

        Defendants had previously moved to dismiss the Amended Complaint. Certain claims under section 404(a) of ERISA, 29 U.S.C. § 1104(a), survived the motion. (Memorandum and Order of September 29, 2017 (Dkt. 107)). Among the remaining claims are those that allege that the defendants breached their fiduciary duties by imprudently allowing the Plans to pay unreasonable administrative fees and by imprudently selecting specific retail funds over lower-cost, but otherwise identical, institutional funds as investment options.

        As relief, the Amended Complaint seeks the removal of fiduciaries, an imposition of a surcharge on the fiduciaries, an accounting, reformation of the Plans, and "other equitable or remedial relief as the Court deems appropriate." (Am. Compl. (Dkt. 38) at 139–40). But the

Amended Complaint also asks the Court to "[f]ind and adjudge that Defendants are personally liable to make good to the Plans all losses to the Plans resulting from each breach of fiduciary duty." (Am. Compl. at 139). The beneficiaries assert that the claim for compensation to the Plans is a legal, not equitable, claim and that they are therefore entitled to have it tried to a jury. For reasons that will be explained, the Court agrees and denies defendants' motion to strike the jury demand as to the beneficiaries' claim to hold the defendants personally liable for losses to the Plans.

DISCUSSION

ERISA does not expressly permit or require that claims brought for a breach of the fiduciary duties outlined in section 404(a) be tried to a jury. As support for their claimed right to a jury trial, the beneficiaries rely on the Seventh Amendment that provides, in relevant part, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. Where "legal rights," as distinguished from "equitable rights," are asserted, a party has the right to a jury trial. Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) (citing Parsons v. Bedford, 28 U.S. 433, 447 (1830)).

"To determine whether a statutory action is more similar to cases that were tried in courts of law than to suits tried in courts of equity or admiralty, the Court must examine both the nature of the action and of the remedy sought." Tull v. United States, 481 U.S. 412, 417 (1987). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. Id. at 417–18 (internal citations

omitted). The second of the two inquiries is more important than the first. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989).

As a "general rule," "breach of fiduciary duty claims were historically within the jurisdiction of the equity courts." Pereira v. Farace, 413 F.3d 330, 338 (2d Cir. 2005) (citing Terry, 494 U.S. at 567). To determine whether this general rule applies, courts examine the "nature of the issues" and whether, though denominated as a breach of fiduciary duty claim, the issues actually sound in a traditional legal theory such as breach of contract or negligence. See id. at 338–39. Here, the breach of the fiduciary duty of prudence derives from the law of trusts that was heard in equity. Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc., 472 U.S. 559, 570 (1985); see also Restatement (First) of Trusts § 174 (1935) (duty to exercise care and skill that a person of ordinary prudence would in dealing with his own property). The Court concludes that the first inquiry favors the conclusion that the claim for breach of the fiduciary duty of prudence asserted under section 404(a) of ERISA is equitable in nature.

As to the second inquiry that focuses on the nature of the relief sought, there is no serious question that, of the types of relief sought in the Amended Complaint, equitable relief predominates. As noted, the Amended Complaint seeks the removal of fiduciaries, an accounting, reformation of the Plans, and "other equitable or remedial relief as the Court deems appropriate." (Am. Compl. at 139–40). These are traditional equitable remedies. See generally Restatement (Third) of Trusts § 95 (2012). No jury is required to adjudicate the breach of fiduciary claim for these categories of relief.

