**MAYER·BROWN**

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

**Brian D. Netter**
Direct Tel +1 202 263 3339
Direct Fax +1 202 263 5236
bnetter@mayerbrown.com

September 21, 2018

BY ECF

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Cunningham v. Cornell University,
       No. 1:16-cv-06525-PKC (S.D.N.Y.)

Dear Judge Castel:

On behalf of Cornell University, the Retirement Plan Oversight Committee, and Mary G. Opperman (collectively, the "Cornell Defendants"), I write pursuant to 28 U.S.C. § 1292(b) and Your Honor's Individual Practices in Civil Matters. The Cornell Defendants respectfully request that the Court certify for interlocutory appeal its ruling denying in part the motion to strike the jury demand (Dkt. 198). No status conference is currently scheduled in this case.

As the Court is aware, § 1292(b) permits an interlocutory appeal of an order not otherwise immediately appealable if the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion" and review "may materially advance the ultimate termination of the litigation." In recognition of the fact that interlocutory appeals are the exception, rather than the rule, such an appeal is authorized only if both the district court and the court of appeals exercise discretion to permit the appeal.

With respect to this Court's finding that Plaintiffs are entitled to a trial by jury on their claim for monetary relief for breach of fiduciary duty, the objective factors of § 1292(b) are satisfied and there is good cause, as set forth below, for this Court to exercise its discretion to certify the issue for immediate appeal.

*First*, the issue concerns a "controlling question of law." To be "controlling," a question of law need not be dispositive of the entire matter. *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). Rather, the phrase "'a controlling question of law' in § 1292(b) … include[s] a procedural determination that may importantly affect the conduct of an action." *In re Duplan Corp.*, 591 F.2d 139, 148 n.11 (2d Cir. 1978). The distinction between a bench trial and a jury trial "reflect[s] a fundamental decision about the exercise of official power." *Duncan v. Louisiana*, 391 U.S. 145, 156 (1968). In some circumstances, assigning the fact-finding role to a jury is "an essential part of the congressional plan" reflected by the statutory scheme. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959). Here, by contrast, Congress imported trust-law concepts into ERISA in order to preserve the equitable heritage of fiduciary status.

The Honorable P. Kevin Castel
September 21, 2018
Page 2

*See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transport, Inc.*, 472 U.S. 559, 570 (1985). "The essence of equity jurisdiction has been the power of the Chancellor to do equity," which necessarily reshapes judicial proceedings. *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 212 (1978) (quoting *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)). As a practical matter, as this Court's Individual Practices reflect, jury trials require a variety of procedural steps (such as the formulation of jury instructions) that are unnecessary in a bench trial, while bench trials require different procedural steps (such as the submission of proposed findings of fact and conclusions of law) that are unnecessary in a jury trial. Moreover, whereas all testimony in a jury trial is taken before the jury, in a bench trial, this Court requires direct testimony to be submitted via declaration or affidavit. These distinctions, while procedural in nature, clearly and importantly affect the conduct of the action, thus establishing a "controlling question."

*Second*, as the Court's own opinion recognizes, the district courts in this Circuit have divided as to whether a jury trial is available for breach of fiduciary duty actions under ERISA. Dkt. 198 at 7 (collecting cases). Outside this Circuit, many additional courts have issued rulings that conflict with this Court's opinion.[1] The existence of this split demonstrates a substantial ground for difference of opinion. *See, e.g.*, *In re Hawker Beechcraft, Inc.*, 2013 WL 6673607, at *5 (S.D.N.Y. Dec. 18, 2013) ("There may be 'substantial ground for difference of opinion' with respect to the legal issue presented for interlocutory appeal when '. . . there is conflicting authority on the issue.'") (Castel, J.) (quoting *In re Lloyd's Am. Tr. Fund Litig.*, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997))); *see also Chavez v. Occidental Chem. Corp.*, 300 F. Supp. 3d 517, 538 (S.D.N.Y. 2018); *In re Facebook, Inc. IPO Secs. & Deriv. Litig.*, 986 F. Supp. 2d 524, 539-40 (S.D.N.Y. 2014).

*Third*, "immediate appeal is considered to materially advance the termination of the litigation if 'appeal promises to advance the time to trial or to shorten the time required for trial.'" *Hawker Beechcraft*, 2013 WL 6673607, at *5. Here, resolving the identity of the trier of fact now would obviate the need to retry the case *in toto* after a post-judgment appeal if the Second Circuit were to find error in this Court's decision to require a jury on certain claims. Likewise, an appellate decision in favor of the Cornell Defendants on the motion to strike Plaintiffs' jury demand would permit direct testimony by declaration or affidavit, thereby shortening the trial.

