UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CASEY CUNNINGHAM, et al.,

                             Plaintiffs,                      16-cv-6525 (PKC)

    -against-

                                                                   OPINION AND
                                                                   <u>ORDER</u>

CORNELL UNIVERSITY, et al.,

                             Defendants.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        Cornell University, the Retirement Plan Oversight Committee and Mary G. Opperman move for certification for interlocutory appeal of this Court's grant of a motion to strike a jury demand. (Opinion and Order, Sept. 6, 2018; Doc. 198.) 28 U.S.C. §1292(b).

        The first step in seeking an interlocutory appeal under section 1292(b) is a certification by the district court that order at issue "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. §1292(b). Certification is strictly limited to the precise conditions set forth in the statute. <u>Gottesman v. Gen. Motors Corp.</u>, 268 F.2d 194, 196 (2d Cir. 1959).

        The issue to be certified need not affect a wide range of cases in order to be viewed as "controlling." <u>Klinghoffer v. S.N.R. Achille Lauro</u>, 921 F.2d 21, 24 (2d Cir. 1990). If a reversal of the district court's ruling on an issue of law would terminate the action, then the issue is controlling. <u>Id.</u> Courts have held that issues that could materially affect the outcome of

the case, but not necessarily bring it to a conclusion, may meet the controlling standard. In re Cement Antitrust Litig., 673 F.2d 1020 (9th Cir. 1981), *aff'd,* 459 U.S. 1190 (1983).

In one case, the Second Circuit accepted a certified question relating to a party's right to a jury trial of a trustee's suit against a bank that had been commenced in state court and removed to bankruptcy court. Germain v. Connecticut Nat. Bank, 988 F.2d 1323, 1325 (2d Cir. 1993). It is a rare example of acceptance of certification of an interlocutory appeal that did not appear to resolve a substantive issue in the case. Discussion of the certification issue is found only in the dissent and hence the rationale for certification is less than clear. Id. at 1334.

Whether this ERISA case is tried to a jury or the Court is an important issue but not a "controlling" one. Further, resolution of the issue by an appellate court will not "materially advance" the disposition of the action. Unless summary judgment is granted to one of the parties, the case will proceed to trial. If the case is tried to verdict before a jury and a jury were deemed on appeal to have been an improper fact finder, then, on remand, no new or additional testimony would be required for this Court to enter findings of fact and conclusions of law. On remand, the jury's verdict appropriately could be considered by this Court on an advisory basis.

Finally (and not material to this Court's denial of certification), the issue of entitlement to a jury trial in an ERISA case raising a similar issue is presently before the Second Circuit and could be resolved prior to trial of the instant action. Sacerdote v. New York University, 16 cv 6284 (KBF) (S.D.N.Y. Dec. 19, 2017) (Notice of Appeal, at ¶7; Doc. 355 at 2).

Letter motion for certification under section 1292(b) of title 28 (Doc 200) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 11, 2018