# Cornell Motion for Summary Judgment Exhibit 35

CONFIDENTIAL

Page 1

1

2

3                UNITED STATES DISTRICT COURT

4               SOUTHERN DISTRICT OF NEW YORK

5                   NO. 16-cv-6525-PKC

6      _____

7   CASEY CUNNINGHAM,                    )

8                   Plaintiff,           )

9            vs.                         )

10  CORNELL UNIVERSITY, ET AL.,          )

11                  Defendants.          )

12     _____)

13            VIDEOTAPED DEPOSITION OF FIDELITY

14  MANAGEMENT TRUST COMPANY LLP BY PATRICK T. WARNER,

15  called as a witness by and on behalf of the

16  Plaintiff, pursuant to the applicable provisions of

17  the Federal Rules of Civil Procedure, Rule

18  30(b)(6), before P. Jodi Ohnemus, RPR, RMR, CRR,

19  CA-CSR #13192, NH-LSR #91, MA-CSR #123193, and

20  Notary Public, within and for the Commonwealth of

21  Massachusetts, at the offices of Goodwin Procter,

22  100 Northern Avenue, Boston, Massachusetts, on

23  Friday, July 20, 2018, commencing at 9:02 a.m.

24

CONFIDENTIAL

1   Q.   As of this date in -- you said June 15th,
2 2011; is that correct for this agreement --
3   A.   That's the --
4   Q.   -- we're looking at?
5   A.   Dated as of June 15th, 2011.
6   Q.   Was it possible for Fidelity to have
7 entered into the fixed arrangement that you're
8 describing with a limited -- per-participant limit
9 in recordkeeping fees?
10       MR. MYLER:  Objection to form.
11       MR. FELDMAN:  Join the objection.
12       MR. BOYLE:  Vague.
13   A.   I don't recall timing of when the
14 different models at Fidelity were available.
15   Q.   So as of this date, you're not familiar
16 with any arrangements that Fidelity had that were
17 in a fixed arrangement, as we described?
18   A.   So I'm not sure in 2011.
19   Q.   So you have -- you have no familiarity
20 with any arrangement of a fixed nature that we
21 discussed?
22   A.   No, I didn't say that.
23       You said as of 2011.
24   Q.   As of 2011.  Sorry.  I should have

1 limited --
2   A.   So as of 2011, I didn't have any clients
3 that had a fixed arrangement with Fidelity, and I
4 don't know the pricing of other clients outside of
5 my own book.  They don't -- Fidelity doesn't share
6 that information with us.
7   Q.   Okay.  If a client had approached you in
8 2011 and requested a per-participant limit, could
9 that have been possible?
10       MR. MYLER:  Object to form.
11       MR. BOYLE:  Vague.
12       MR. FELDMAN:  Objection.  Hypothetical.
13   A.   So was fixed pricing in place in 2011?
14   Q.   Yes.
15   A.   I honestly don't know the exact date
16 when -- when -- when our -- when fixed pricing
17 became available.  It was sometime in the last
18 -- it was at least five years ago, but I'm not sure
19 if it was 2011.
20   Q.   So you don't --
21   A.   I don't -- I don't think it was.
22   Q.   So you, having worked in this space for
23 multiple decades, do not have any knowledge as to
24 approximately what year fixed fee arrangements were

1 implemented by Fidelity?
2   A.   So I work at -- like I said before, I work
3 in the tax exempt market and fixed arrangements in
4 the tax exempt market were not common until
5 probably the last five -- actually, what year -- so
6 the last probably five to six years.
7   Q.   Would you say that --
8   A.   And --
9   Q.   -- as of the last five or six years they
10 have become common?
11   A.   I would say they are more common, but I
12 would say that, in today's world, my understanding
13 in our tax exempt market, we're still 90 -- 90-plus
14 percent clients in a bundled arrangement.
15   Q.   You described that you work in the tax
16 exempt market, but you alluded to another market
17 that exists in the defined contribution space -- I
18 believe -- would that be the 401(k) market?
19   A.   I did -- I -- when did I allude to that?
20   Q.   Well, you said you work in the tax exempt
21 market; is that correct?
22   A.   Yeah.
23   Q.   You're distinguishing between -- is there
24 another market that exists?

1   A.   So Fidelity provides retirement plan
2 services to all types of companies.
3   Q.   Including 401(k) plans?
4   A.   Yes, and, I -- I mean, some of my clients
5 have 401Ks that are tax exempt.
6   Q.   Okay.  Are you familiar with the fixed fee
7 arrangements and practice in 401(k) models that
8 Fidelity offers?
9       MR. BOYLE:  Objection.  Scope.
10   A.   Yeah, I don't know what -- so -- so like I
11 said, I have clients that have 401(k) plans.
12       So are you asking me the corporate side of
13 Fidelity?
14   Q.   Yes.
15   A.   So I'm not familiar with the corporate
16 side of Fidelity.  Again, I -- I said before,
17 Fidelity shares with us, you know, pricing models
18 that are available.  So I can't recall exactly
19 when, you know, our finance team reviewed fixed
20 options with us --
21   Q.   And you're not able to approximate when
22 that was implemented, even within a year or a
23 couple of years?
24       MR. BOYLE:  In tax exempt?

