UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CASEY CUNNINGHAM, CHARLES E.
LANCE, STANLEY T. MARCUS, LYDIA
PETTIS, and JOY VERONNEAU, individually
and as representatives of a class of participants
and beneficiaries on behalf of the Cornell
University Retirement Plan for the Employees of
the Endowed Colleges at Ithaca and the Cornell
University Tax Deferred Annuity Plan,

                        Plaintiffs,                     16-cv-6525 (PKC)

          -against-                        <u>ORDER</u>

CORNELL UNIVERSITY, THE RETIREMENT
PLAN OVERSIGHT COMMITTEE, MARY G.
OPPERMAN, and CAPFINANCIAL
PARTNERS, LLC d/b/a/ CAPTRUST
FINANCIAL ADVISORS,

                        Defendants.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

        The strident tone of Mr. Rohlf's January 28, 2019 letter (Doc 245) on behalf

of plaintiffs, accusing defendants of a "flagrant and inexcusable" violation of the

undersigned's Individual Practices, would be more forgivable, perhaps, if it were correct in

the position asserted.  The purported violation by defendants is the failure to submit a pre-

motion letter before the filing of the motions to exclude the testimony of four witnesses.

But this Court entered an Order in this action, thereby superseding the Individual Practices,

that provides as follows:  "Any motions <u>in</u> <u>limine</u> shall be filed after the close of discovery

and before the Final Pretrial Submission Date, and the pre-motion conference requirement is

waived for any such motion."  (Order of Dec. 4, 2017 at ¶11; Doc 116.)  The instant

motions to exclude testimony of certain witnesses are in the nature of <u>in</u> <u>limine</u> motions, as

the letter appears to concede (Doc 245 at 1.) Plaintiffs may wish to engage in an extended debate over the clarity of the Order or its ability to supersede the Individual Practices but defendants' actions are hardly "flagrant and inexcusable."

    If plaintiffs wish to avoid briefing the motions to exclude at this time, all their lawyer need do is write and explain that plaintiffs have no intention of relying on any of these four experts in opposition to summary judgment and the Court will reset the briefing for a later time.   But if plaintiffs intend to rely on any of them, then one might reasonably inquire whether the letter of January 28 is a sharp bit of advocacy in not coming right out and disclosing this rather than making oblique references to denying "summary judgment without even reaching expert opinion." (Doc 245 at 2.)  Do plaintiffs seriously want to argue that the best time to decide whether an affidavit in opposition to summary judgment contains admissible evidence is after the Court has decided the motion for summary judgment relying on that affidavit?

    Motion (Doc 245) is DENIED.

    SO ORDERED.

                _____
                  P. Kevin Castel
               United States District Judge

Dated: New York, New York
   January 29, 2019