# WILMERHALE

February 11, 2019

**BY ECF**

Lori A. Martin

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Cunningham v. Cornell University*, No. 16-cv-06525-PKC-JLC (S.D.N.Y.)

**Request to Maintain Sealing of Exhibits 68 and 109 to the Declaration of Samuel P. Myler in Support of the Cornell Defendants' Motion for Summary Judgment**

To the Honorable Judge Castel:

Pursuant to Section 4 of the Court's Individual Practices and the Court's January 28, 2019 Order (ECF No. 244) (the "Order"), non-party Teachers Insurance and Annuity Association of America ("TIAA") writes to request that the Court permit the Cornell Defendants[1] to maintain under seal Exhibits 68 and 109 to the Declaration of Samuel P. Myler in support of their Motion for Summary Judgment (ECF Nos. 239-9, 249-21). The documents that are the subject of this letter are documents produced by TIAA and contain confidential pricing information regarding TIAA's clients. The public disclosure of these documents would harm TIAA's competitive standing. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 100, 120 (2d Cir. 2006) (courts must weigh "countervailing factors" to determine whether the presumption of public access to judicial documents is overcome).

## BACKGROUND

TIAA is a non-party to this action and acts as a recordkeeper for the two Cornell retirement plans that are the subject of this litigation.[2] TIAA produced documents in response to a subpoena from Plaintiffs and requests from the Cornell Defendants and designated some of those documents as Confidential in accordance with the Confidentiality Stipulation and Order for this action (ECF No. 131).

---

[1] The Cornell Defendants are Cornell University, the Retirement Plan Oversight Committee and Mary G. Opperman.

[2] The plans for which TIAA provides recordkeeping services are the Cornell University Retirement Plan for Employees of the Endowed Colleges at Ithaca and the Cornell University Tax-Deferred Annuity Plan (the "Cornell Plans").

WILMERHALE

Hon. P. Kevin Castel
February 11, 2019
Page 2

On January 25, 2019, the Cornell Defendants filed a Motion for Summary Judgment (ECF No. 231) and two motions *in limine* (ECF Nos. 225, 228). In support of the Motion for Summary Judgment, the Cornell Defendants submitted five exhibits that include information designated as Confidential by TIAA: Exhibits 29, 65, 68, 109 and 112 to the Declaration of Samuel P. Myler (ECF No. 250). In support of the Motion to Exclude Plaintiffs' Experts Ty Minnich and Al Otto (ECF No. 228) (the "*Daubert* Motion"), the Cornell Defendants filed one exhibit that contains corporate testimony designated as Confidential by TIAA: Exhibit B to the declaration of Brian D. Netter (ECF No. 229). In its January 28 Order, the Court granted the Cornell Defendants' request to seal provisionally these and other exhibits that contain information designated as Confidential by parties or non-parties. Pursuant to the Order, unredacted versions of those documents shall be filed publicly unless a party shows cause why the continued sealing of an exhibit is justified under *Lugosch*.

## ARGUMENT

Documents submitted to a court in support of a motion for summary judgment are "judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch*, 435 F.3d at 126. Those presumptions, however, can be overcome by "countervailing factors." *Id.* at 120, 124. These countervailing factors include (i) the "the privacy interests of those resisting disclosure," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); and (ii) whether the documents contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

TIAA has reviewed the six provisionally-sealed exhibits that contain information designated as Confidential. TIAA does not oppose the unsealing of Exhibits 29, 65 and 112 to the Cornell Defendants' Motion for Summary Judgment or of Exhibit B to the *Daubert* Motion.[3] TIAA, however, moves to maintain the sealing of Exhibits 68 and 109 to the Cornell Defendants' Motion for Summary Judgment.

Exhibits 68 and 109 contain sensitive information about the recordkeeping fees paid by TIAA's 200 largest clients.[4] Exhibit 109 is a declaration by a TIAA employee that provides, for each year from 2011 through 2017: (i) the percentile for the recordkeeping fee paid by the Cornell

---

[3] With the passage of time, the pricing and other sensitive information contained in those documents is no longer current.

[4] As explained in paragraph 3 of Exhibit 109, the two exhibits compare Cornell's recordkeeping fees to the fees paid by institutions among TIAA's 200 largest clients with at least one 403(b) plan that had an agreed-upon plan price.

WILMERHALE

Hon. P. Kevin Castel
February 11, 2019
Page 3

Plans as compared to the relevant institutions among TIAA's 200 largest clients; (ii) the 25th, 50th and 75th percentiles for the recordkeeping fees paid by the relevant institutions among TIAA's 200 largest clients; and (iii) the Cornell Plans' rank in size compared to TIAA's 200 largest clients, based on assets under administration and unique participants. Exhibit 68 contains the same information but omits the size ranking.

