IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CORNELL UNIVERSITY, et al.,<br><br>        Defendants. | Case No. 1:16-cv-6525 (PKC) (JLC)<br><br>Hon. P. Kevin Castel |

## **DECLARATION OF DOUGLAS CHITTENDEN**

1.  I am the Executive Vice President and head of the Institutional Retirement business of Institutional Financial Services ("IFS") at Teachers Insurance and Annuity Association of America ("TIAA"). As the head of the Institutional Retirement business, my responsibilities include oversight of institutional retirement sales, strategy, product development and management; relationship and services management; and participant consulting and guidance for more than 15,000 retirement plan sponsors in the academic, research, medical and cultural fields.

2.  I have personal knowledge of the facts set forth herein.

3.  I have reviewed Exhibits 68 and 109 to the Declaration of Samuel P. Myler in support of the Motion for Summary Judgment filed by Defendants Cornell University, the Retirement Plan Oversight Committee and Mary G. Opperman on January 25, 2019. The pricing data contained in those exhibits is highly confidential and sensitive information which, if made public, is likely to harm TIAA's competitive standing.

4.  TIAA competes with other 403(b) recordkeepers.

5.     TIAA carefully maintains the confidentiality of its pricing data and does not share with clients current recordkeeping fees paid by other institutions across its client base. TIAA may in some instances share with clients anonymized pricing information about a small subset of clients with similar plan characteristics. It does not, however, share the kind of broad-based pricing data provided in Exhibits 68 and 109.

6.     TIAA's competitors may use the pricing data in Exhibits 68 and 109 to seek to win business from prospective clients or to undercut TIAA's recordkeeping arrangements with existing clients. Since TIAA does not know current or historical pricing for its competitors' client bases—most notably, percentile breakouts across a broad set of competitors' largest clients—TIAA would be at a significant competitive disadvantage.

7.     Current clients and their consultants may seek to use the information in Exhibits 68 and 109 to renegotiate pricing arrangements, even if the economics of the client's plan do not warrant a lower price.

8.     The pricing information reflected in Exhibits 68 and 109 is particularly sensitive because it extends through 2017. TIAA typically negotiates recordkeeping fees for multi-year arrangements; often for three or more years. For this reason, the pricing data for years 2015, 2016 and 2017 is current for several TIAA clients.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of February 2019.

_____
Doug Chittenden