IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CORNELL UNIVERSITY *et al.*, <br><br> Defendants. | No. 1:16-CV-06525-PKC <br><br> **FILED UNDER SEAL** |

PLAINTIFFS' MOTION AND MEMORANDUM OF
LAW IN RESPONSE TO THE COURT'S JANUARY 28, 2019
ORDER (DOC. 244) TO SHOW CAUSE IN WRITING TO MAINTAIN
UNDER SEAL EXHIBITS IDENTIFIED IN EXHIBIT A OF DOCUMENT 243

Plaintiffs move the court to seal portions of the deposition and report of non-party expert witness Wendy Dominguez cited by Defendants in their Motion to Exclude Ms. Dominguez and Motion for Summary Judgment because they contain confidential client identities, sensitive and confidential client information, reference to confidential and sensitive consultations with clients and proprietary business information that would not have been revealed but for the Confidentiality Order and Stipulation in this case. Doc. 131. In one of the citations at-issue, ███████ ███████████████████████████████████████████████████████████████████████████ ████████████████ While the sensitive and confidential nature of this information supports sealing the deposition testimony, the sensitivity of this information is further heightened based on interactions initiated by Defendants' counsel ██████████████████████████████ ████

1

## BACKGROUND

Wendy Dominguez is the President of Innovest Portfolio Solutions. **Exhibit 1**, Declaration of Wendy Dominguez. Innovest is a successful investment advisor with clients including some of the largest public and private sector retirement plans in the State of Colorado. *Id*. Ms. Dominguez has over 25 years of experience in the investment consulting profession. *Id*. This case is the first time Ms. Dominguez has served as an expert witness. *Id*.

On February 6, 2018, this Court granted a Confidential Stipulation and Protective Order ("Confidentiality Order"). Doc. 131. Ms. Dominguez is a party to the Confidentiality Order, executing the signature page. Ex. 1. The Confidentiality Order provides that "[n]o Confidential Material shall be used or disclosed by the parties, their counsel, or any other person for any purpose whatsoever other than in this litigation or appeals thereof" and that "parties and their counsel shall not disclose or allow disclosure of any Confidential Material to any third person or entity except as designated" in the Confidentiality Order. *Id*. at p. 3. The Confidentiality Order further provides that "no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless withheld pursuant to an Order from the court upon motion of the requesting party for special protection." *Id*. at p. 4.

Ms. Dominguez was deposed by Defendants' counsel on October 16, 2018. Ex. 1. Pursuant to a pre-existing agreement among the parties with respect to experts, the entire deposition was designated as Confidential. **Exhibit 2**, Excerpts from the Deposition of Wendy Dominguez, 252:10-14; *see also* **Exhibit 3**, Excerpts from the Deposition of Defendants' Expert John Chalmers, 9:2-12; 257:9-13. At her deposition, Ms. Dominguez revealed specific client names, specific advice she gave to clients, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and revealed confidential and proprietary information about her business's current practices. Ms.

Dominguez would not have revealed this information if she did not believe it was protected by the Confidentiality Order. Ex. 1. Plaintiffs seek to protect this information.

After learning the identity of one of Ms. Dominguez's clients ███████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████
         ███████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████

On January 25, 2019, Defendants filed a Motion to Exclude Ms. Dominguez. The first sentence of Defendants' motion states: "The search for the truth is not saved by an expert witness who flexibly contorts her standard of analysis to suit the interest of the party paying her. Plaintiffs' attempt to rely on such experts" and goes on "Dominguez skipped the rigor that she offers to her professional clients and developed a superficial justification, paid for by Plaintiffs' counsel [.]"

3

(Doc. 227). Within about an hour of their filing, [1]

Plaintiffs seek to redact and maintain under seal all information related to the specific advice given and subsequent deliberations ▮▮▮▮▮▮ ▮▮▮▮▮▮ The deposition testimony is only cited in support of Defendants' Motion to Exclude Ms. Dominguez as Exhibit A. It is not cited in Defendants' Motion for Summary Judgment. Plaintiffs further seek to redact and maintain under seal other specific references identified below.

## ARGUMENT

If a document constitutes "judicial document" a court must determine whether the "presumption of access" embedded within the First Amendment and the common law can be overcome by "countervailing factors." *Lugosch v. Pyramid Co. of Onondga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Under *Lugosch*, there is a balancing between the interest of the public in disclosure and access and the interests of the party resisting public disclosure. Here, although a judicial document, the Motion to Exclude Ms. Dominguez is not the type of core judicial document used to "determine litigants' substantive rights," where the public interest is highest, such as summary judgment. Cogent countervailing factors make Plaintiffs' targeted redactions appropriate to maintain under seal.

---

[1] Based on facts recently coming to the attention of Plaintiffs' counsel, Plaintiffs reserve the right to move for a Protective Order or other appropriate form of relief prohibiting Defendants' counsel from contacting Ms. Dominguez's clients ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

First, Ms. Dominguez's deposition testimony at 66:1-68:24 regarding specific advice ▌ ▌would have never been revealed but for the Confidentiality Order. Ex. 1. The information contains proprietary, confidential and sensitive advice and deliberations ▌ ▌ ▌ ▌ The disclosure of this testimony is the type of information that a competitor could use to injure Ms. Dominguez's reputation or raise questions about Ms. Dominguez when conducting competitive bids with potential clients. *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993)(sealing exhibits containing information regarding marketing tactics which the Court found could be used by AT&T's competitors to injure its reputation). This is especially true for investment advisors like Innovest servicing public institutions who are generally required to conduct competitive bidding on a frequent basis. Ex. 1.

