UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CASEY CUNNINGHAM, CHARLES E.
LANCE, STANLEY T. MARCUS, LYDIA
PETTIS, and JOY VERONNEAU, individually
and as representatives of a class of participants
and beneficiaries on behalf of the Cornell
University Retirement Plan for the Employees of
the Endowed Colleges at Ithaca and the Cornell
University Tax Deferred Annuity Plan,

       Plaintiffs,       16-cv-6525 (PKC)

 -against-

                ORDER

CORNELL UNIVERSITY, THE RETIREMENT
PLAN OVERSIGHT COMMITTEE, MARY G.
OPPERMAN, and CAPFINANCIAL
PARTNERS, LLC d/b/a/ CAPTRUST
FINANCIAL ADVISORS,

       Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

   Plaintiffs, defendants, and various third parties have moved to seal materials submitted in connection with defendants' summary judgment and in limine motions. (See Docs 257 (CAPTRUST); 261 (non-party TIAA); 263, 294, 302 (plaintiffs); 269 (non-party Fidelity Management Trust Company ("Fidelity")); 304, 317 (non-party Cammack Retirement Group, Inc. ("Cammack")); 314 (Cornell Defendants); 320, 334 (non-party Aon Hewitt Investment Consulting, Inc. ("Aon Hewitt")); 339 (non-party Willis Towers Watson).) None of the motions are opposed except for plaintiffs' motion to seal certain portions of the deposition and report of non-party expert witness Wendy Dominguez and citations to her work in briefing papers (Doc

263.) For the reasons that will be explained, the motions will be granted in part and denied in part.

There is a common-law and First Amendment right of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 115 (2d Cir. 2006); Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019). Documents may be sealed "only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Brown, 929 F.3d at 47 (quotation marks omitted).

A court must first determine whether the disputed materials are judicial documents. A document is relevant to the performance of a judicial function if it "would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." Brown, 929 F.3d at 49 (emphasis in original). If the item qualifies as a judicial document, the court will then weigh the competing interests of access, considering "the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding." Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 166–67 (2d Cir. 2013). The court also considers "the privacy interests of those resisting disclosure." Lugosch, 435 F.3d at 120. "Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." United States v. Amodeo, 71 F.3d 1044, 1051 (2d Cir. 1995); see United States v. Wey, 256 F. Supp. 3d 355, 411 (S.D.N.Y. 2017) ("The relevant materials reflect sensitive medical, financial, educational, and other personal information

pertaining to non-parties, and the Court finds that the privacy interests of those non-parties outweigh any public interest in disclosure . . . .") (Nathan, J.).

Based on its own review of the proposed redactions and sealings, and its own familiarity with the case, the Court concludes that certain of the proposed redactions and/or sealings are warranted pursuant to Lugosch and related authority:

I. Documents Related to Non-Party Investment Advisory Firms

Plaintiffs and defendants submitted documents including proprietary business practices of several non-party investment advisory firms in connection with their summary judgment briefings. These documents generally discuss fees of the third parties, pricing and customer information, or other information related to their perceived competitive advantages. The Court recognizes that the "privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." Amodeo, 71 F.3d at 1050; see SEC v. Ahmed, 15 cv 675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing third party documents because competitors are not entitled to a "free look at what strategies" non-parties employ). The Court did not rely on the non-party documents and concludes that the presumption of access is low and does not outweigh the business interest in protecting the information contained therein. See Amodeo, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); Skyline Steel, LLC v. PilePro, LLC, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (sealing "highly confidential sales information, including pricing information"). The following non-party motions to seal will be granted: Docs 304, 317, 320, 334, 339.

The non-party investment advisory firms request the opportunity to jointly submit a redacted version of P141 (Doc 292-46) for the public docket. Aon Hewitt, Cammack, and

Willis Towers Watson shall file a redacted version of Doc 292-46 within seven (7) days of this Order.

## II.    Fidelity, TIAA, and CAPTRUST's Motions to Seal

Fidelity asks the Court to seal certain pages in nine documents submitted in conjunction with the Cornell Defendants' motion for summary judgment. (See Doc 270 at 4 n.2 (listing documents by ECF number and the number of pages containing requested redactions).) The information Fidelity asks to redact is pricing terms offered to clients not party to this suit and aggregate pricing terms offered to clients based on their type of business. CAPTRUST asks the Court to seal some of the same materials related to disclosure of TIAA and Fidelity fees paid by its clients other than Cornell that are discussed in four exhibits submitted by Cornell along with one paragraph of their Rule 56.1 Statement. TIAA asks the Court to seal two documents submitted in conjunction with the Cornell Defendants' motion for summary judgment that discuss similar aggregate plan pricing for its top clients with 403(b) plans.

The Court did not rely on the Fidelity pricing comparisons or information discussed in CAPTRUST's documents in deciding the motion for summary judgment. The Court cited one of the two TIAA documents (Doc 249-21) in its opinion on summary judgment to elicit a general comparison between plaintiffs' expert's proposed reasonable fee and the actual fees during the class period.

The proposed redactions are narrowly tailored and limited. In addition, the same reasons as those discussed with respect to the other non-parties' motions to seal apply to these materials. The motions (Docs 257, 261, 269) will be granted.

