# SCHLICHTER BOGARD & DENTON, LLP
### ATTORNEYS AT LAW

JEROME J. SCHLICHTER
jschlichter@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-5934
www.uselaws.com

November 7, 2019

<u>Via Facsimile</u>

The Honorable P. Kevin Castel
United States District Court,
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Cunningham v. Cornell University*, No. 1:16-cv-06525-PKC (S.D.N.Y.)

Dear Judge Castel:

Plaintiffs present this pre-motion letter seeking to strike Defendants' Memorandum of Law in Support of Defendants' Motion in Limine to Exclude Plaintiffs' Expert Wendy Dominguez's Share Class Opinions (Doc. 360) and the Declaration of Ankur Mandhania in Support of Defendants' Motion in Limine to Exclude Plaintiffs' Expert Wendy Dominguez's Share Class Opinions (Doc. 361) and seal those docket entries from the public record pursuant to Federal Rule of Evidence 408.

After the Court's order on the motion for summary judgment (Doc. 365), the parties engaged in a series of discussions about possible settlement of the remaining claims in the case. The discussions included calls between the undersigned and Nancy Ross. The emails attached as Exhibit 2 to the Mandhania Declaration were an explanation of a settlement demand that Ms. Ross requested. To protect the confidentiality of settlement discussions and encourage settlement, Rule 408 of the Federal Rules of Evidence provides "[e]vidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction . . . conduct or a statement made during compromise negotiations about the claim." Defendants appear to be using my statements explaining a settlement demand to dispute the amount of damages or impeach Ms. Dominguez's opinion. This is entirely impermissible and "highly improper." *See Coutard v. Mun. Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017)(holding "offers of compromise are not admissible in evidence to 'disprove the validity *or amount* of a disputed claim.'")(emphasis in original)(quoting Fed. R. Evid. 408); *Abeyta v. City of New York*, 588 F. App'x 24, 26 n.1 (2d Cir. 2014)("Plaintiff's citation to defendants' prior settlement offer is also unpersuasive and highly improper."). Exhibit 2 and any references to it should be stricken from the record.

Plaintiffs notified Defendants of their highly improper filing within an hour of receiving service and requested that they withdraw the filing. Defendants have refused to do so.

[Handwritten annotation:] The Exhibit (Doc 361, Ex 2) will stand. Plaintiff is free to make any appropriate argument in their response in time. The motion (Doc 362) letter motion is DENIED.
SO ORDERED
[signature]
USDJ
11-8-19

# SCHLICHTER BOGARD & DENTON, LLP
ATTORNEYS AT LAW

Hon. P. Kevin Castel
November 7, 2019
Page 2

Given the time sensitive nature of this matter, Plaintiffs request an expedited ruling on the pre-motion letter or expedited briefing schedule:

Plaintiffs' Motion: November 12, 2019

Defendants' Opposition: November 13, 2019

Plaintiffs' Reply: November 14, 2019.

This letter has been served via facsimile, pursuant to Paragraph I(A)(ii) of Your Honor's Individual Practices, because it "contains matters that a party asserts should be under seal." All active parties will receive service copies of this letter via e-mail.

Thank you for your consideration of this matter.

Sincerely,

*Jerome J. Schlichter*
Jerome J. Schlichter



# SCHLICHTER BOGARD & DENTON

**Date:** 11/07/2019 12:21:21 PM

**Subject:** Cunningham v. Cornell University, No. 16-6525

**To:** Hon. P. Kevin Castel

**Organization:** Southern District of New York

**Fax Number:** 1-212-805-7949

**Phone Number:**

**From:** Morgan Smith

**Organization:**

**Fax Number:**

**Phone Number:**

**Email:** msmith@uselaws.com

**Pages:** 2

**Comments:**