UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CASEY CUNNINGHAM, CHARLES E.
LANCE, STANLEY T. MARCUS, LYDIA
PETTIS, and JOY VERONNEAU, individually
and as representatives of a class of participants
and beneficiaries on behalf of the Cornell
University Retirement Plan for the Employees of
the Endowed Colleges at Ithaca and the Cornell
University Tax Deferred Annuity Plan,

                Plaintiffs,                16-cv-6525 (PKC)

     -against-                           OPINION
                                            AND ORDER

CORNELL UNIVERSITY, THE RETIREMENT
PLAN OVERSIGHT COMMITTEE, MARY G.
OPPERMAN, and CAPFINANCIAL
PARTNERS, LLC d/b/a/ CAPTRUST
FINANCIAL ADVISORS,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On September 27, 2019, this Court granted in part and denied in part defendants' motion for summary judgment, familiarity with which is assumed. (Opinion & Order of Sept. 27, 2019 (Doc 352).) Among the claims on which the Court granted summary judgment in defendants' favor was plaintiffs' administrative fees and recordkeeping claim. (Id. at 11.) On December 17, 2019, plaintiffs filed a motion for partial reconsideration of the Court's summary judgment decision. (Doc 386.) Plaintiffs allege that defendants belatedly produced calculations by their expert, Glenn Poehler, despite previously denying that such calculations existed, and that these calculations are "new evidence" that merits the Court's reconsideration. For the reasons explained, plaintiffs' motion will be denied.

DISCUSSION

Motions for reconsideration are held to strict standards, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration are not vehicles for the moving party to relitigate an issue the Court already decided. Cordero v. Astrue, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008); see also Shrader, 70 F.3d at 257. A motion for reconsideration may be granted based upon "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992), cert. denied, 506 U.S. 820 (1992) (internal quotation marks and citation omitted).

Where a motion for reconsideration is based on "new evidence," it must be "'evidence that was truly newly discovered or could not have been found by due diligence.'" NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 396 (S.D.N.Y. 2016) (quoting Space Hunters, Inc. v. U.S., 500 F. App'x 76, 81 (2d Cir. 2012)). "In sum, a party moving for reconsideration based on newly discovered evidence must, at a minimum, demonstrate that: (1) the proffered evidence was unavailable in spite of the exercise of due diligence in procuring evidentiary support; and (2) manifest injustice will result if the court opts not to reconsider its earlier decision." Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V., No. 88 CIV. 9127 (DNE), 1992 WL 296314, at *3 (S.D.N.Y. Oct. 6, 1992). Plaintiffs' motion does not satisfy either requirement.

Plaintiffs move for reconsideration pursuant to Rule 54(b), Fed. R. Civ. P., and Local Civil Rule 6.3. Although Local Rule 6.3 limits the time to file a motion for reconsideration to "fourteen (14) days after the entry of the Court's determination of the original motion," courts do not consider such motions untimely where newly-discovered evidence is the purported basis for reconsideration. Sys. Mgmt. Arts Inc. v. Avesta Techs., Inc., 160 F. Supp. 2d 580, 583 (S.D.N.Y. 2001).

Plaintiffs' experts Ty Minnich and Al Otto stated in their reports that the California Institute of Technology ("Caltech") was an appropriate comparator whose recordkeeping fees were much lower than those of Cornell because of certain strategies that Caltech employed but Cornell did not. (Pls.' Mem. of Law (Doc 387) at 13; Otto Rep. (Doc 355-6) ¶ 85; Minnich Rep. (Doc 355-8) ¶¶ 137-42.) Glenn Poehler, Cornell's expert, contested these assertions in his report, and stated that he calculated Caltech's 2010 per-participant fees to have been approximately $250. (Poehler Rep. (Doc 296-7) ¶ 110.) Plaintiffs now contend that Poehler calculated recordkeeping fees for Caltech for other years, despite testifying that he did not, and that these calculations show Caltech's fees at approximately $40 per participant per year. (Doc 387 at 1-2.) Plaintiffs further state that they only received Poehler's calculations allegedly reflecting the lower Caltech fees on December 5, 2019, after repeated requests. (Id. at 7-8.) Plaintiffs argue that these calculations of Caltech's fees merit reconsideration of the Court's summary judgment decision because Caltech was similarly situated to Cornell but achieved lower fees. Therefore, according to plaintiffs, this factual development re-raises the issue of loss to the Cornell retirement and annuity plans (the "Plans") at issue here.

Poehler's calculations of Caltech's fees are not "new evidence" meriting reconsideration of the Court's decision granting summary judgment in defendants' favor on the

administrative fees and recordkeeping claim.  Plaintiffs assert that Poehler's calculations show that Caltech paid approximately $40 per participant per year, a figure that plaintiffs contend is much lower than what Cornell in fact paid.  (Doc 387 at 13.)  But plaintiffs previously submitted their own experts' calculations of assertedly comparable plans' fees, including Caltech's fees lower than $40 per participant per year.  (Pls.' 56.1 Statement (Doc 287) ¶ 62 (citing expert reports of Ty Minnich and Al Otto); Pls.' Mem. in Opp'n to Mot. to Exclude Otto & Minnich (Doc 298) at 13-14; Doc 355-8 ¶¶ 137-42, 157-58; Doc 355-6 ¶¶ 80, 85.)  For purposes of summary judgment, the Court accepted plaintiffs' version of the facts as true.  Poehler's purported calculations of Caltech's average of $40 per participant fees are cumulative and do not materially alter the mix of information previously before the Court.[1]

In excluding the testimony of plaintiffs' experts, the Court noted that neither Otto nor Minnich explained why or how they selected the universities to which they compared Cornell.  (Doc 352 at 20-21.)  The Court's basis for rejecting Caltech as a comparator had nothing to do with whether its recordkeeping fees were lower.  Plaintiffs' evidence, including the so-called "new evidence," fails to demonstrate that Caltech is a relevant comparator, or how this evidence could "lead a reasonable juror to conclude that Cornell could have achieved lower fees based solely on these numbers."  (Doc 352 at 14.)  Plaintiffs' motion for reconsideration therefore suffers from the same shortcomings that the Court identified in its September 27 Opinion and Order.  In sum, this "new evidence" does not raise a question of loss to the Plans.

---

[1] Indeed, plaintiffs concede that "[t]he fact that the Caltech calculation was done by Poehler . . . rather than Otto or Minnich is irrelevant."  (Doc 387 at 13-14.)

CONCLUSION

For these reasons, plaintiffs' motion for reconsideration is DENIED. The Clerk is directed to terminate the motion (Doc 386).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 11, 2020