UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CASEY CUNNINGHAM, *et al.*,

                *Plaintiffs*,

v.

CORNELL UNIVERSITY, *et al.*,

                *Defendants*.

No. 16-cv-6525-PKC

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

This litigation arises out of a class action alleging breaches of fiduciary duties and prohibited transactions against the Defendants Cornell University, the Retirement Plan Oversight Committee, and Mary G. Opperman under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq*., with respect to its management, operation, and administration of the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan (the "Plans"). The parties have negotiated a settlement of the portion of Count V of the Corrected Amended Complaint (Doc. 81) related to the failure to adopt a lower cost share class of the TIAA-CREF Lifecycle Funds upon which summary judgment was denied in an order dated September 27, 2019 (Doc. 352).

The terms of the Settlement are set out in a Class Action Settlement Agreement dated September 18, 2020, executed by the parties and their counsel.

The Court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows:

    1.    **Class Certification**: The Court confirms that the Class certified for settlement

purposes only under Fed. R. Civ. P. 23(b)(1) is appropriate, and the Court certifies the following non-opt-out sub-class: "The set of persons who participated in the Plans and invested in the TIAA-CREF Lifecycle funds between August 17, 2010 and April 17, 2012, including any Beneficiary of a deceased person who participated in one or more of the Plans at any time during the Class Period and invested in the TIAA-CREF Lifecycle funds between August 17, 2010 and April 17, 2012, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in one or more of the Plans at any time during the Class Period and invested in the TIAA-CREF Lifecycle funds between August 17, 2010 and April 17, 2012. Excluded from the Settlement Class are any individuals that served as members of the Retirement Plan Oversight Committee from August 17, 2010 to April 17, 2012."

2. **Class Representative**: The Court confirms the appointment of Plaintiff Casey Cunningham as the Representative for the settlement sub-class.

3. **Class Counsel**: The Court confirms the appointment of Schlichter Bogard & Denton as Counsel for the settlement sub-class. Under Fed. R. Civ. P. 23(g), the Court has considered:

    (a) the work Settlement Class Counsel has done in identifying or investigating potential claims in this Action;

    (b) Settlement Class Counsel's experience in handling class actions and other complex litigation;

    (c) Settlement Class Counsel's knowledge of the applicable law; and (d) the resources Settlement Class Counsel has committed to representing Plaintiffs and the settlement sub-class. Based on these factors, the Court finds that settlement sub-class Counsel has and will continue to fairly and adequately represent the interests of the

settlement sub-class with respect to the Settlement.

4. **Findings Regarding Notice of Settlement**: The Court finds as follows:

a. In accordance with the Court's Preliminary Approval Order, and as reflected in the information from the Settlement Administrator, Settlement Notices were timely distributed by electronic mail to all Class Members who had a current email address known to the Plans' recordkeepers, TIAA and Fidelity, or last known mailing addresses.

b. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), a separate notice of the Settlement ("CAFA Notice") was provided by the Cornell Defendants via the Settlement Administrator to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

c. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted reasonable notice under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, consistent with the Federal Rules of Civil Procedure and the requirements of due process under the United States Constitution.

d. All requirements of CAFA have been met, and the Cornell Defendants have fulfilled their obligations under CAFA.

5. **Approval of Settlement:** Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement Agreement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action, based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

      a.      The Settlement Agreement resulted from arm's-length negotiations by experienced and competent counsel;

      b.      The Settlement Agreement was negotiated only after the Settling Parties engaged in extensive litigation and discovery, and on the eve of trial, and Class Counsel has received extensive and pertinent information and documents from the Cornell Defendants;

      c.      The Settling Parties were well positioned to evaluate the value of the Class Action;

      d.      If the Settlement Agreement had not been achieved, both Plaintiffs and the Cornell Defendants faced the expense, risk, and uncertainty of extended litigation;

      e.      The amount of the Settlement — $225,000 — is fair, reasonable and adequate;

      f.      The Plan of Allocation is fair, reasonable and adequate;

      g.      At all times, the Class Representative has acted independently;

      h.      The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

      i.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement, including to the proposed Plan of Allocation, any requested Attorneys' Fees and Costs, or the Class Representative's Compensation, to the Court;

      j.      There were no objections to the Settlement; and

6.    **Final Approval Granted:** The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable and adequate to the Plans and the Class, and the Settling Parties are hereby directed to take the

necessary steps to effectuate the terms of the Settlement Agreement.

7. **Dismissal of the Action:** The operative Complaint and the remaining claim asserted therein after the Court's rulings on the motions to dismiss and motions for summary judgment, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or on behalf of the Plans, is hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement and in this Final Approval Order.

8. **Final Injunction:** The Court rules as follows:

a. Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be: (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from the Released Claim; and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging the Released Claim, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claim, whether or not such Class Members received notice of the Settlement, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

b. The Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plans shall be: (i)

conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from the Released Claim; and (ii) barred and enjoined from suing any of the Released Parties in any action or proceeding alleging the Released Claim, even if the Plans or any Class Member may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claim.

9. **Release of Claims:** The Class Members and the Plans hereby settle, release, relinquish, waive and discharge the Released Claim, including but not limited to any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plans with respect to the Released Claim also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

10. **Release of Claims Related to the Settlement:** Each Class Member shall release the Released Parties, The Cornell Defendants' Counsel, and Class Counsel from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

11. **Class Counsel Attorneys' Fees and Costs and Class Representative Compensation:** The Court awards Class Counsel Attorneys' Fees and Costs in the amount of $88,017.25, to be paid from the Gross Settlement Amount. The Court awards the Class Representative $1,000 as Class Representative Compensation, to be paid from the Gross Settlement Amount.

12. **Jurisdiction:** The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Cornell Defendants, the Plans and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, shall be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

13. **Settlement Administrator Authority/Plan of Allocation:** The Court rules as follows: The Settlement Administrator shall have final authority to determine the amount of the Net Settlement Amount and to transmit such amount to the Plans' recordkeepers to be used to offset the Plan's recordkeeping fees, pursuant to the Plan of Allocation discussed in Article 6 of the Settlement Agreement, which the Court finds to be fair and reasonable.

14. **Final and Binding**: Upon the Effective Date of this Final Approval Order, all Settling Parties, Class Members and the Plans shall be bound by the Settlement Agreement and by this Final Approval Order.

15. **No Admission of Liability or Wrongdoing**: Under no circumstances shall this Order, the Settlement Agreement and its exhibits, or any of their terms and provisions, the

negotiations and proceedings connected therewith, or any of the documents or statements referred to therein, be construed, deemed or used as an admission, concession or declaration by or against the Cornell Defendants or Released Parties of any fault, wrongdoing, breach or liability.

16.     **Null and Void if Final Approval Order Does Not Become Effective**: If this Final Approval Order does not become Effective, this Order and Judgment shall be null and void and shall be vacated nunc pro tunc and Article 10 of the Settlement Agreement shall govern the rights of the Settling Parties thereto.

**SO ORDERED:**

DATED: _____, 202\_

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE