IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> CORNELL UNIVERSITY et al., <br><br> *Defendants*. | Civil Action No. 1:16-cv-6525-PKC <br><br> Hon. P. Kevin Castel |

### DECLARATION IN SUPPORT OF CORNELL DEFENDANTS' TAXATION OF COSTS AGAINST PLAINTIFFS

I, Nancy G. Ross, hereby declare and state as follows in support of the Bill of Costs filed by defendants Cornell University, the Retirement Plan Oversight Committee, and Mary J. Opperman ("Cornell Defendants"):

1. I am a partner at the law firm of Mayer Brown LLP, counsel for the Cornell Defendants in this action. I have personal knowledge of the facts stated herein.

2. Plaintiffs initiated this action on August 17, 2016 against the Cornell Defendants and defendant CAPTRUST Financial Advisors. Dkt. 1. Plaintiffs filed a First Amended Complaint on December 8, 2016. Dkt. 38.

3. The Cornell Defendants filed a motion to dismiss Plaintiffs' Amended Complaint on February 17, 2017. Dkt. No. 71. The Court granted the Cornell Defendants' motion to dismiss with respect to Counts I, II, IV, and VI; the Court denied the Cornell Defendants' motion to dismiss with respect to Counts III, V, and VII. Dkt. 107.

4. On January 25, 2019, the Cornell Defendants filed a motion for summary judgment, memorandum in support, a Rule 56.1 statement, and supporting exhibits. Dkt. Nos. 231-

233. The Cornell Defendants also filed a declaration in support of their motion and supporting exhibits. Dkt. Nos. 238-241, 246-250, 252.

5. On January 25, 2019, the Cornell Defendants also filed motions to exclude Plaintiffs' experts, Ty Minnich and Al Otto, Dkt. 228, and Plaintiffs' experts Wendy Dominguez and Gerald Buetow, Dkt. 225. The Cornell Defendants filed declarations in support of each motion and accompanying exhibits. *See* Dkts. 226, 229.

6. On February 25, 2019, Plaintiffs filed their response to the Cornell Defendants' motion for summary judgment and motions to exclude Plaintiffs' experts Dominguez, Buetow, Minnich, and Otto. *See* Dkts. 286, 298, 300.

7. On March 25, 2019, the Cornell Defendants filed their reply in support of their motion for summary judgment and their supporting declaration and exhibits. Dkts. 312-315. On April 8, 2019, the Cornell Defendants filed their reply in support of their motion to exclude Otto and Minnich, Dkt. 327, and their reply in support of their motion to exclude Dominguez and Buetow, Dkt. 328.

8. On September 27, 2019, the Court entered an opinion and order on the Cornell Defendants' motion for summary judgment and motions to exclude Plaintiffs' experts. Dkt. 352, Op. & Order.

9. The Court granted the Cornell Defendants' motion for summary judgment on Count III in its entirety because Plaintiffs failed to present any evidence that any breach of fiduciary duty by the Cornell Defendants resulted in any losses. Dkt. 352, Op. & Order 11. The Court's finding that Plaintiffs failed to present any evidence of Plan losses was based, in part, on its holding that the opinions of Plaintiffs' recordkeeping experts, Otto and Minnich, were inadmissible. *See* Dkt. 352, Op. & Order 14, 15-22.

760811270.2

10. The Court granted in part and denied in part Defendants' motion for summary judgment on Count V. With respect to the majority of the investment options Plaintiffs challenged in Count V, the Court held that the Plaintiffs failed to present sufficient evidence to create a genuine dispute of material fact with respect to their contention that the Cornell Defendants breached their fiduciary duty of prudence by continuing to retain these funds. The Court held that Plaintiffs presented a genuine dispute of fact only with respect to their claim that the Cornell Defendants breached their fiduciary duties by failing to offer lower-cost "institutional" versions of TIAA's Lifecycle Funds. Dkt. 352, Op. & Order 36-38.

11. Following the Court's ruling on the Cornell Defendants' motion for summary judgment and motions to exclude Plaintiffs' experts, the Cornell Defendants and Plaintiffs reached a settlement agreement with respect to the narrow claim that the Court allowed to proceed—*i.e.*, their claim that the Cornell Defendants failed to offer lower-cost institutional TIAA Lifecycle Funds. Dkt. 441. The settlement agreement preserved Plaintiffs' right to appeal the Court's dismissal of Plaintiffs' other claims.

