IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CUNNINGHAM, et al., *Plaintiffs*, v. CORNELL UNIVERSITY, et al., *Defendants*. | No. 1:16-CV-06525-PKC |

**PLAINTIFFS' OBJECTIONS TO BILLS OF COSTS [DOCS. 453, 454]**

## CONTENTS

Authorities..................................................................................................................ii

    I.    Taxation of costs would be improper because Plaintiffs acted in good faith in asserting their rights under ERISA....................................................1

        A.  Defendants are not entitled to an award under ERISA's cost-shifting provision, which displaces Rule 54(d)(1). ....................................1

        B.  Even under Rule 54(d)(1), costs should be denied here based on equitable factors. ...............................................................................4

    II.   An award of costs to the Cornell Defendants is barred by the partial settlement and Final Approval Order. ...........................................................8

    III.  CAPTRUST's conclusory submission fails to show that any items were necessarily obtained for use in the case. ................................................8

Conclusion ...............................................................................................................11

# AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................9

*Bekiaris v. United States*,
  No. 96-302, 1998 U.S. Dist. LEXIS 16574 (S.D.N.Y. Oct. 19, 1998) .......................5

*Brieger v. Tellabs, Inc.*,
  652 F. Supp. 2d 925 (N.D. Ill. 2009) .........................................................................2

*Chambless v. Masters, Mates & Pilots Pension Plan*,
  815 F.2d 869 (2d Cir. 1987) ......................................................................................4

*Charles v. Cromwell*,
  No. 16-1797, 2018 U.S. Dist. LEXIS 48488 (E.D.N.Y. Mar. 23, 2018) ....................5

*Cooper v. Ruane Cunniff & Goldfarb Inc.*,
  990 F.3d 173 (2d Cir. 2021) ......................................................................................7

*Cunningham v. Cornell Univ.*,
  86 F.4th 961 (2d Cir. 2023) .......................................................................................2

*Empire State Carpenters Welfare, Annuity & Apprentice Training Funds v.*
  *Conway Constr. of Ithaca*,
  366 F. Supp. 3d 371 (E.D.N.Y. 2019) .......................................................................3

*Figueroa v. City of N.Y.*,
  No. 00-7559, 2005 U.S. Dist. LEXIS 6490 (S.D.N.Y. Apr. 13, 2005) ......................5

*Hardt v. Reliance Standard Life Ins. Co.*,
  560 U.S. 242 (2010) ..................................................................................................2

*Harley v. 3M*,
  No. 96-488, 2003 U.S. Dist. LEXIS 17717 (D. Minn. Sep. 23, 2003) ......................2

*In re Ciprofloxin Hydrochloride Antitrust Litig.*,
  No. 00-MDL-1383, 2012 U.S. Dist. LEXIS 11600 (E.D.N.Y. Jan. 30, 2012) ..........7

*Jacquety v. Baptista*,
  549 F. Supp. 3d 293 (S.D.N.Y. 2021) .......................................................................9

*Lessard v. Applied Risk Mgmt., Inc.*,
  No. 99-3371, 2001 U.S. Dist. LEXIS 24784 (N.D. Cal. May 22, 2001) ...................2

*Lewis v. Keane*,
  No. 98-3867, 1998 U.S. Dist. LEXIS 7652 (S.D.N.Y. May 26, 1998) .....................5

*Mass. Mut. Life Ins. Co. v. Russell*,
  473 U.S. 134 (1985) ..................................................................................................7

*Motorola Credit Corp. v. Uzan*,
  561 F.3d 123 (2d Cir. 2009) ......................................................................................6

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
    324 U.S. 806 (1945) ..................................................................................................6

*Remington Products, Inc. v. North American Philips, Corp.*,
    763 F. Supp. 683 (D. Conn. 1991) ............................................................................7

*Rivera v. City of Chicago*,
    469 F.3d 631 (7th Cir. 2006) ....................................................................................7

