## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

CASEY CUNNINGHAM, et al.,

                Plaintiffs,

v.

CORNELL UNIVERSITY, et al.,

                Defendants.

No. 1:16-CV-6525-PKC

## DEFENDANT CAPFINANCIAL PARTNERS, LLC'S
## RESPONSE TO PLAINTIFFS' OBJECTIONS TO BILL OF COSTS

Plaintiffs have objected to the bill of costs submitted by Defendant CapFinancial Partners, LLC ("CAPTRUST") on a variety of grounds. As explained below, these objections ignore controlling Supreme Court precedent and misconstrue the standards governing a request for costs under Rule 54(d). The requested costs should be awarded in full.

### I.    Plaintiffs' argument that Rule 54(d) is displaced by ERISA's fee-shifting provision is foreclosed by Supreme Court precedent.

Plaintiffs first contend that Rule 54(d), which creates a presumption in favor of awarding costs to prevailing parties, has been displaced by ERISA's fee-shifting statute, 29 U.S.C. § 1132(g), which Plaintiffs say sets a higher standard. This theory is premised on Plaintiffs' interpretation of Rule 54(d)'s provision that costs "should" be awarded to the prevailing party "unless a federal statute . . . provides otherwise."

Plaintiffs' objection ignores controlling precedent on the phrase "provides otherwise." In *Marx v. General Revenue Corp.*, 568 U.S. 371 (2013), the Supreme Court addressed the interplay between Rule 54(d) and the cost-shifting provision of the Fair Debt Collection Practices Act, which authorizes the award of costs and fees to a prevailing defendant if the

plaintiff sued "in bad faith and for the purpose of harassment." *Id.* at 375 (quoting 15 U.S.C. § 1692k(a)(3)). The district court awarded costs under Rule 54(d), and the Supreme Court affirmed. A statute displaces Rule 54(d), the Court explained, only if "it is contrary to the rule." *Id.* at 377. "For instance, a statute providing that 'plaintiffs shall not be liable for costs' is contrary to Rule 54(d)(1) because it precludes a court from awarding costs to prevailing defendants." *Id.* But a statute that says "'the court may award costs to the prevailing party'" does not displace the rule "because it does not limit a court's discretion." *Id.* at 378.

Applying these principles in the ERISA context, the Seventh Circuit rejected precisely the argument Plaintiffs advance here. Under *Marx*, "a statute 'provides otherwise' for purposes of Rule 54(d) only if it is literally contrary to the rule, in the sense that it constricts discretion that the rule recognizes." *Leimkuehler v. American United Life Ins. Co.*, 713 F.3d 905, 915 (7th Cir. 2013). "Applying that approach to Section 1132(g) [ERISA's fee-shifting provision], we see nothing contrary to Rule 54(d) in the statute." *Id.* In so holding, the court abrogated the primary on-point precedent cited in Plaintiffs' objection—a district court opinion within the Seventh Circuit, *Brieger v. Tellabs, Inc.*, 652 F. Supp. 2d 925 (N.D. Ill. 2009). The overwhelming weight of authority is to the same effect. *See Williams v. Metropolitan Life Ins. Co.*, 609 F.3d 622, 636 (4th Cir. 2010) ("ERISA expressly permits a district court to award costs in the court's discretion, but the statute does not alter the general rule in favor of awarding costs to prevailing parties"); *Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888 (9th Cir. 2010), *abrogated in part on other grounds*, *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014); *Alexander v. Winthrop, Stimson, Putnam & Robert Long Term Disability Coverage*, 497 F. Supp. 2d 429, 445 (E.D.N.Y. 2007); 2 ERISA Practice & Litigation § 11.81.

