**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

CASEY CUNNINGHAM, et al.,

    *Plaintiffs,*

v.

CORNELL UNIVERSITY, et al.,

    *Defendants.*

No. 1:16-CV-06525-PKC

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS**

## CONTENTS

Authorities ...........................................................................................................ii

I.   Costs should be denied because Plaintiffs acted in good faith in
     asserting their rights under ERISA. ..............................................................1

II.  Costs should be denied under Rule 54(d)(1) based on equitable
     factors.........................................................................................................7

III. CAPTRUST has not shown that any of its deposition transcripts were
     necessarily obtained for use in the case.......................................................10

IV.  An award of costs to the Cornell Defendants is barred by the partial
     settlement and Final Approval Order...........................................................14

Conclusion...........................................................................................................14

# AUTHORITIES

## Cases

*Anita Founds., Inc. v. ILGWU Nat'l Retirement Fund,*
    902 F.2d 185 (2d Cir. 1990) ...................................................................................6

*Balance Point Divorce Funding, LLC v. Scranton,*
    305 F.R.D. 67 (S.D.N.Y. 2015) ....................................................................... 1, 11

*Bekiaris v. United States,*
    No. 96-302, 1998 U.S. Dist. LEXIS 16574 (S.D.N.Y. Oct. 19, 1998) ................. 7, 8

*Chambless v. Masters, Mates & Pilots Pension Plan,*
    815 F.2d 869 (2d Cir. 1987) ...................................................................................3

*Charles v. Cromwell,*
    No. 16-1797, 2018 U.S. Dist. LEXIS 48488 (E.D.N.Y. Mar. 23, 2018) ...................8

*Cline v. Industrial Maintenance Eng'g & Contracting Co.,*
    200 F.3d 1223 (9th Cir. 2000) ...............................................................................3

*Cunningham v. Cornell Univ.,*
    86 F.4th 961 (2d Cir. 2023) ...................................................................................5

*Empire State Carpenters Welfare, Annuity & Apprentice Training Funds v.*
    *Conway Constr. of Ithaca,*
    366 F. Supp. 3d 371 (E.D.N.Y. 2019) ....................................................................7

*Farmer v. Arabian Am. Oil Co.,*
    379 U.S. 227 (1964) .............................................................................................1

*Figueroa v. City of N.Y.,*
    No. 00-7559, 2005 U.S. Dist. LEXIS 6490 (S.D.N.Y. Apr. 13, 2005) .....................7

*Hardt v. Reliance Standard Life Ins. Co.,*
    560 U.S. 242 (2010) .............................................................................................2

*Hecker v. Deere & Co.,*
    556 F.3d 575 (7th Cir. 2009) .................................................................................3

*In re Ciprofloxin Hydrochloride Antitrust Litig.,*
    No. 00-MDL-1383, 2012 U.S. Dist. LEXIS 11600 (E.D.N.Y. Jan. 30, 2012) ........10

*Jacquety v. Baptista,*
    549 F. Supp. 3d 293 (S.D.N.Y. 2021) ...................................................................11

*Karmel v. City of New York,*
    No. 00-9063 (KMK), 2008 U.S. Dist. LEXIS 3804 (S.D.N.Y. Jan. 9, 2008)) ...........1

*Leimkuehler v. Am. United Life Ins. Co.,*
    713 F.3d 905 (7th Cir. 2013) .................................................................................2

*Lewis v. Keane,*
    No. 98-3867, 1998 U.S. Dist. LEXIS 7652 (S.D.N.Y. May 26, 1998) .....................8

*Loomis v. Exelon Corp.*,
  658 F.3d 667 (7th Cir. 2011) ................................................................. 3

*Marquardt v. North Am. Car Corp.*,
  652 F.2d 715 (7th Cir. 1981) ................................................................. 3

*Motorola Credit Corp. v. Uzan*,
  561 F.3d 123 (2d Cir. 2009) ................................................................. 9

*Operating Eng'rs Pension Trust v. Gilliam*,
  737 F.2d 1501 (9th Cir. 1984) ............................................................. 6

*PBGC v. Morgan Stanley Inv. Mgmt.*,
  712 F.3d 705 (2d Cir. 2013)................................................................. 4

*Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*,
  324 U.S. 806 (1945) ............................................................................. 9

