# Schlichter
# Bogard

100 South 4th Street, Suite 1200
St. Louis, MO 63102

314.884.7703
1.800.873.5297

Joel Rohlf

jrohlf@uselaws.com

January 29, 2026

*There will be a conference on the discovery dispute in Courtroom 11 D at 11 a.m. on February 12, 2026. SO ORDERED.*

*[signature]*
*USDJ*

*2-9-26*

**VIA CM/ECF**

The Honorable P. Kevin Castel
United States District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Cunningham, et al. v. Cornell University, et al.*, No. 1:16-cv-6525-PKC (S.D.N.Y.)
       Plaintiffs' Letter Motion Regarding Supplemental Document Production of Previously
       Produced Documents Following Remand

Dear Judge Castel:

Pursuant to this Court's Individual Practices governing discovery disputes and the Scheduling Order entered on remand (ECF No. 488), Plaintiffs respectfully submit this letter motion for a premotion discovery conference regarding Defendants' refusal to supplement their discovery production with updated documents narrowly tailored to the remanded prohibited transaction claim and indisputably relevant to the reasonableness of recordkeeping fees. Defendants refuse to supplement their prior document production, last made in March 2018, to reflect the Plans' governing documents, committee oversight, and recordkeeping arrangements since that time.

## BACKGROUND

This is a class action brought on behalf of participants in two defined contribution retirement plans sponsored by defendant Cornell University ("Cornell"): the Cornell University Retirement Plan for the Employees of the Endowed Colleges at Ithaca and the Cornell University Tax Deferred Annuity Plan (together, the "Plans"). ECF No. 81. The Plans retained Fidelity Investments, Inc. ("Fidelity") and Teachers Insurance and Annuity Association of America ("TIAA") to provide recordkeeping services to the Plans. *Id.* at ¶¶ 4, 38–40, 138, 228–230. Plaintiffs' claims are ongoing. *Id.* at p. 129 (¶ 231) ("Total losses to the Plans will be determined after complete discovery in this case and are continuing.").

Plaintiffs allege that Cornell caused the Plans to engage in service transactions with Fidelity and TIAA that constitute prohibited transactions under 29 U.S.C. § 1106, unless Defendants can establish a statutory exemption under 29 U.S.C. § 1108. The Court dismissed this prohibited transaction claim at the pleading stage (ECF No. 107 at 18–21), and discovery proceeded only on a separate fiduciary breach theory for recordkeeping services. ECF No. 352 at 11–22. In 2025, the Supreme Court clarified that Plaintiffs' prohibited transaction claim had been properly pled, and