But, as noted, the beneficiaries further demand that the Court "[f]ind and adjudge that Defendants are personally liable to make good to the Plans all losses to the Plans resulting from each breach of fiduciary duty, and to otherwise restore the Plans to the position they would

have occupied but for the breaches of fiduciary duty." (Am. Compl. at 139). In context, the Amended Complaint presents a demand for entry of a money judgment for (1) the amount of allegedly unreasonable fees paid by the Plans to third-parties, which are sums that were never personally paid to the defendants; and (2) the amount of the alleged difference paid by beneficiaries for higher cost retail funds over lower cost institutional funds, which are again sums never paid to defendants.[1]

In Great–West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213–14 (2002), the Supreme Court drew a distinction, in the context of an issue of statutory interpretation, between restitution as an equitable remedy, which is the return of particular funds or property that in good conscience belongs to the plaintiff and can be found in the possession of the defendant, and the legal remedy of compensatory damages imposed personally on a defendant. Dictum in Great–West suggested that a claim against a defendant for payment of monies that the defendant never personally possessed was a legal claim, not an equitable one. See id.

Less than three years after Great–West, the Second Circuit had occasion to examine the impact of Great–West. See Pereira, 413 F.3d at 340.[2] On appeal of findings entered after a twelve-day bench trial of claims of breach of fiduciary duty before Judge Sweet, the Second Circuit vacated the judgment and remanded the case for a trial before a jury. Id. at 333, 343. It described Great–West as having "reconfigured the legal landscape of restitution" and quoted the case as standing for the proposition that "for restitution to lie in equity, the action

---

[1] The Amended Complaint separately and, perhaps, alternatively seeks to impose a surcharge on the defendants, a traditional equitable remedy. (Am. Compl. at 139). The parties have not briefed the parameters of the surcharge remedy and the Court cannot say that its contours precisely overlap the make-whole remedy that the beneficiaries also seek in this action.
[2] In Strom v. Goldman, Sachs & Co., 202 F.3d 138 (2d Cir. 1999), an ERISA case, the Second Circuit previously held that a beneficiary's claim to recover a plan benefit allegedly lost because of a fiduciary duty breach was equitable in nature.

generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property *in the defendant's possession*." Id. at 340 (emphasis added in Pereira) (quoting Great–West, 534 U.S. at 214). The Circuit accepted that a breach of fiduciary duty claim was equitable in nature, but noted the type of relief sought—a form of compensatory damages—was entitled to "greater weight" in its analysis than the nature of the claim. Id. at 337–39 (citing Granfinanciera, 492 U.S. at 42).³ The holding of Pereira appears to be found in the following passage from the panel's opinion:

> On appeal, defendants challenge the court's characterization of the relief as equitable. They emphasize that, because they never possessed the funds in question and thus were not unjustly enriched, the remedy sought against them cannot be considered equitable. Rather, according to defendants, the remedy sought was legal and thus they were entitled to a jury trial. We agree.

Id. at 339. There is no serious dispute that the funds that the beneficiaries in this action seek from defendants are not funds that the defendants ever possessed but, at most, losses to the beneficiaries or Plans caused by alleged acts of imprudence.

Defendants urge with some support that there has been an intervening decision from the Supreme Court that cast doubts on the continued viability of some of the dictum in Great–West. They assert that this, in turn, undermines the Circuit's Seventh Amendment ruling in Pereira. In CIGNA Corp v. Amara, 563 U.S. 421, 439 (2011), the Supreme Court pointed out that its holding in Great–West arose in the atypical context of a suit by a fiduciary against a beneficiary and not the other way around:

> The case before us concerns a suit by a beneficiary against a plan fiduciary (whom ERISA typically treats as a trustee) about the

---

³ Judge Newman concurred in Pereira and described the question resolved in the appeal as "far closer than the Court acknowledges." Id. at 344 (Newman, J., concurring). "Despite the sweep of the language from the Restatement supporting actions in equity against fiduciaries for breach of their duties and the rarity of decisions requiring a jury for such claims, I am persuaded that the Supreme Court's dictum in Great–West, sends a signal that should not be ignored." Id. at 346.

> terms of a plan (which ERISA typically treats as a trust). It is the
> kind of lawsuit that, before the merger of law and equity,
> respondents could have brought only in a court of equity, not a
> court of law.

Id. at 439–40 (internal citations omitted). The Amara Court noted that relief in "the form of a money payment does not remove it from the category of traditionally equitable relief. Equity courts possessed the power to provide relief in the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." Id. at 441. The Court observed that "prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a 'surcharge,' was 'exclusively equitable.'" Id. at 442.