The Second Circuit has exercised § 1292(b) jurisdiction in a case strikingly similar to the circumstance here. In *Germain v. Connecticut National Bank*, 988 F.2d 1323 (2d Cir. 1993), the court permitted an appeal over a district court's ruling that a bankruptcy trustee was entitled to a

---

[1] *See, e.g.*, *Clark v. Duke Univ*; *Daugherty v. Univ. of Chicago*, 2017 WL 4227942, at *9 (N.D. Ill. Sept. 22, 2017); *Divane v. Northwestern Univ.*, 2018 WL 1942649, at *2 (N.D. Ill. Apr. 25, 2018); *Gernandt v. SandRidge Energy Inc.*, 2017 WL 3219490, at *12 (W.D. Okla. July 28, 2017); *Bell v. Pension Comm. of Ath Holding Co., LLC*, 2016 WL 4088737, at *2 (S.D. Ind. Aug. 1, 2016); *Perez v. Silva*, 185 F. Supp. 3d 698, 700-05 (D. Md. 2016).

The Honorable P. Kevin Castel
September 21, 2018
Page 3

jury trial for post-petition claims against the debtor.[2]  The Sixth Circuit granted interlocutory review on a related issue (whether a jury trial can be conducted by a bankruptcy court) and explained why § 1292(b) was satisfied.  *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992).  *First*, the court held that the question of a bankruptcy court's authority to conduct a jury trial was "controlling" because it would "materially affect the outcome of the district court litigation."  *Id.* at 1172 n.8.  *Second*, the court held that there was a substantial ground for difference of opinion because the circuits were split on the issue.  *Id.* at 1172.  *Third*, the court held that immediate appeal would materially advance the litigation because of the risk of "protracted and expensive litigation" that would result if the court waited until final judgment to review the issue.  *Id.* (internal quotation marks omitted).

Here, *Germain* and *Baker & Getty* demonstrate the availability of § 1292(b) review.  Moreover, this is a particularly important issue that will affect the course not just of this litigation but of other cases pending in the Second Circuit.  The related action *Sacerdote v. NYU* has already completed a bench trial; although the plaintiffs in that case waived the defense of their jury demand,[3] there are four other ERISA breach-of-fiduciary-duty class actions pending against universities in this Circuit,[4] and dozens of ERISA breach-of-fiduciary-duty class actions pending against corporate defendants.[5]  A conclusive determination respecting the identity of the trier of fact would therefore meaningfully conserve judicial resources.

For these reasons, the Cornell Defendants respectfully ask this Court to certify for interlocutory appeal the ruling denying in part the motion to strike Plaintiffs' jury demand.

Sincerely,

*/s/ Brian D. Netter/*

Brian D. Netter

---

[2] In *Germain*, the bankruptcy court found that the Seventh Amendment entitled the trustee to a jury trial and the district court affirmed.  112 B.R. 57 (D. Conn. 1990).  The Second Circuit then ruled that it lacked jurisdiction to hear an interlocutory appeal in a bankruptcy case (926 F.2d 191 (2d Cir. 1991)), but the Supreme Court reversed that holding (503 U.S. 249 (1992)).  The Second Circuit exercised jurisdiction on remand under 28 U.S.C. § 1292(b).  *See* 988 F.2d at 1334 (Oakes, J., dissenting) (acknowledging the grant of § 1292(b) review and dissenting from the scope of that review).

[3] *Sacerdote v. N.Y. Univ.*, No. 1:16-cv-06284-KBF (S.D.N.Y. Dec. 19, 2017), ECF No. 122.

[4] *Cates v. Trs. of Columbia Univ. in the City of N.Y.*, No. 16-cv-6524 (S.D.N.Y.); *Vellali v. Yale Univ.*, No. 16-cv-1345 (D. Conn.); *D'Amore v. Univ. of Rochester*, No. 6:18-cv-06357 (W.D.N.Y.); *Mulligan v. Long Island Univ.*, No. 1:18-cv-02885 (E.D.N.Y.).

[5] *See, e.g.*, *Reidt v. Frontier Commc'ns Corp.*, No. 3:18-cv-01538 (D. Conn); *Sandoval v. Novitex Enter. Sols. Retirement Savings Plan*, No. 3:17-cv-01753 (D. Conn.); *Ferguson v. Ruane Cuniff & Goldfarb Inc.*, No. 1:17-cv-06685 (S.D.N.Y); *Beach v. JPMorgan Chase Bank, N.A.*, No. 1:17-cv-00563 (S.D.N.Y.); *In re M&T Bank Corp. ERISA Litig.*, No. 1:16-cv-00375 (W.D.N.Y.).