27 (Pages 102 - 105)

CONFIDENTIAL

Page 378

1 custodian discontinue communications related to
2 personal guidance offerings, if they don't do so,
3 and if Fidelity -- sorry -- if Cornell doesn't do
4 so, then the practices will continue and Fidelity
5 will engage and use that information to send out
6 that personal guidance offering.
7        MR. MYLER:  Object to form.
8        MR. BOYLE:  Vague.
9     A.  Through our -- through our Plan For Life
10 communication program, we will send out educational
11 components to participants based on their personal
12 situation or life stage that Cornell has given us
13 authority to do and, then, has the chance to opt
14 out of any individual one.
15    Q.  Okay.  So there's only two ways that the
16 participant -- or that that communication could be
17 stopped:  The -- Cornell says that you can't do it,
18 or participant opts out under this clause.
19        Is that consistent with your
20 understanding?
21        MR. MYLER:  Object to form.
22    A.  So it's coming -- all of this is coming
23 from us in the Workplace investing side.  So it's
24 nothing that our retail folks are getting and

Page 379

1 sending to participants.
2        So Cornell can opt out at any point, and
3 if a participant -- Cornell doesn't opt out and a
4 participant called in and said, I don't want to
5 receive these anymore, then they would flag that
6 participant's account to not receive those pieces
7 going forward.
8        MR. HATCH:  Okay.  I think that's all I
9 have in terms of questions.  I will say -- and I'd
10 like to state for the record that the plaintiffs
11 will be holding this deposition open because of, in
12 this case, the production of, to date, only 21
13 documents by Fidelity.
14        And so subject to meeting and conferring
15 and addressing what we believe to be a materially
16 deficient production, we are holding the deposition
17 open.
18        MR. FELDMAN:  CAPTRUST has no questions.
19 CAPTRUST disagrees with that stipulation.
20        MR. BOYLE:  Yes.  I'll say for the
21 respondents that we obviously disagree.  We've made
22 our position clear throughout, and obviously
23 understand that plaintiffs need to reserve their
24 rights and do as they wish.

Page 380

1        MR. MYLER:  Cornell has no questions.  And
2 we'd note that our production included a number of
3 communications between Cornell and Fidelity.  I
4 won't estimate the volume, but a significant number
5 of documents.
6        MR. FELDMAN:  As did, I believe, CAPTRUST
7 information.
8        MR. BOYLE:  Respondents will read and
9 sign.
10        MR. HATCH:  As will plaintiffs.
11        VIDEO OPERATOR:  The time is 4:55, this is
12 the end of DVD No. 4, as well as the deposition,
13 and we are now off the record.
14        (Whereupon the deposition recessed at
15        4:54 p.m.)
16
17
18
19
20
21
22
23
24

Page 381

1 Commonwealth of Massachusetts
2 Middlesex, ss.
3
4
      I, P. Jodi Ohnemus, Notary Public
5 in and for the Commonwealth of Massachusetts,
  do hereby certify that there came before me
6 on the 20th day of July, 2018, the deponent herein,
  who was duly sworn by me; that the ensuing
7 examination upon oath of the said deponent was
  reported stenographically by me and transcribed
8 into typewriting under my direction and control;
  and that the within transcript is a true record of
9 the questions asked and answers given at said
  deposition.
10
11      I FURTHER CERTIFY that I am neither
  attorney nor counsel for, nor related to or
12 employed by any of the parties to the action
  in which this deposition is taken; and, further,
13 that I am not a relative or employee of any
  attorney or financially interested in the outcome
14 of the action.
15
      IN WITNESS WHEREOF I have hereunto set my
16 hand and affixed my seal of office this
  24th day of July, 2018, at Waltham.
17
18 _____
19
20      P. Jodi Ohnemus, RPR, RMR, CRR
  CSR, Notary Public,
21 Commonwealth
  of Massachusetts
22 My Commission Expires:
  3/14/2021
23
24

96 (Pages 378 - 381)

CONFIDENTIAL

Page 382

1       Veritext Legal Solutions
                1100 Superior Ave
2                  Suite 1820
               Cleveland, Ohio 44114
3             Phone: 216-523-1313
4
        July 24, 2018
5
        To: Brian Boyle, Esq.
6
        Case Name: Cunningham, Casey v. Cornell University, et al.
7
        Veritext Reference Number: 2966722
8
        Witness:  Patrick T. Warner      Deposition Date:  7/20/2018
9
10   Dear Sir/Madam:
11
        Enclosed please find a deposition transcript.  Please have the witness
12
        review the transcript and note any changes or corrections on the
13
        included errata sheet, indicating the page, line number, change, and
14
        the reason for the change.  Have the witness' signature notarized and
15
        forward the completed page(s) back to us at the Production address
16   shown
17   above, or email to production-midwest@veritext.com.
18
        If the errata is not returned within thirty days of your receipt of
19
        this letter, the reading and signing will be deemed waived.
20
21   Sincerely,
22   Production Department
23
24   NO NOTARY REQUIRED IN CA