The pricing data contained in Exhibits 68 and 109 is highly confidential and sensitive information which, if made public, is likely to harm TIAA's competitive standing. *See* Declaration of Douglas Chittenden, dated February 11, 2019 ("Chittenden Decl."), ¶ 3. TIAA competes with other 403(b) recordkeepers. *Id.* ¶ 4. TIAA carefully maintains the confidentiality of its pricing data and does not share with clients current recordkeeping fees paid by other institutions across its client base.[5] *Id.* ¶ 5. TIAA's competitors may use the pricing information to seek to win business from prospective clients or to undercut TIAA's recordkeeping arrangements with existing clients. *Id.* ¶ 6. Since TIAA does not know current or historical pricing for its competitors' client bases—most notably, percentile breakouts across a broad set of competitors' largest clients—TIAA would be at a significant competitive disadvantage. *Id.* Additionally, current clients and their consultants may seek to use this data to renegotiate pricing arrangements, even if the economics of the client's plan do not warrant a lower price. *Id.* ¶ 7.

The pricing information contained in Exhibits 68 and 109 is particularly sensitive because it extends through 2017. TIAA typically negotiates recordkeeping fees for multi-year arrangements; often for three or more years. For this reason, the pricing data for years 2015, 2016 and 2017 is current for several TIAA clients. *Id.* ¶ 8.

Applications of the *Lugosch* standard recognize the sensitivity of competitive pricing data and permit the sealing of such information. For example, in *Skyline Steel, LLC v. PilePro, LLC*, the Court held that the plaintiff had "shown a sufficient basis to justify filing the exhibits" under seal because they consisted of "'highly confidential sales information, *including pricing information*,' which is not available to the public." 101 F. Supp. 3d 394, 412 (S.D.N.Y. 2015) (emphasis added). Similarly, in *In re Digital Music Antitrust Litig.*, the Court granted a party's request to redact and seal "certain evidentiary submissions" that "concern[ed] confidential information relating to *competitive pricing data and strategy* and . . . [were] subject to confidentiality agreements between Defendants and innocent non-parties." 321 F.R.D. 64, 81 n.1 (S.D.N.Y. 2017) (emphasis added). *Cf. GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting defendants' request to seal three exhibits that contained "highly proprietary

---

[5] TIAA may in some instances share with clients anonymized pricing information about a small subset of clients with similar plan characteristics. It does not, however, share the kind of broad-based pricing data provided in Exhibits 68 and 109. Chittenden Decl. ¶ 5.

# WILMERHALE

Hon. P. Kevin Castel
February 11, 2019
Page 4

material concerning the defendants' marketing strategies, product development, costs and budgeting").

Here, Exhibits 68 and 109 contain confidential pricing information that, if made public, would put TIAA at a significant competitive disadvantage with respect to other recordkeepers. TIAA's status as a non-party also is entitled to special consideration. In *SEC v. Ahmed*, for example, a non-party moved to seal certain documents that contained confidential commercial information because the information "would provide competitors 'a free look at what strategies [the non-party] employs, [] what terms it has agreed to in previous investments,' the opportunity to 'undermine [the non-party's] potential deals,' and insight into [the non-party's] 'inner workings, including . . . pricing information.'" No. 3:15-cv-675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018). The Court granted the sealing request "[b]ecause the 'privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation' between the presumption of public access and a request to seal, and because records which would aid '[c]ommercial competitors seeking an advantage over rivals' are among those documents the confidentiality of which may outweigh the public's presumption of access." *Id.* (quoting *Amodeo*, 71 F.3d at 1050). Similarly, in *Alexander Interactive, Inc. v. Adorama, Inc.*, the Court granted a non-party's request to seal a document because the movant was "a non-party to th[e] litigation" and the document contained "non-public information about pricing, credit, and termination terms" with the defendant, the non-party's customer—details that "if made public, could adversely [a]ffect [the non-party's] relationships with other []customers." No. 12 CIV. 6608 PKC JCF, 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014).

## CONCLUSION

For the foregoing reasons, non-party TIAA respectfully requests that the Court permit the Cornell Defendants to maintain under seal Exhibits 68 and 109 to Declaration of Samuel P. Myler in support of their Motion for Summary Judgment.

Respectfully submitted,

*Lori A. Martin*

Lori A. Martin

cc:     All counsel of record