Second, Ms. Dominguez's deposition testimony at 44:8-46:24 revealing Ms. Dominguez's benchmarking methods and data sources currently used with clients would have never been revealed but for the Confidentiality Order. Ex. 1. This type of information could aid competitors in developing benchmarking processes for clients or performing comparative marketing to clients for business, *e.g.* another method produces better results or is cheaper. *Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1277 (S.D.N.Y. 1982)(finding that the release of information regarding how a proprietary stock market index is composed would aid competitors and subject individuals who select the stocks in the index to inappropriate pressures from market participants).

Third, there is real risk of harm here, ▌ The information is also (at best) marginally relevant. ▌

██████████████████████████████████████████████████████

████████████████████████████████████████ Ms. Dominguez did not rely on any of the underlying information to form her opinions. The risk of harm is demonstrated by Mr. Netter's interference ███████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████████ The preemptive involvement █ ██████████████████████████████████ could not only cause reputational and business harm ██████████████████████, but also presents the danger of chilling Ms. Dominguez's testimony with respect to the advice given ██████████ or other clients, especially ██████ ████████████████████████████████

████████████████████████████████████████████████████ ████████████████████████████████████ such as its Motion to Exclude, where Defendants' counsel purposefully portrays Ms. Dominguez as untrustworthy—someone who changes her opinions because she is being paid. While clearly false and based on a insincere premise (████████████████████████████████████████████████ Defendants' expert is being paid $850 an hour, $400 more than Ms. Dominguez, has previously been retained by 11 different law firm and has zero experience with ERISA retirement plans; this is Ms. Dominguez's first time serving as an expert in litigation in her 25 year career serving retirement plans) the underlying testimony in conjunction with counsel's unfounded attack of Ms. Dominguez's integrity is the type of information that can be used in attempts to injure Ms. Dominguez's reputation with clients, many that are public institutions performing frequent

6

competitive bids for investment advisors. *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993)(sealing exhibits containing information regarding marketing tactics which the Court found could be used by AT&T's competitors to injure its reputation); Ex. 1.

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████ therefore, the information should be sealed to protect Ms. Dominguez's client relationship, reputation and commercial interests.

Plaintiffs additionally seek to seal the following pages of Ms. Dominguez's deposition. Ms Dominguez would not have revealed client names or advice but for the Confidentiality Order. Ms. Dominguez does not rely on any specific client advice or names to produce her opinions in this case. A description of the information and the reason for sealing are listed below:

**Page 164, lines 15-17**: Plaintiffs seek to redact Ms. Dominguez's advice given in capacity as current board member on the operation of a public, non-ERISA, retirement plan.

**Page 36, lines 3-4**: Plaintiffs seek to redact the specific current client's name only.

**Page 36, lines 7**: Plaintiffs seek to redact the term last two words in the sentence revealing the type of client.

**Page 37, lines 2**: Plaintiffs seek to redact the current client's name only.

**Page 64, line 6**: Plaintiffs seek to redact the specific current client's name only.

**Page 64, line 21-22**: Plaintiffs seek to redact the specific current client's name only.

**Page 70, lines 1, 9, 12, 15, 22**: Plaintiffs seek to redact the specific current client's name only.

**Page 71, line 13**: Plaintiffs seek to redact the specific current client's name only.

**August 24, 2018 Expert Report of Wendy Dominguez**: Plaintiffs' seek to maintain the redactions in Ms. Dominguez's report. The redactions are targeted and specific to maintain

confidentiality of the identity of Ms. Dominguez's clients, but give the court and public an indication of her experience, while allowing the proper monitoring of the judicial function. The Expert Report is cited both in the Motion to Exclude (Exhibit B) and Defendants' Motion for Summary Judgment (Exhibit 106).

## CONCLUSION

Plaintiffs request that the Court grant Plaintiffs' Motion and direct Defendants to redact and maintain under seal excerpts from Ms. Dominguez's deposition at 36:3-4; 36:7; 37:2; 44:8-46:24; 64:6; 64:21-22; 66:1-68:24; 70:1; 70:9; 70:12; 70:15; 70:22; 71:13;164:15-17, maintain the redactions in Ms. Dominguez's August 24, 2018 Expert Report, allow for the redactions in this Memorandum and Ms. Dominguez's Declaration characterizing and discussing the information at issue and other further relief as the Court deems necessary and appropriate.

February 11, 2019                                   Respectfully Submitted,

/s/ Scott T. Apking
SCHLICHTER BOGARD & DENTON LLP
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter (*pro hac vice*)
Michael A. Wolff (*pro hac vice*)
Scott T. Apking (*pro hac vice*)
Joel Rohlf (*pro hac vice*)
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
(314) 621-6115, (314) 621-7151 (fax)
aschlichter@uselaws.com
jschlichter@uselaws.com
mwolff@uselaws.com
sapking@uselaws.com
jrohlf@uselaws.com
*Attorneys for Plaintiffs*

8

9

## CERTIFICATE OF SERVICE

    I hereby certify that on February 11, 2019, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

                                      /s/ Scott T. Apking