### III. Cornell Defendants' Motion to Seal

Cornell Defendants filed a motion to seal portions of their Reply Memorandum in Support of the Motion for Summary Judgment and portions of their Reply to Plaintiffs' Rule 56.1 Response Statement (Doc 314.) They state that the redactions in the Reply Memorandum are derived entirely from exhibits previously filed under seal on a provisional basis (see Docs 243, 244.) They further state that the redactions in the Reply 56.1 Counterstatement are identical to those set forth in their original Rule 56.1 statement and plaintiffs' Rule 56.1 counterstatement. The motion to seal portions of these documents, to the extent they propose sealing information that is contained in documents that have been maintained under seal pursuant to this Order, will be granted for the same reasons as discussed with respect to the underlying exhibits. Defendants have already filed redacted versions of their Rule 56.1 Statement, Memorandum of Law, and certain other exhibits filed provisionally under seal (see Doc 296). Any information currently redacted in the Reply Memorandum or Reply 56.1 Counterstatement that is not maintained under seal pursuant to this Order shall be unredacted within seven (7) days of this Order. For example, the Court notes the Reply Memorandum redacts information from plaintiffs' experts' Ty Minnich and Al Otto's reports and depositions which were provisionally sealed (Docs 254, 256) but have not been subject to motions for continued sealing.

### IV. Plaintiffs' Motions to Seal

Plaintiffs ask the Court to seal certain portions of Dominguez's deposition testimony, certain portions of Dominguez's expert report, and statements in their motion to seal and Dominguez's declaration in support of the motion to seal discussing these portions of the deposition and report (Docs 263; 264 at 8.) Cornell Defendants oppose the motion (Doc 276.)

Plaintiffs ask to seal statements in Dominguez's deposition and expert report related to her company Innovest Portfolio Solutions LLC's client identities. But Cornell Defendants have demonstrated that the identity of these clients is publicly available information found through a basic Internet search. (Doc 276 at 4-5.)[1] Information that is publicly available need not be sealed. See Strauss v. Credit Lyonnais, S.A., 06 cv 702 (DLI)(MDG), 2011 WL 4736359, at *9 (E.D.N.Y. Oct. 6, 2011).

Plaintiffs ask to seal two pages of Dominguez's deposition testimony in which she discusses generalized advice given to a client for benchmarking fees. (See Dominguez Dep. at 44-46; Doc 226-1.) Dominguez is referring to a publicly available report that discloses on its face the comparison benchmarking used. (See Doc 276 at 4 n.8 (linking to the publicly available report).) Her testimony does not disclose information that is not available in the report and plaintiffs have not advanced more than conclusory reasons why sharing this information would harm Dominguez's business. The motion to seal this portion of Dominguez's testimony is denied. Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc., 09 cv 3961 (BSJ)(JCF), 2010 WL 339784, at *1 (S.D.N.Y. Jan. 25, 2010) (rejecting conclusory allegations of commercial injury as reasons to grant a motion to seal).

Plaintiffs ask to seal two pages of Dominguez's deposition testimony in which she discusses conversations with the University of Colorado regarding inclusion of the TIAA Real Estate Account in their plan lineups and statements that she discussed benefits of recordkeeper consolidation with members of the Metropolitan State University of Denver Board. (See Dominguez Dep. at 66-68; 164 ll:15-17.) As to the first two pages, Dominguez opines on the

---

[1] The Court takes judicial notice of the client identities contained on websites to demonstrate this information is publicly available and not for the truth of their contents. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008); Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015).

- 6 -

general addition of funds to the University of Colorado's plans, which is public information, and states in general terms that the University of Colorado engaged in a customized review process. Plaintiffs asserts there may be embarrassment or business harm to revealing this information, but it is already publicly available. Plaintiffs offer no privacy interest in the second set of proposed redactions and it is difficult to conceive of one. The application to seal is denied. The moving papers of plaintiffs and defendants on the motion, which were filed in redacted form, shall be filed in unredacted form within seven (7) days of this Order, along with unredacted versions of the Dominguez testimony and report.

Plaintiffs requested provisional sealing pending decision on the motions of exhibits attached to their opposition to the motion in limine to exclude Dominguez and corresponding portions of their memorandum in opposition to the motion quoting and discussing those documents. (Doc 302.) The Court grants the provisional sealing nunc pro tunc. To the extent the motion to seal anticipates further maintaining these documents under seal, it will be denied. These documents contain client identities of Dominguez and information related to client consultations and should not remain under seal for the same reasons discussed above with respect to the proposed sealing of Dominguez's testimony and expert report.

Plaintiffs also filed a letter asking for provisional sealing for a fourteen-day (14) period of certain exhibits attached to plaintiffs' opposition to defendants' motion for summary judgment (Doc 294.) Plaintiffs filed these documents in redacted form. (Id.) The Court grants the motion nunc pro tunc. Plaintiffs state in their letter that they do not wish to maintain any of this information under seal but asked for provisional sealing to allow other parties and non-parties to file their own respective motions to maintain any or all of the documents under seal. (Id.) Having ruled on all other party and non-party motions to seal, the Court directs plaintiffs to

file unredacted versions of all documents listed in Exhibit A of Doc 294 that were provisionally sealed but which no other party has asked to maintain under seal. Plaintiffs shall file unredacted versions of these documents within seven (7) days.

CONCLUSION

All motions to seal are GRANTED except Doc 263, plaintiffs' motion to seal testimony and portions of Dominguez's expert report, which is DENIED. Aon Hewitt, Cammack, and Willis Towers Watson shall file a redacted version of Doc 292-46 within seven (7) days of this Order. Any information currently redacted in the Reply Memorandum or Reply 56.1 Counterstatement that is not maintained under seal pursuant to this Order shall be unredacted within seven (7) days of this Order. The moving papers and any attached exhibits of plaintiffs and defendants on the motion to exclude testimony of Dominguez and Buetow, which were filed in redacted form, shall be filed in unredacted form within seven (7) days of this Order, along with unredacted versions of the Dominguez testimony and report.

The Clerk is directed to terminate the motions (Docs 257, 261, 263, 269, 294, 302, 304, 314, 317, 320, 334, 339.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 27, 2019