12. On January 12, 2021, Plaintiffs filed a notice of appeal to the United States Court of Appeals for the Second Circuit from, *inter alia*, the district court's ruling on the Cornell Defendants' motion for summary judgment and motions to exclude Plaintiffs' experts. Dkt. 443.

13. On November 14, 2023, the Second Circuit Court of Appeals affirmed the Court's decision granting the Cornell Defendants' motion for summary judgment and motion to exclude Plaintiffs' experts Otto and Minnich. 2d Cir. Case No. 21-88, Dkt. 283.

14. On November 28, 2023, Plaintiffs filed a Petition for Rehearing or Rehearing *En Banc* before the Second Circuit Court of Appeals. 2d Cir. Case No. 21-88, Dkt. 293. That Petition was denied on December 20, 2023. 2d Cir. Case No. 21-99, Dkt. 302.

15. On January, 2024, the Second Circuit Court of Appeals issued its mandate transferring jurisdiction back to this Court. 2d Cir. Case No. 21-88, Dkt. No. 452.

16. As the prevailing party, U.S. Bank is entitled to costs pursuant to Local Rule 54.1 of the Local Rules of the U.S. District Courts for the Southern and Eastern Districts of New York, Rule 54(d)(1) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and 28 U.S.C. § 1923.

17. Under Local Rule 54.1(c)(2), "[c]osts for depositions are [] taxable if they were *used by the Court* in ruling on a motion for summary judgment or other dispositive substantive motion." L.R. 54.1(c)(2) (emphasis added). Courts in the Southern District of New York have consistently held that deposition transcripts submitted in support of a motion for summary judgment or other dispositive motion are necessarily "used" by the Court. *Phoenix Light SF DAC v. U.S. Bank National Assoc.*, 2023 WL 5498928, at *4 (S.D.N.Y. Aug. 25, 2023) (collecting cases).

18. Each of the depositions identified below were submitted by the Cornell Defendants in support of their motion for summary judgment or their motion to exclude Plaintiffs' experts. Accordingly, these deposition transcripts were used by the Court under Local Rule 54.1(c)(2).

19. The taxable transcript costs detailed below include fees for preparation of the transcript and exhibits. *Endo Pharmaceuticals Inc. v. Amneal Pharmaceuticals, LLC*, 331 F.R.D. 575, 582 (S.D.N.Y. 2019). The costs taxed below do not include incidental costs, such as delivery fees or administrative fees. The costs also do not include fees for optional services requested for the convenience of counsel, such as "Real Time" transcription services, expedited delivery

costs, or fees for rough drafts of transcripts. The Cornell Defendants also do not seek to tax costs for any videographer services that were provided.

20. The costs detailed below and in the Cornell Defendants' Bill of Costs are correct and were necessarily incurred in this action, and the services for which fees have been charged were actually and necessarily performed.

21. The Cornell Defendants seek to tax the following deposition costs totaling **$16,032.97** under 28 U.S.C. § 1920(2):

(a) On July 13, 2018, the Cornell Defendants incurred transcript fees totaling $1,028.40 in connection with the deposition of Paul Bursic. These fees included $1023.00 for preparation of the transcript and $5.40 for preparation of exhibits. Ex. A, Invoices, at 1. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of the motion for summary judgment. *See* Dkt. 248, 315.

(b) On July 20, 2018, the Cornell Defendants incurred transcript fees totaling $1,623.90 in connection with the deposition of Patrick T. Warner. These fees included $1491.60 for preparation of the transcript and $132.30 for preparation of exhibits. Ex. A, Invoices, at 2. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment. *See* Dkt. 247.

(c) On August 2, 2018, the Cornell Defendants incurred transcript fees totaling $1,231.80 in connection with the deposition of Mary Opperman. These fees included $1072.50 for preparation of the transcript and $159.30 for preparation of exhibits. Ex. A, Invoices, at 3. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment. *See* Dkt. 250.

(d) On August 8, 2018, the Cornell Defendants incurred transcript fees totaling $1,027.80 in connection with the deposition of Paul Weber. These fees included $970.20 for preparation of the transcript and $57.60 for preparation of exhibits. Ex. A, Invoices, at 7. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment. *See* Dkt. 315.

(e) On August 9, 2018, the Cornell Defendants incurred transcript fees totaling $1,029.50 in connection with the deposition of James Strodel. These fees included $917.45 for preparation of the transcript and $112.05 for preparation of exhibits. Ex. A, Invoices, at 15. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment. *See* Dkts. 238, 247.