*Salovaara v. Eckert*,
    222 F.3d 19 (2d Cir. 2000) ...................................................................................3, 6

*Toussaint v. JJ Weiser, Inc.*,
    648 F.3d 108 (2d Cir. 2011) ..............................................................................2, 3, 4

*United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*,
    95 F.3d 153 (2d Cir. 1996) .......................................................................................9

*White & White, Inc. v. American Hosp. Supply Corp.*,
    786 F.2d 728 (6th Cir. 1986) ....................................................................................7

*Whitfield v. Scully*,
    241 F.3d 264 (2d Cir. 2001) .................................................................................6, 9

**Statutes**

28 U.S.C. § 1920 .............................................................................................1, 9, 10

29 U.S.C. § 1001(b) .................................................................................................4

29 U.S.C. § 1109(a) .................................................................................................7

29 U.S.C. § 1132(a)(2) .............................................................................................7

29 U.S.C. § 1132(g)(1) .........................................................................................1, 2

**Rules**

Fed. R. Civ. P. 54(d)(1) ....................................................................................1, 2, 9

L.Civ.R. 54.1 ...............................................................................................1, 8, 10

**Other**

"Cornell University Line Cook Hourly Pay" (updated Oct. 29, 2023),
    https://www.glassdoor.com/Hourly-Pay/Cornell-University-Line-Cook-Hourly-Pay-E3732_D_KO19,28.htm ...................................................................5

James Dean, *University endowment reports 'solid' return in FY 2023*,
    CORNELL CHRONICLE (Oct. 27, 2023),
    https://news.cornell.edu/stories/2023/10/university-endowment-reports-solid-return-fy-2023 ...........................................................................................6

On January 19, 2024, the two sets of defendants in this case separately filed bills of costs requesting that the Clerk tax costs against Plaintiffs. Doc. 453 (Bill of Costs filed by CapFinancial Partners, LLC, "CAPTRUST"); Doc. 454 (Notice of Taxation and Bill of Costs filed by Cornell University, the Retirement Plans Oversight Committee, and Mary G. Opperman, collectively "Cornell"). Plaintiffs assert the following objections. *See* L.Civ.R. 54.1(b).

I. **Taxation of costs would be improper because Plaintiffs acted in good faith in asserting their rights under ERISA.**

Although Defendants rely on Federal Rule of Civil Procedure 54(d), the propriety of any cost award in this case is governed by the cost-shifting statute specific to ERISA actions, 29 U.S.C. § 1132(g)(1). Courts applying § 1132(g)(1) generally decline to financially penalize ERISA plaintiffs, absent a showing that they acted in bad faith. Because Plaintiffs here undisputedly acted in good faith in exercising their rights under ERISA, a cost award would be improper.

A. **Defendants are not entitled to an award under ERISA's cost-shifting provision, which displaces Rule 54(d)(1).**

Defendants rely solely on this district's Local Civil Rule 54.1, which implements Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920. Doc. 453 at 2; Doc. 455 at 4 (¶ 16); *see* Committee Note to L.Civ.R. 54.1 (local rule specifies "what costs are and are not taxable" under "28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d)(1)"). Rule 54(d)(1) states that costs "should be allowed to the prevailing party," but contains an important caveat: "[u]nless a federal statute . . . provides otherwise." Fed. R. Civ. P. 54(d)(1).

Plaintiffs, who are participants in two retirement plans sponsored by Cornell University, brought this action under the Employee Retirement Income Security