2

Under Rule 54(d), "the fact that plaintiff's claim was reasonably grounded or in good faith, by itself, is not a sufficient reason to deny costs." Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2668 (4th ed.). But even under Plaintiffs' proposed ERISA-based standard, which they describe as focusing on "'whether plaintiffs brought the complaint in good faith,'" Doc. 459 at 4, CAPTRUST is entitled to costs. Plaintiffs had no good faith basis to sue CAPTRUST, an investment advisor that this Court had little trouble dismissing after reviewing the evidence. The Court's summary judgment opinion describes CAPTRUST as providing sound and careful advice, *see generally* Doc. 352, and the Second Circuit affirmed that ruling: "We also conclude that no reasonable jury could find that CAPTRUST was imprudent in its conduct. *Plaintiffs' allegations of delayed and deficient performance do not find support in the record.*" *Cunningham v. Cornell Univ.*, 86 F.4th 961, 985 (2d Cir. 2023) (emphasis added). At best, Plaintiffs' decision to sue CAPTRUST was a fishing expedition, and their lawyers' decision not to cut bait and dismiss the claims against that entity once discovery disproved their theory was anything but good faith.

## II.     CAPTRUST is entitled to its costs under Rule 54(d).

Plaintiffs claim it would be inequitable to award CAPTRUST even the modest costs it has requested—just over $16,000 in deposition transcript and duplicating costs, all supported by invoices CAPTRUST paid. Their arguments on this point are baseless.

To begin, Plaintiffs ignore that "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Marx*, 568 U.S. at 377. True, the Court has discretion not to award costs, but Plaintiffs offer no good reason to depart from the usual rule. They again proclaim their good faith in bringing this case, but as the Second Circuit observed, their allegations against CAPTRUST "do not find support in the record." *Cunningham*, 86 F.4th at

985. However Plaintiffs' claims against CAPTRUST might be described, "good faith" is not the first phrase that comes to mind, and in any event it is not the governing standard.

Plaintiffs also claim to have "limited means," Doc. 459 at 5, but they provide no evidence of that. More importantly, while costs must be assessed against parties, not their lawyers, *see Wilder v. GL Bus Lines*, 258 F.3d 126 (2d Cir. 2001), Plaintiffs' counsel "may agree to bear the risk of a costs award." *White v. Sundstrand Corp.*, 256 F.3d 580, 586 (7th Cir. 2001). If Plaintiffs' counsel did not agree to do so in this case, their clients "may view this as churlish," but that would be "a poor reason to drop the costs back in defendants' laps." *Id.*

Plaintiffs next contend that any award should not exceed $1.15 per Plaintiff, on the theory that they sued on behalf of 28,000 class members, and so any award should be divided 28,000 ways. They cite no authority for this remarkable theory, and *White* rejected it. *Id.* Plaintiffs also ignore the fact that they chose to file this lawsuit, and by doing so assumed the individual risks and rewards that might come with it. It is hard to imagine, for example, that Plaintiffs would have forgone a request for individual incentive awards had they been more successful and settled the case. Even in the settlement Cornell entered on the claim this Court did not dismiss at summary judgment, the class representative sought $1,000 of the $225,000 settlement. *See* Doc. 421-1 at 4 ¶ 2.13.

Finally, Plaintiffs contend that it is not clear that the deposition transcripts and exhibits CAPTRUST paid for were "necessarily obtained for use in the case," as required by 28 U.S.C. § 1920. *See* Doc. 459 at 8-9. This objection too is baseless. The depositions for which CAPTRUST seeks reimbursement were limited to those cited in the summary judgment briefing, *see* Doc. 455 ¶¶ 18, 21, and the fact that some of those depositions were submitted by Cornell rather than CAPTRUST makes no difference. CAPTRUST joined Cornell's arguments, and it

was not obliged to forgo its own copies of the transcripts and accompanying exhibits in doing so.

Plaintiffs complain about having to pay for two copies of the transcripts—one for Cornell, one

for CAPTRUST—but they could have avoided that outcome by not suing CAPTRUST in the

first place.

Respectfully submitted,

/s/ Eric S. Mattson
Eric S. Mattson (admitted *pro hac vice*)
Joseph R. Dosch (admitted *pro hac vice*)
Sidley Austin LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
emattson@sidley.com
jdosch@sidley.com

Andrew W. Stern
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
astern@sidley.com

*Attorneys for Defendant CapFinancial
Partners, LLC, d/b/a CAPTRUST Financial
Advisors*

4884-3681-7315v.1

## <u>CERTIFICATE OF SERVICE</u>

      I certify that on February 8, 2024, a copy of the foregoing Defendant CapFinancial Partners, LLC's Response to Plaintiffs' Objections to Bill of Costs was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

                                      */s/ Eric S. Mattson*