*Remington Products, Inc. v. North American Philips, Corp.*,
  763 F. Supp. 683 (D. Conn. 1991) ..................................................... 10

*Renfro v. Unisys Corp.*,
  671 F.3d 314 (3d Cir. 2012)................................................................. 3

*Rivera v. City of Chicago*,
  469 F.3d 631 (7th Cir. 2006) ............................................................. 10

*Ruckelshaus v. Sierra Club*,
  463 U.S. 680 (1983) ............................................................................. 2

*Salovaara v. Eckert*,
  222 F.3d 19 (2d Cir. 2000)........................................................... 3, 5, 6

*Seitzman v. Sun Life Assurance Co. of Can.*,
  311 F.3d 477 (2d Cir. 2002)................................................................. 6

*Taylor v. United Techs. Corp.*,
  No. 06-1494, 2010 U.S. Dist. LEXIS 69547 (D. Conn. July 13, 2010) ................... 6

*Tibble v. Edison Int'l*,
  575 U.S. 523 (2015) ............................................................................. 4

*Tibble v. Edison Int'l*,
  729 F.3d 1110 (9th Cir. 2013) ............................................................. 4

*Toussaint v. JJ Weiser, Inc.*,
  648 F.3d 108 (2d Cir. 2011)............................................................ 3, 6

*Tussey v. ABB, Inc.*,
  746 F.3d 327 (8th Cir. 2014) ............................................................. 4

*United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian
  Constr. Corp.*,
  95 F.3d 153 (2d Cir. 1996)................................................................. 11

*White & White, Inc. v. American Hosp. Supply Corp.,*
   786 F.2d 728 (6th Cir. 1986) ................................................................. 10

*White v. Sundstrand Corp.,*
   256 F.3d 580 (7th Cir. 2001) ................................................................... 9

*Whitfield v. Scully,*
   241 F.3d 264 (2d Cir. 2001) .............................................................. 1, 10

*Wilder v. GL Bus Lines,*
   258 F.3d 126 (2d Cir. 2001) ................................................................... 9

*Zervos v. Verizon N.Y., Inc.,*
   252 F.3d 163 (2d Cir. 2001) ................................................................... 1

**Statutes**

29 U.S.C. § 1001(b) ................................................................................. 7

29 U.S.C. § 1132(g)(1) ............................................................................ 2


**Rules**

Fed. R. Civ. P. 54(d)(1)........................................................................... 1

On February 20, 2024, the Clerk of Court, over Plaintiffs' objections (Doc. 459), taxed $13,191.45 in costs against Plaintiffs and in favor of the Cornell Defendants,[1] Doc. 462,[2] and taxed an additional $12,672.45 against Plaintiffs and in favor of CapFinancial Partners, LLC ("CAPTRUST"), Doc. 463.[3] Plaintiffs now move that the Court review the Clerk's action and deny costs. *See* Fed. R. Civ. P. 54(d)(1).

Review is de novo: "A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)); *Balance Point Divorce Funding, LLC v. Scranton*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015) (citing *Karmel v. City of New York*, No. 00-9063 (KMK), 2008 U.S. Dist. LEXIS 3804, at *2 (S.D.N.Y. Jan. 9, 2008)). Thus, the clerk's action receives no deference. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) ("*De novo* review is review without deference.").

The Court should exercise its discretion to deny costs for the following reasons.

## I.   Costs should be denied because Plaintiffs acted in good faith in asserting their rights under ERISA.

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees— should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiffs

---

[1] Plaintiffs refer to Cornell University, the Retirement Plans Oversight Committee, and Mary G. Opperman collectively as the "Cornell Defendants" or "Cornell."

[2] Cornell Defendants requested $16,052.97. Doc. 462. Although the award does not specify what costs were excluded, the amount awarded appears to include the approximate amount requested for deposition transcripts while excluding deposition exhibit copies.

[3] CAPTRUST sought $16,138.80. Doc. 463. The award appears to include the costs of deposition transcripts while disallowing $3,466.35 for deposition exhibit copies. *Id.*

brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), which contains its own cost-shifting provision: "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee *and costs of action* to either party." 29 U.S.C. § 1132(g)(1) (emphasis added). Section 1132(g)(1) does not incorporate a "prevailing party" standard. *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 252 (2010). Rather, the statute allows a court to "award fees and costs 'to either party,'" as long as that party "has achieved 'some degree of success on the merits.'" *Id.* at 245 (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)).