Amara, like Great–West, construed the term "equitable relief" as used in section 502(a)(3) of ERISA. Pereira, in contrast, was implicitly premised upon consideration of 18th century practice in courts of equity as it informed the Seventh Amendment right to trial by jury. The merger of law and equity referenced in Amara occurred in 1938 with the adoption of Rule 2, Fed. R. Civ. P.—not in the late 18th century when the Seventh Amendment was adopted. See generally Schine v. Schine, 367 F.2d 685 (2d Cir. 1966).

A further complicating circumstance in applying Amara to late 18th century equity practice is that, at some point in time prior to the adoption of ERISA, courts of equity adopted the practice of awarding legal relief; the circumstance that legal relief was awarded by a court of equity apparently did not convert such legal relief into equitable relief. Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993) ("At common law, however, there were many situations—not limited to those involving enforcement of a trust—in which an equity court could 'establish purely legal rights and grant legal remedies which would otherwise be beyond the scope of its authority.'")

The Pereira court may have over-read Great–West in applying its dictum to the issue of the right to trial by jury under the Seventh Amendment. But unless and until the case is overruled or clear Supreme Court precedent intervenes, this Court must follow it. Lower courts are constrained "to follow directly controlling precedent even where that decision appears to rest on reasons rejected in another line of decisions." United States v. Vaughn, 430 F.3d 518, 526 (2d Cir. 2005). In the context of the assertion of a constitutional right to trial by jury, this Court cannot say that Amara so undermines Pereira that it is nearly inevitable that it will be overruled by the Second Circuit. See United States v. Emmenegger, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004) (Lynch, J.).

The Court acknowledges that there is a split among district courts within this Circuit on whether a claim for compensatory damages for breach of fiduciary duty requires the empanelment of a jury. One district court within this Circuit recently declined to require a jury trial in an ERISA action with claims virtually identical claims to those asserted in this action and brought by the same plaintiffs' attorneys. Sacerdote v. New York University, 16 cv 6284 (KBF) (S.D.N.Y. Dec. 19, 2017) (Dkt. 122); Cates v. Columbia University, 16 cv 6524 (KBF) (S.D.N.Y. Jan. 25, 2018) (Dkt. 140). Another has granted a motion to strike a jury demand in an ERISA breach of fiduciary duty case seeking compensation from the fiduciaries. Bauer-Ramazani v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund, 09 cv 190, 2013 WL 6189802, at *11 (D. Vt. Nov. 27, 2013). But other district courts in this Circuit have ruled in a manner consistent with Pereira. In re: FKF 3, LLC, 13 cv 3601 (KMK), 2016 WL 4540842, at *16–17 (S.D.N.Y. Aug. 30, 2016) (trustee entitled to a jury trial on claim for compensatory damages for breach of fiduciary duty); Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co., 11 cv 282 (JCH), 2012 WL 162361, at *6 (D. Conn. Jan. 19, 2012) (denying motion to

strike jury demand on ERISA claim for compensation for losses to the plans that result from alleged breach of fiduciary duty).

Finally, the conclusion that a portion of the beneficiaries' claims must be tried to a jury does not mean that all of their claims must be presented to a jury for a binding decision. The joinder of legal and equitable claims in the same pleading does not require same trier of fact for all claims. See Ross v. Bernhard, 396 U.S. 531, 538 (1970). The beneficiaries' claim for money damages against the fiduciaries—a legal claim—is the only claim that will be tried to a jury. The beneficiaries' claims for removal of the trustees, an accounting, reformation of the Plans, and other equitable relief will be tried to the Court.

CONCLUSION

The motion to strike the jury demand (Dkt. 137) as to all claims by beneficiaries against fiduciaries to personally make good to the Plans all losses to the Plans resulting from each breach of fiduciary duty is DENIED. It is otherwise GRANTED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 6, 2018