Page 384

1          DEPOSITION REVIEW
          CERTIFICATION OF WITNESS
2
        ASSIGNMENT REFERENCE NO: 2966722
3     CASE NAME: Cunningham, Casey v. Cornell University
        DATE OF DEPOSITION: 7/20/2018
4     WITNESS' NAME: Patrick T. Warner
        In accordance with the Rules of Civil
5     Procedure, I have read the entire transcript of
        my testimony or it has been read to me.
6
7        I have listed my changes on the attached
        Errata Sheet, listing page and line numbers as
8     well as the reason(s) for the change(s).
9        I request that these changes be entered
        as part of the record of my testimony.
10
        I have executed the Errata Sheet, as well
11   as this Certificate, and request and authorize
        that both be appended to the transcript of my
12   testimony and be incorporated therein.
13   _____
        Date            Patrick T. Warner
14
        Sworn to and subscribed before me, a
15   Notary Public in and for the State and County,
        the referenced witness did personally appear
16   and acknowledge that:
17      They have read the transcript;
        They have listed all of their corrections
18      in the appended Errata Sheet;
        They signed the foregoing Sworn
19      Statement; and
        Their execution of this Statement is of
20      their free act and deed.
21   I have affixed my name and official seal
22   this _____ day of_____, 20____.
23   _____
        Notary Public
24
        _____
25      Commission Expiration Date

Page 383

1          DEPOSITION REVIEW
          CERTIFICATION OF WITNESS
2
        ASSIGNMENT REFERENCE NO: 2966722
3     CASE NAME: Cunningham, Casey v. Cornell University
        DATE OF DEPOSITION: 7/20/2018
4     WITNESS' NAME: Patrick T. Warner
5        In accordance with the Rules of Civil
        Procedure, I have read the entire transcript of
6     my testimony or it has been read to me.
7        I have made no changes to the testimony
        as transcribed by the court reporter.
8
        _____
9     Date            Patrick T. Warner
10      Sworn to and subscribed before me, a
        Notary Public in and for the State and County,
11   the referenced witness did personally appear
        and acknowledge that:
12
        They have read the transcript;
13      They signed the foregoing Sworn
        Statement; and
14      Their execution of this Statement is of
        their free act and deed.
15
        I have affixed my name and official seal
16   this _____ day of_____, 20____.
17
        _____
18      Notary Public
19
        _____
20      Commission Expiration Date
21
22
23
24
25

Page 385

1        ERRATA SHEET
          VERITEXT LEGAL SOLUTIONS MIDWEST
2          ASSIGNMENT NO: 7/20/2018
3   PAGE/LINE(S) /       CHANGE       /REASON
4   _____
5   _____
6   _____
7   _____
8   _____
9   _____
10  _____
11  _____
12  _____
13  _____
14  _____
15  _____
16  _____
17  _____
18  _____
19  _____
        _____   _____
20  Date             Patrick T. Warner
21  SUBSCRIBED AND SWORN TO BEFORE ME THIS _____
22  DAY OF _____, 20_____ .
23  _____
        Notary Public
24
        _____
25      Commission Expiration Date

```
 1    Commonwealth of Massachusetts

 2    Middlesex, ss.

 3

 4
              I, P. Jodi Ohnemus, Notary Public
 5    in and for the Commonwealth of Massachusetts,
      do hereby certify that there came before me
 6    on the 20th day of July, 2018, the deponent herein,
      who was duly sworn by me; that the ensuing
 7    examination upon oath of the said deponent was
      reported stenographically by me and transcribed
 8    into typewriting under my direction and control;
      and that the within transcript is a true record of
 9    the questions asked and answers given at said
      deposition.
10

11            I FURTHER CERTIFY that I am neither
      attorney nor counsel for, nor related to or
12    employed by any of the parties to the action
      in which this deposition is taken; and, further,
13    that I am not a relative or employee of any
      attorney or financially interested in the outcome
14    of the action.

15
              IN WITNESS WHEREOF I have hereunto set my
16    hand and affixed my seal of office this
      24th day of July, 2018, at Waltham.
17

18    _P. Jodi Ohnemus_____

19    _____

20                    P. Jodi Ohnemus, RPR, RMR, CRR
                      CSR, Notary Public,
21                    Commonwealth
                      of Massachusetts
22                    My Commission Expires:
                      3/14/2021
23

24
```