(f) On August 10, 2018, the Cornell Defendants incurred transcript fees totaling $1,274.02 in connection with the deposition of Adam Polacek. These fees included $1,092.30 for preparation of the transcript and $181.75 for preparation of exhibits. Ex. A, Invoices, at 5. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment, Dkt. 246, and in connection with its motion to exclude Plaintiffs' experts Ty Minnich and Al Otto, Dkt. 229.

(g) On August 10, 2018, the Cornell Defendants incurred transcript fees totaling $960.40 in connection with the deposition of Barron Vaughn Schmitt. These fees included $713.90 for preparation of the transcript and $246.50 for preparation of exhibits. Ex. A, Invoices, at 4. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment, Dkt. 238.

(h) On October 10, 2018, the Cornell Defendants incurred transcript fees totaling $975.00 in connection with the deposition of Al Otto. These fees included $975.00 for

preparation of the transcript. Ex. A, Invoices, at 9. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom in connection with their motion to exclude Plaintiffs' experts Ty Minnich and Al Otto, Dkts. 229, 327, and as evidence in support of their motion for summary judgment, Dkt. 248.

(i) On October 11, 2018, the Cornell Defendants incurred transcript costs totaling $748.80 in connection with the deposition of Conrad Ciccotello. These fees included $652.50 for preparation of the transcript and $96.30 for preparation of exhibits. Ex. A, Invoices, at 16. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment. *See* Dkt. 315.

(j) On October 18, 2018, the Cornell Defendants incurred transcript fees totaling $1,195.55 in connection with the deposition of Gerald Buetow. These fees included $600.00 for preparation of the transcript and $511.55 for preparation of exhibits. Ex. A, Invoices, at 10. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom in connection with their motion to exclude Plaintiffs' experts Gerald Buetow and Wendy Dominguez. Dkt 226.

(k) On October 16, 2018, the Cornell Defendants incurred transcript fees totaling $1,710.55 in connection with the deposition of Wendy Dominguez. These fees included $1,143.75 for preparation of the transcript and $566.80 for preparation of exhibits. Ex. A, Invoices, at 17. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom in connection with their motion to exclude Plaintiffs' experts Wendy Dominguez and Gerald Buetow, Dkts. 226, and as evidence in support of their motion for summary judgment, Dkts. 249, 331.

(l) On October 17, 2018, the Cornell Defendants incurred transcript fees totaling $2,076.75 in connection with the deposition of Ty Minnich. These fees included $1,368.75 for preparation of the transcript and $843.05 for preparation of exhibits. Ex. A, Invoices, at 8, 11. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom in connection with their motion to exclude Plaintiffs' experts Ty Minnich and Al Otto, *see* Dkt. 229, and as evidence in support of their motion for summary judgment, *see* Dkts. 252, 315.

(m) On October 18, 2018, the Cornell Defendants incurred transcript fees totaling $1,150.50 in connection with the deposition of Glenn Poehler. These fees included $1,150.50. Ex. A, Invoices, at 13. The Cornell Defendants obtained this transcript for use in this case and submitted excerpts therefrom as evidence in support of their motion for summary judgment, Dkts. 246, 315, and in connection with their motions to exclude Plaintiffs' experts, Dkts. 226, 229, 327.

22. In addition to the above costs, the Cornell Defendants seek $20 in docket fees pursuant to 28 U.S.C. § 1923(a).

I, Nancy G. Ross, hereby declare and state pursuant to 28 U.S.C. § 1746 that the above costs and statements are true and correct to the best of my knowledge and belief.

Dated: January 19, 2024   Respectfully submitted,

*/s/ Nancy G. Ross*

| | |
|---|---|
| Jean-Marie L. Atamian | Nancy G. Ross |
| MAYER BROWN LLP | Samuel P. Myler |
| 1221 Avenue of the Americas | MAYER BROWN LLP |
| New York, New York 10020-1001 | 71 South Wacker Drive |
| Telephone: (212) 506-2500 | Chicago, Illinois 60606-4637 |
| | Telephone: (312) 782-0600 |

*Attorneys for Cornell Defendants*

760811270.2

## CERTIFICATE OF SERVICE

I hereby certify that, on January 19, 2024, a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

By: /s/ *Nancy G. Ross*
Nancy G. Ross