1

Act of 1974 (ERISA). *Cunningham v. Cornell Univ.*, 86 F.4th 961, 968 (2d Cir. 2023). ERISA specifically addresses the subject of costs: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion *may* allow a reasonable attorney's fee *and costs of action* to either party." 29 U.S.C. § 1132(g)(1) (emphasis added). The Supreme Court has squarely held that § 1132(g)(1) does not incorporate a "prevailing party" standard. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010) ("The words 'prevailing party' do not appear in [§ 1132(g)(1)]."). Because Rule 54(d) expressly uses a "prevailing party" standard—and § 1132(g)(1) plainly does not, *Hardt*, 560 U.S. at 252— § 1132(g)(1) is "a federal statute" that "provides otherwise" and displaces Rule 54(d). Fed. R. Civ. P. 54(d)(1); *Brieger v. Tellabs, Inc.*, 652 F. Supp. 2d 925, 926 (N.D. Ill. 2009) ("[T]he plain language of [Rule 54(d)(1)] indicates that the specific statutory provision for a cost award in ERISA displaces the general rule allowing costs as a matter of course.") (quoting *Harley v. 3M*, No. 96-488, 2003 U.S. Dist. LEXIS 17717, at *3–4 (D. Minn. Sep. 23, 2003)); *see also Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 109 (2d Cir. 2011) (affirming denial of "fees *and costs* pursuant to 29 U.S.C. § 1132(g)(1)") (emphasis added). Accordingly, Defendants' requests to tax costs against Plaintiffs must be evaluated under the standards that courts have developed in evaluating § 1132(g)(1) motions.

While Rule 54(d) presumes that costs "should" be awarded to a prevailing party, § 1132(g)(1) contains no such presumption. *Lessard v. Applied Risk Mgmt., Inc.,* No. 99-3371, 2001 U.S. Dist. LEXIS 24784, *19 (N.D. Cal. May 22, 2001) (holding that

2

§ 1132(g)(1) "trumps Rule 54(d)'a presumption in favor of an award of costs for the prevailing party"). Indeed, applying such a presumption would undermine Congressional intent. ERISA is remedial legislation that "was primarily intended to protect the interests of plan beneficiaries and participants." *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000). Thus, although courts will often shift expenses to a losing *defendant* who acted culpably by violating its fiduciary obligations to plan participants, courts "very frequently" reach the opposite conclusion as to a losing ERISA plaintiff, who "may be only in error or unable to prove his case." *Id.* This "favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith—the purpose of ERISA being to promote the interests of plan beneficiaries and allow them to enforce their statutory rights." *Id.*; *see Toussaint*, 648 F.3d at 111 (holding that *Hardt* "did not disturb" *Salovaara*).

Although *Salovaara* and *Toussaint* primarily discussed attorney's fees, the same reasoning applies to costs. *See Empire State Carpenters Welfare, Annuity & Apprentice Training Funds v. Conway Constr. of Ithaca*, 366 F. Supp. 3d 371, 376–77 (E.D.N.Y. 2019) (applying *Salovaara* and *Toussaint* to find that "an award of attorneys' fees *and costs* to Defendant is not warranted" because "Plaintiffs brought this action in good faith") (emphasis added). A substantial costs award in this case would undoubtedly have a "chilling effect" on other victims of fiduciary malfeasance, deterring would-be plaintiffs from asserting meritorious claims for fear of potential liability for tens of thousands of dollars in defense costs. Such a result would undermine Congress' stated objective of ensuring "ready access to the Federal

3

courts" to enforce ERISA's fiduciary standards. 29 U.S.C. § 1001(b).

In assessing § 1132(g)(1) motions against ERISA plaintiffs, the most important factor is "whether plaintiffs brought the complaint in good faith." *Toussaint*, 648 F.3d at 111. The Second Circuit in *Toussaint* affirmed the denial of a "fees and costs" motion on the ground that the defendants failed to present "sufficient evidence of culpability or bad faith on Plaintiffs' part in commencing the litigation." *Id*. at 109–111. The court upheld the denial even though the defendants had "prevailed on all counts" and the Second Circuit had affirmed summary judgment on the merits. *Id*. at 109–10.