Even if § 1132(g)(1) does not displace Rule 54(d) in ERISA cases, *see, e.g.*, *Leimkuehler v. Am. United Life Ins. Co.*, 713 F.3d 905, 915 (7th Cir. 2013), the standards applicable to § 1132(g)(1) applications should nevertheless guide the Court's exercise of discretion under Rule 54(d). *See id.* (affirming lower court's exercise of discretion in denying costs in ERISA case on the ground that plaintiff was unable to satisfy an award).

Under § 1132(g)(1), courts generally decline to financially penalize unsuccessful ERISA plaintiffs, absent a showing that they brought their claims in bad faith. Courts considering such motions generally consider the following factors:

> (1) [T]he degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir.

1987).

These factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Salovaara v. Eckert*, 222 F.3d 19, 28 (2d Cir. 2000). For instance, while a losing defendant will have acted culpably by violating its fiduciary obligations to plan participants, a losing plaintiff "will not necessarily be found 'culpable,' but may be only in error or unable to prove his case." *Id.* (quoting *Marquardt v. North Am. Car Corp.*, 652 F.2d 715, 717 (7th Cir. 1981)). "Because ERISA was primarily intended to protect the interests of plan beneficiaries and participants," the "favorable slant toward ERISA plaintiffs is necessary to prevent the chilling of suits brought in good faith." *Id.* (citations omitted). Thus, when assessing a defendant's motion under § 1132(g)(1), the proper focus in "on the first *Chambless* factor: whether plaintiffs brought the complaint in good faith." *Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 111 (2d Cir. 2011).

Here, Plaintiffs brought the complaint in good faith; they had "a reasonable belief that they could prove an actionable ERISA claim." *Salovaara*, 222 F.3d at 30 (quoting *Cline v. Industrial Maintenance Eng'g & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000)). When Plaintiffs brought suit, there was little authority addressing ERISA's duty of prudence as applied to fiduciaries of university 403(b) plans; Rule 12(b)(6) briefing relied heavily on cases involving corporate 401(k) plans. *See* Mem. & Order, Doc. 107 at 15 (addressing corporate 401(k) plan cases such as *Renfro v. Unisys Corp.*, 671 F.3d 314 (3d Cir. 2012), *Loomis v. Exelon Corp.*, 658 F.3d 667 (7th Cir. 2011), *Hecker v. Deere & Co.*, 556 F.3d 575 (7th Cir. 2009),

and *Tibble v. Edison Int'l*, 729 F.3d 1110 (9th Cir. 2013)). The Supreme Court had recently confirmed that fiduciaries of ERISA-governed defined contribution plans "normally have a continuing duty 'of some kind' to 'monitor investments and remove imprudent ones,'" albeit without specifically defining "the precise scope of this continuing duty." Doc. 107 at 18 (quoting *Tibble v. Edison Int'l*, 575 U.S. 523, 530–31 (2015)). And fiduciaries had been held liable at trial for failing to diligently "monitor and control recordkeeping fees" paid through revenue sharing, *Tussey v. ABB, Inc.*, 746 F.3d 327, 336 (8th Cir. 2014), and investing in "retail" class mutual fund shares instead of lower-cost shares available to large "institutional" investors, Doc. 107 at 16–17 (citing *Tibble*, 729 F.3d at 1137–39).

Based on these authorities and the pre-suit information available to Plaintiffs such as Forms 5500 filed with the Department of Labor, see *PBGC v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 720 (2d Cir. 2013), Plaintiffs had a reasonable belief that they could prove actionable ERISA claims. Those publicly available Forms 5500 and other plan-related materials showed that the Cornell plans had approximately 300 investment options, many of which Defendants admittedly did not monitor on an ongoing basis, including dozens of retail-class mutual funds for which institutional shares were available and which paid significant amounts of revenue sharing to the plan's multiple recordkeepers. *See* Doc. 107 at 2–3, 5, 7–8, 12–14. Thus, Plaintiffs reasonably believed that Defendants had engaged in fiduciary breaches similar to those found in *Tibble* and *Tussey* by failing to diligently monitor and eliminate imprudent investments and unreasonable fees.