Here, Plaintiffs undisputedly pursued their claims in good faith. *See, e.g.*, Doc. 433 ¶¶ 10–29 (Declaration of Joel D. Rohlf, describing Plaintiffs' litigation efforts). Defendants have not suggested otherwise or presented any evidence of culpability or bad faith on Plaintiffs' part in commencing the litigation. Nor have Defendants presented any evidence or argument concerning any of the other § 1132(g)(1) factors. *See Toussaint*, 648 F.3d at 109–10 (outlining five factors under *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987)). Indeed, by relying exclusively on Rule 54(d) and related provisions, Defendants have forfeited any claim to a costs award under § 1132(g)(1). Doc. 453 at 2; Doc. 454 at 1 (seeking "an order pursuant to Federal Rule of Civil Procedure 54, Local Rule 54.1, and 28 U.S.C. §§ 1920 and 1923").

## B. Even under Rule 54(d)(1), costs should be denied here based on equitable factors.

Even if the standards of § 1132(g)(1) do not supplant Rule 54(d)(1), Defendants'

4

requests to tax costs against Plaintiffs should still be denied. Courts have exercised their discretion to deny costs under Rule 54(d)(1) when "such an award would be inequitable." *Figueroa v. City of N.Y.*, No. 00-7559, 2005 U.S. Dist. LEXIS 6490, at *1 (S.D.N.Y. Apr. 13, 2005) (Scheindlin, J.) (quoting *Bekiaris v. United States*, No. 96-302, 1998 U.S. Dist. LEXIS 16574, at *3 (S.D.N.Y. Oct. 19, 1998)). Among the relevant factors are the plaintiff's financial resources and "good faith in bringing the action." *Id.* at *1–2 (denying award of costs against losing plaintiff); *Bekiaris*, 1998 U.S. Dist. LEXIS 16574, at *3–4 (concluding "that it would be inequitable to tax costs" against losing plaintiffs with limited income where there was "no indication that the action was brought in bad faith"); *Lewis v. Keane*, No. 98-3867, 1998 U.S. Dist. LEXIS 7652, at *6 (S.D.N.Y. May 26, 1998) (relying on "equitable factors" to reverse award of costs); *Charles v. Cromwell*, No. 16-1797, 2018 U.S. Dist. LEXIS 48488, at *1–2 (E.D.N.Y. Mar. 23, 2018) (setting aside Clerk's award of costs on the basis that it would be "inequitable" to award costs against plaintiff who brought action in good faith and had limited financial resources).

Here, an award of costs would be inequitable. As discussed, Plaintiffs undisputedly brought this action in good faith. *See supra*, p. 4. And while Plaintiffs have limited means,[1] Cornell University has an endowment of over $10 billion,[2] and

---

[1] *See* Answer of Cornell Defendants, ¶¶ 19–23 (Doc. 111) (two of the five named Plaintiffs are retired, one is disabled, one was employed in a "temporary" position, and the fifth works for the university as a "Cook"); *see also* "Cornell University Line Cook Hourly Pay" (updated Oct. 29, 2023) (median wage of $19/hour), https://www.glassdoor.com/Hourly-Pay/Cornell-University-Line-Cook-Hourly-Pay-E3732_D_KO19,28.htm.

[2] James Dean, *University endowment reports 'solid' return in FY 2023*, CORNELL CHRONICLE (Oct. 27, 2023), https://news.cornell.edu/stories/2023/10/university-endowment-reports-solid-return-fy-2023.

5

CAPTRUST is an established company "[w]ith branches across the country and more than 1,500 employees."[3] Thus, equity favors requiring Defendants to bear their own costs.

Assessing costs would also be inequitable because a jury may well have found that Cornell Defendants breached their fiduciary duty at trial. The Court found Plaintiffs' evidence sufficient to prove a breach by Cornell, but granted summary judgment based on an evidentiary ruling excluding evidence of the Plans' losses from excessive recordkeeping fees. Doc. 352 at 11–14. It would plainly be inequitable to allow a fiduciary who may have engaged in culpable conduct in violation of its statutory duties to shift costs to a beneficiary who merely was "unable to prove his case." *Salovaara*, 222 F.3d at 28. "[H]e who comes into equity must come with clean hands." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). And the fact that a central claim turned on an evidentiary ruling that may have allowed a breaching fiduciary to evade liability for its imprudent acts shows that the case involved difficult, complex, and closely contested issues, which further weighs against a cost award. *See, e.g., Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (court may deny costs based on, *inter alia*, "misconduct by the prevailing party, . . . the difficulty of the issues, or the losing party's limited financial resources") (citations omitted); *In re Ciprofloxin Hydrochloride Antitrust Litig.*, No. 00-MDL-1383, 2012 U.S. Dist. LEXIS 11600, at

---

[3] https://www.captrust.com/.