Indeed, Plaintiffs may well have succeeded in proving a breach of fiduciary duty if the case had proceeded to trial. The Court found Plaintiffs' evidence sufficient to prove a breach by Cornell Defendants regarding recordkeeping fees, but granted summary judgment based on an evidentiary ruling that certain expert witnesses did not use a sufficiently reliable damages methodology. Doc. 352 at 11–14.

In responding to Plaintiffs' objections, CAPTRUST asserted that the Second Circuit's observation that Plaintiffs' "allegations against CAPTRUST 'do not find support in the record'" supports a finding that "Plaintiffs had no good faith basis to sue CAPTRUST." Doc. 460 at 3; *see Cunningham v. Cornell Univ.*, 86 F.4th 961, 985 (2d Cir. 2023). But the Second Circuit acknowledged Plaintiffs' evidence that CAPTRUST's analysis for another university was more robust than its work for Cornell; the court merely disagreed with Plaintiffs' interpretation of the *significance* of the evidence. *Cunningham*, 86 F.4th at 985. A "lack of evidentiary support" or error in interpretation "does not amount to culpability or bad faith." *Salovaara*, 222 F.3d at 29–30 (reversing finding of bad faith where plaintiff's interpretations of case law "proved to be wrong" but were not unreasonable). Although the Second Circuit ultimately rejected Plaintiffs' theory that Cornell's "five-year delay" in streamlining the 300-option investment lineup fell below "then-prevailing" fiduciary standards for reviewing investments, *Cunningham*, 86 F.4th at 983–84, if the theory had proceeded to trial, CAPTRUST's advice to Cornell regarding the investment-review process may have been a significant factor in assessing liability. If CAPTRUST were *not* a party, Cornell likely would have pointed to the "empty chair" to argue that

5

any imprudently retained investments resulted from CAPTRUST's flawed advice. Accordingly, Plaintiffs had reasonable grounds to join CAPTRUST as a party.

As noted in *Salovaara*, cases in which ERISA plaintiffs have been found to have acted in bad faith typically involve intentional misconduct, dishonesty, or frivolous legal positions. *See, e.g.*, *Salovaara*, 222 F.3d at 31–32 (citing cases); *Seitzman v. Sun Life Assurance Co. of Can.*, 311 F.3d 477, 483–85 (2d Cir. 2002) (affirming fee award where plaintiff made numerous "false statements" and "presented testimony that was found to be deliberately false as to the most material points"); *Anita Founds., Inc. v. ILGWU Nat'l Retirement Fund*, 902 F.2d 185, 189–91 (2d Cir. 1990) (upholding fee award were plaintiffs "did not demonstrate a colorable legal position" and brought suit "in direct contravention of settlement agreements that were several years old"); *Operating Eng'rs Pension Trust v. Gilliam*, 737 F.2d 1501, 1505–06 (9th Cir. 1984) (upholding a fee award where plaintiff's suit "was grossly unfair" and legally "without merit"). There is nothing like that here.

In contrast, when the plaintiff merely fails to establish its claims at the summary judgment stage, § 1132(g)(1) motions are routinely denied. *Toussaint*, 648 F.3d at 109–11 (affirming denial of a "fees and costs" motion even though the defendants had "prevailed on all counts" and the Second Circuit had affirmed summary judgment on the merits); *Taylor v. United Techs. Corp.*, No. 06-1494, 2010 U.S. Dist. LEXIS 69547, at *5 (D. Conn. July 13, 2010) (denying § 1132(g)(1) motion after granting summary judgment on "weak" claims of fiduciary breach because plaintiffs did not act culpably in bringing suit).

Although *Salovaara* and *Toussaint* primarily discussed attorney's fees, the same reasoning applies to costs. *See Empire State Carpenters Welfare, Annuity & Apprentice Training Funds v. Conway Constr. of Ithaca*, 366 F. Supp. 3d 371, 376–77 (E.D.N.Y. 2019) (applying *Salovaara* and *Toussaint* to find that "an award of attorneys' fees *and costs* to Defendant is not warranted" because "Plaintiffs brought this action in good faith") (emphasis added). A substantial costs award in this case would undoubtedly have a "chilling effect" on other victims of fiduciary malfeasance, deterring would-be plaintiffs from asserting meritorious claims for fear of potential liability for tens of thousands of dollars in defense costs. Such a result would undermine Congress' stated objective of ensuring "ready access to the Federal courts" to enforce ERISA's fiduciary standards. 29 U.S.C. § 1001(b). Because Plaintiffs did not act culpably or in bad faith in bringing this action, the Court should exercise its discretion to deny the requested costs.