*21–22 (E.D.N.Y. Jan. 30, 2012) (finding the "close, complex and protracted" nature of the litigation established "valid reasons to deny defendants costs.") (citing *Remington Products, Inc. v. North American Philips, Corp.*, 763 F. Supp. 683, 687 (D. Conn. 1991)); *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) ("the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case"); *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986) (affirming denial of costs in "close and difficult" case).

Moreover, given the representative nature of this action, it would be inequitable to assess costs against Plaintiffs individually. Plaintiffs brought this action under 29 U.S.C. §§ 1109(a) and 1132(a)(2) "in a representative capacity on behalf of the plan as a whole." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985); *see* Doc. 81 ¶¶ 1, 5. Consistent with the representative, plan-wide nature of such claims, *see Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173, 184 (2d Cir. 2021), the Court certified a class of "all participants" in the Plans—over 28,000 individuals—and appointed the five named Plaintiffs as representatives. Doc. 219 at 9, 15, 19. Because Plaintiffs brought this action for the benefit of 28,000 class members and seek relief for the *Plans* as a whole, rather than for themselves individually, it would be inequitable to require the five named Plaintiffs to bear the full amount of Defendants' costs without any contribution from the absent parties. Accordingly, if Defendants' bills of costs are not rejected outright, as they should be, the named Plaintiffs should be charged only for their pro rata share of the total.

Based on Defendants' combined request for a total of $32,192, the pro rata share of each of the 28,000 class members is no more than $1.15 per person, which is the maximum amount that could equitably be assessed against each of the Plaintiffs.

## II. An award of costs to the Cornell Defendants is barred by the partial settlement and Final Approval Order.

After the Court's summary judgment decision, the Cornell Defendants and Plaintiffs reached a class-wide settlement of the remaining claim. Doc. 418. The "Settling Parties"—defined to include "the Cornell Defendants," Doc. 421-1 at 7—agreed that the settlement would be "*without costs to any of the Settling Parties* other than as provided for in this Settlement Agreement." Doc. 421-1 at 9–10 (Art. 4.1.3) (emphasis added). The Court's Final Approval Order and Judgment explicitly incorporated this portion of the agreement:

> The operative Complaint and the remaining claim asserted therein after the Court's rulings on the motions to dismiss and motions for summary judgment, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or on behalf of the Plans, is hereby dismissed with prejudice *and without costs to any of the Settling Parties*, except as otherwise provided for in the Settlement Agreement and in this Final Approval Order.

Doc. 441 at 5 (emphasis added).

Nothing in the Settlement Agreement or Final Approval Order "provided for" a later attempt by the Cornell Defendants to seek costs based on other claims. Thus, Cornell Defendants' attempt to tax costs against Plaintiffs should be rejected for violating the Settlement Agreement and Final Approval Order.

## III. CAPTRUST's conclusory submission fails to show that any items were necessarily obtained for use in the case.

Discretion to tax costs under Local Civil Rule 54.1 and Federal Rule of Civil

8

Procedure 54(d)(1) is limited by 28 U.S.C. § 1920. *Whitfield*, 241 F.3d at 271. The statute allows taxation of costs for deposition transcripts and exhibits only if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4).