## II. Costs should be denied under Rule 54(d)(1) based on equitable factors.

Even if the Court finds the § 1132(g)(1) factors to be inapplicable to a cost award under Rule 54(d)(1), Defendants' requests to tax costs against Plaintiffs should still be denied. Courts have exercised their discretion to deny costs under Rule 54(d)(1) when "such an award would be inequitable." *Figueroa v. City of N.Y.*, No. 00-7559, 2005 U.S. Dist. LEXIS 6490, at *1 (S.D.N.Y. Apr. 13, 2005) (Scheindlin, J.) (quoting *Bekiaris v. United States*, No. 96-302, 1998 U.S. Dist. LEXIS 16574, at *3 (S.D.N.Y. Oct. 19, 1998)). Among the relevant factors are the plaintiff's financial resources and "good faith in bringing the action." *Id*. at *1–2 (denying award of costs against

losing plaintiff); *Bekiaris*, 1998 U.S. Dist. LEXIS 16574, at *3–4 (concluding "that it would be inequitable to tax costs" against losing plaintiffs with limited income where there was "no indication that the action was brought in bad faith"); *Lewis v. Keane*, No. 98-3867, 1998 U.S. Dist. LEXIS 7652, at *6 (S.D.N.Y. May 26, 1998) (relying on "equitable factors" to reverse award of costs); *Charles v. Cromwell*, No. 16-1797, 2018 U.S. Dist. LEXIS 48488, at *1–2 (E.D.N.Y. Mar. 23, 2018) (setting aside Clerk's award of costs on the basis that it would be "inequitable" to award costs against plaintiff who brought action in good faith and had limited financial resources).

Here, an award of costs would be inequitable. Plaintiffs brought this action in good faith, as discussed. *See supra*, pp. 3–6. Moreover, Defendants have vast financial resources. Cornell University is an elite Ivy League institution with an endowment that now exceeds $*10 billion*.[4] CAPTRUST has "branches across the country and more than 1,500 employees."[5] It would be inequitable to shift Defendants' costs to five individuals of modest means. *See* Answer of Cornell Defendants, ¶¶ 19–23 (Doc. 111) (named plaintiffs include a Cook, two retirees, a temporary employee, and an individual on long-term disability); *see also* "Cornell University Line Cook Hourly Pay," Glassdoor.com (updated Oct. 29, 2023) (total pay range $16–$23/hour, $19/hour median wage).[6]

---

[4] James Dean, *University endowment reports 'solid' return in FY 2023*, CORNELL CHRONICLE (Oct. 27, 2023), https://news.cornell.edu/stories/2023/10/university-endowment-reports-solid-return-fy-2023.

[5] https://www.captrust.com/.

[6] https://www.glassdoor.com/Hourly-Pay/Cornell-University-Line-Cook-Hourly-Pay-E3732_D_KO19,28.htm.

CAPTRUST suggests that any disparity in financial resources is irrelevant because Plaintiffs' counsel could cover any cost award. Doc. 460 at 4 (citing *White v. Sundstrand Corp.*, 256 F.3d 580, 586 (7th Cir. 2001)). Nevertheless, awarding costs based on an *expectation* that the plaintiff's counsel will cover the costs would be tantamount to awarding costs against counsel. That would be inconsistent with the Second Circuit's holding that costs under Rule 54(d)(1) "are to be assessed against the losing party, not counsel for that party." *Wilder v. GL Bus Lines*, 258 F.3d 126, 127 (2d Cir. 2001) (per curiam). Awarding costs based on an expectation that counsel will pay the award may also make it more difficult for ERISA claimants to find counsel willing to handle challenging cases.