CAPTRUST requests a total of $16,138.80, including $12,672.45 for deposition transcripts and an additional $3,466.35 for copies of exhibits. Doc. 453 at 1. But CAPTRUST fails to show that any of these items were "necessarily obtained for use in the case," as required by § 1920. CAPTRUST relies solely on a boilerplate form declaration that the costs "were necessarily incurred in this action." Doc. 453 at 1. But it fails to cite a single *fact* to support that bald assertion.

CAPTRUST's submission is inadequate as a matter of law. Its conclusory declaration is nothing more than a "formulaic recitation" of the § 1920 legal standard, precisely the type of allegation that courts refuse to credit in the context of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If such unadorned legal conclusions devoid of factual enhancement are inadequate to even unlock the doors of discovery, they are necessarily inadequate to justify entering an actual money judgment against an opponent. Because CAPTRUST provides no factual support for its naked assertion that the costs were necessarily incurred, its bill of costs should be summarily rejected. *See, e.g.*, *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (copying costs properly limited where party failed to explain why copies were necessary); *Jacquety v. Baptista*, 549 F. Supp. 3d 293, 297 (S.D.N.Y. 2021) (court may decline taxation where movant fails to show "which copying costs were

necessary and not merely for the convenience of counsel or the court").

Indeed, the record confirms that these items were *not* "necessarily obtained for use in the case." CAPTRUST did not cite or rely upon any of the deposition transcripts or exhibits for which it seeks reimbursement in briefing on a dispositive motion. *See* Doc. 222 (Mem. in Support of CAPTRUST's Mot. Summ. J.); Doc. 223 (CAPTRUST's L.Civ.R. 56.1 Statement); Doc. 311 (CAPTRUST's Reply in Support of Mot. Summ. J.). Accordingly, the deposition transcripts and exhibits were neither "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), nor even "used by the Court in ruling on a motion for summary judgment," L.Civ.R. 54.1(c)(2).

To the extent CAPTRUST relied on these items, it did so by merely piggybacking off the Cornell Defendants' summary judgment briefing. Before Cornell Defendants even filed their summary judgment motion (Doc. 231), CAPTRUST had already filed a separate brief "join[ing] in [Cornell's] arguments," along with a few "additional, independent" arguments specific to CAPTRUST. Doc. 222 at 5. CAPTRUST similarly joined the Cornell Defendants' motion to exclude Plaintiffs' experts Wendy Dominguez and Gerald Buetow. Doc. 253 at 1.

Because CAPTRUST and Cornell plainly coordinated a joint defense—as shown by the fact that CAPTRUST had already "joined" Cornell's brief before it was filed—it would be improper to charge Plaintiffs for multiple copies of the same transcripts and exhibits. Only one copy of a deposition was needed to present the joint defense arguments which were briefed by the Cornell Defendants; additional copies were wholly unnecessary. While a second copy of a given deposition might arguably be

10

taxable to the extent each defendant used it to support a unique argument specific to itself, CAPTRUST's brief "outlin[ing] additional, independent" CAPTRUST-specific arguments did not even cite any deposition testimony. Doc. 222 at 5. Moreover, allowing CAPTRUST to tax the costs of the same items that were covered by Plaintiffs' settlement of cost issues with the Cornell Defendants would frustrate the purpose of the settlement. *See supra*, p. 8.

In short, CAPTRUST's request to tax $16,138.80 in costs should be denied across the board.

## CONCLUSION

For the above reasons, Defendants' requests for taxation of costs should be denied (Docs. 453, 454). Finally, Plaintiffs reiterate that they are considering a petition for Supreme Court review, which is due by March 19, 2024. *See* Doc. 457; L. Civ. R. 54.1(a) ("Costs will not be taxed during the pendency of any appeal.").

February 2, 2024                                Respectfully submitted,

/s/ Jerome J. Schlichter
SCHLICHTER, BOGARD LLP
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter*
Joel D. Rohlf*
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Phone: (314) 621-6115.
Fax: (314) 621-5934
aschlichter@uselaws.com
jschlichter@uselaws.com
jrohlf@uselaws.com

*Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs*

11