Shifting costs to Plaintiffs would be inequitable for the additional reason that Cornell Defendants may have breached their duty of prudence. The Court concluded that "[m]aterial issues of fact remain as to whether the Cornell Defendants' process to monitor recordkeeping fees breached a duty of prudence," granting summary judgment due to a lack of loss evidence. Doc. 352 at 11. It would be inequitable to allow a fiduciary who may have engaged in culpable conduct in violation of its statutory duties to shift costs to a beneficiary who merely was "unable to prove his case." *Salovaara*, 222 F.3d at 28. "[H]e who comes into equity must come with clean hands." *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). And the fact that a central claim turned on an evidentiary ruling that may have allowed a breaching fiduciary to evade liability for its imprudent acts shows that

the case involved difficult, complex, and closely contested issues, which further weighs against a cost award. *See, e.g., Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (court may deny costs based on, *inter alia*, "misconduct by the prevailing party, . . . the difficulty of the issues, or the losing party's limited financial resources") (citations omitted); *In re Ciprofloxin Hydrochloride Antitrust Litig.*, No. 00-MDL-1383, 2012 U.S. Dist. LEXIS 11600, at *21–22 (E.D.N.Y. Jan. 30, 2012) (finding the "close, complex and protracted" nature of the litigation established "valid reasons to deny defendants costs.") (citing *Remington Products, Inc. v. North American Philips, Corp.*, 763 F. Supp. 683, 687 (D. Conn. 1991)); *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) ("the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case"); *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986) (affirming denial of costs in "close and difficult" case).

## III.  CAPTRUST has not shown that any of its deposition transcripts were necessarily obtained for use in the case.

Discretion to tax costs under Local Civil Rule 54.1 and Federal Rule of Civil Procedure 54(d)(1) is limited by 28 U.S.C. § 1920. *Whitfield*, 241 F.3d at 271. The statute allows taxation of costs for deposition transcripts and exhibits only if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4).

CAPTRUST requested a total of $16,138.80, including $12,672.45 for deposition transcripts and an additional $3,466.35 for copies of exhibits. Doc. 453 at 1. The Clerk awarded $12,672.45, the amount requested for deposition transcripts,

evidently denying costs for copies of exhibits. Doc. 463. The $12,672.45 cost award should be set aside because the deposition transcripts were not "necessarily obtained for use in the case," as required by § 1920.

CAPTRUST's Bill of Costs relied solely on a conclusory declaration that the costs were "necessarily incurred," but no supporting facts. Doc. 453 at 1. CAPTRUST's submission should be rejected as inadequate as a matter of law. *See, e.g.*, *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996) (copying costs properly limited where party failed to explain why copies were necessary); *Jacquety v. Baptista*, 549 F. Supp. 3d 293, 297 (S.D.N.Y. 2021) (court may decline taxation where movant fails to show "which copying costs were necessary and not merely for the convenience of counsel or the court"); *Balance Point Divorce Funding,* 305 F.R.D at 77 ("Nevertheless, because none of the deposition transcripts at issue were used on any actual motion or response to a motion… the Court declines to tax deposition costs in favor of" the defendant).

The record confirms that the deposition transcripts were *not* "necessarily obtained for use in the case." CAPTRUST did not cite or rely upon any of the deposition transcripts for which it seeks reimbursement in briefing on a dispositive motion. *See* Doc. 222 (Mem. in Support of CAPTRUST's Mot. Summ. J.); Doc. 223 (CAPTRUST's L.Civ.R. 56.1 Statement); Doc. 311 (CAPTRUST's Reply in Support of Mot. Summ. J.). Accordingly, the deposition transcripts were neither "necessarily obtained for use in the case," 28 U.S.C. § 1920(2), nor even "used by the Court in

ruling on a motion for summary judgment," L.Civ.R. 54.1(c)(2).

To the extent CAPTRUST relied on these items, it did so by merely piggybacking off the Cornell Defendants' summary judgment briefing. Before Cornell Defendants even filed their summary judgment motion (Doc. 231), CAPTRUST had already filed a separate brief "join[ing] in [Cornell's] arguments," along with a few "additional, independent" arguments specific to CAPTRUST. Doc. 222 at 5. CAPTRUST similarly joined the Cornell Defendants' motion to exclude Plaintiffs' experts Wendy Dominguez and Gerald Buetow. Doc. 253 at 1.

In responding to Plaintiffs' objections, CAPTRUST does not dispute that it did not cite to any of the deposition transcripts, but misleadingly states that "some of those depositions were submitted by Cornell rather than CAPTRUST." Doc. 460 at 4–5. To be clear, CAPTRUST did not submit or rely upon any deposition testimony in the dispositive motions it submitted to the Court. *See,* Doc. 222; Doc. 253; Doc. 311.

CAPTRUST asserts that "[t]he depositions for which CAPTRUST seeks reimbursement were limited to those cited in the summary judgment briefing," in an apparent reference to Cornell's submissions. Doc. 460 at 4–5. CAPTRUST misses the point. Because Defendants relied on joint arguments in a single brief prepared by Cornell, only one copy of any given deposition was "*necessarily* obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). CAPTRUST cites no authority suggesting that an opponent may be taxed for multiple copies of the same deposition cited in a single brief. CAPTRUST's assertion that it "was not obliged to

forgo its own copies of the transcripts" also misses the point. Doc. 460 at 4–5. The question is not whether CAPTRUST had to forgo a copy of the transcript—the question is whether CAPTRUST's additional copy, which was not used in any summary judgment briefing, was "necessarily obtained for use in the case" within the meaning of § 1920, and thus taxable against Plaintiffs. The answer is "no." CAPTRUST's second copy was obtained for counsel's convenience and thus not taxable.

Because CAPTRUST and Cornell plainly coordinated a joint defense—as shown by the fact that CAPTRUST had already "joined" Cornell's brief before it was filed—it would be improper to charge Plaintiffs for multiple copies of the same transcripts and exhibits. Only one copy of a deposition was needed to present the joint defense arguments which were briefed by the Cornell Defendants; additional copies were wholly unnecessary. While a second copy of a given deposition might arguably be taxable to the extent each defendant used it to support a unique argument specific to itself, CAPTRUST's brief "outlin[ing] additional, independent" CAPTRUST-specific arguments did not even cite any deposition testimony. Doc. 222 at 5. Moreover, allowing CAPTRUST to tax the costs of the same items that were covered by Plaintiffs' settlement of cost issues with the Cornell Defendants would frustrate the purpose of the settlement. *See infra*, Part IV.

In short, the Court should vacate the Clerk's $12,672.45 cost award to CAPTRUST and deny the requested costs.

## IV.     An award of costs to the Cornell Defendants is barred by the partial settlement and Final Approval Order.

After the Court's summary judgment decision, the Cornell Defendants and Plaintiffs reached a class-wide settlement of the remaining claim. Doc. 418. The "Settling Parties"—defined to include "the Cornell Defendants," Doc. 421-1 at 7—agreed that the settlement would be "*without costs to any of the Settling Parties* other than as provided for in this Settlement Agreement." Doc. 421-1 at 9–10 (Art. 4.1.3) (emphasis added). The Court's Final Approval Order and Judgment explicitly incorporated this portion of the agreement:

> The operative Complaint and the remaining claim asserted therein after the Court's rulings on the motions to dismiss and motions for summary judgment, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or on behalf of the Plans, is hereby dismissed with prejudice *and without costs to any of the Settling Parties*, except as otherwise provided for in the Settlement Agreement and in this Final Approval Order.

Doc. 441 at 5 (emphasis added).

Nothing in the Settlement Agreement or Final Approval Order "provided for" a later attempt by the Cornell Defendants to seek costs based on other claims. Thus, Cornell Defendants' attempt to tax costs against Plaintiffs should be rejected for violating the Settlement Agreement and Final Approval Order.

## CONCLUSION

For the above reasons, the Court should vacate the Clerk of the Court's costs awards in favor of the Cornell Defendants and CAPTRUST and order that costs be denied.

February 27, 2024                    Respectfully submitted,

                                     /s/ Jerome J. Schlichter
                                     SCHLICHTER, BOGARD LLP
                                     Andrew D. Schlichter, Bar No. 4403267
                                     Jerome J. Schlichter*
                                     Joel D. Rohlf*
                                     100 South Fourth Street, Suite 1200
                                     St. Louis, Missouri 63102
                                     Phone: (314) 621-6115.
                                     Fax: (314) 621-5934
                                     aschlichter@uselaws.com
                                     jschlichter@uselaws.com
                                     jrohlf@uselaws.com

                                     *Admitted *Pro Hac Vice*

                                     *Attorneys for Plaintiffs*